100

UNITED STATES DISTRICT COURT

For the

EASTERN DISTRICT OF MICHIGAN

Tyrone L. Reyes,

Plaintiff

Case No._____

v Hon._____

*Jury Trial Demanded*

Sirena Landfair, RN;

Brian Stricklin, RN;

Mandy Hollister, RN;

John Salazar, RN;

Alinda Florek, RN;

Charles Jamsen, MD;

Amy Coffelt, Food Dir.;

(unknown) Graves, FSS;

(unknown) Hirth, FSS;

(unknown) White, ADW;

(unknown) Crowley, PC;

(unknown) Keiser, Ofc;

(unknown) Fridd, Ofc;

(unknown) Cobb, GC;

(unknown) Mosley, Ofc;

(unknown) Poupard, Ofc;

(unknown) Holzschu, Sgt;

Defendants.

(unknown) Sutherland, H/O

(unknown) St. Charles, Sgt;

Case: 2:24-cv-11243
Judge: Borman, Paul D.
MJ: Ivy, Curtis
Filed: 05-10-2024 At 12:03 PM
CMP REYES v LANDFAIR, et al

*CIVIL COMPLAINT*

A. FILING OF PREVIOUS LAWSUIT:

The plaintiff, has filed two previous lawsuits, see civil actions: 1:17 cv-00755 & 1:20-cv-00195.

B. INTRODUCTION:

This is a civil rights action, filed by the plaintiff Tyrone L. Reyes, a Michigan state prisoner. Plaintiff, hereby seek to recover monetary damages, in accordance with 42 U.S.C. sec. 1983. He alleges here that his. First, Fourth, Eighth, Fourteenth, and ADA Rights, in violation of MCLS 750.174, Ethnic Intimidation; PD.03.03.130, inhumane Treatment and Living Conditions; PD.02.03.107, Code of Ethnics and Conduct-Employee; PD.02 03.100, Employee Discipline; PD.03.02.130, Grievance Policy; PD.03.04.100, Health Service; state & federal I laws. Plaintiff, alleges that he was retaliated against for exercising his first amendment rights, delayed medical

treatment, deliberate indifference to serious medical needs and being in severe pain. Plaintiff, further alleges that each defendants were acting under color of state law when the above incidents occurred. Accordingly, he asks that the Court to grant him relief requested.

C. JURISDICTION:

This Court has the authority to address the matter alleged in this complaint under the provisions of 28 U.S.C. sec.1331 and sec. 1343(a)(3), and to enter declaratory relief in accord with 28 U.S.C. 2201 and 2202.

D. VENUE:

The U.S. District Court for the Eastern District of Michigan, is the proper venue, in which this action should be commenced in accord with 28 U.S.C. sec. 1391(b)(2), since the events alleged within this complaint occurred at G.Roberts Cotton Correctional Facility, in Jackson, Michigan, which is situation in the Eastern District of Michigan.

E. PLAINTIFF:

The plaintiff, in this case is, Tyrone L. Reyes, and at all times mentioned in this action, he was prisoner of the State of Michigan, in the custody of Michigan Department of Corrections (MDOC). He is currently detained at Thumb Correctional Facility, situated in Lapeer, Michigan.

F. DEFENDANTS:

1) Defendant Sirena Landfair, RN, at all times indicated in this complaint was a Register Nurse and the Health Unit Manager (HUM) at G.Roberts Cotton Correctional Facility and was acting under the color of state law.

2) Defendant Alinda Florek, RN, at all times indicated in this complain was a Register Nurse at G.Roberts Cotton Correctional Facility and was acting under the color of state law.

3) Defendant Charles Jamsen, MD, at all times indicated in this complaint was a doctor contracted with Wellpath at G.Roberts Cotton Correctional Facility and was acting under the color of state law.

4) Defendant John Salazar, RN, at all times indicated in this complaint was a Register Nurse at G.Roberts Cotton Correctional Facility and was acting under the color of state.

5) Mandy Hollister, RN, at all times indicated in this complaint was a Register Nurse at G.Roberts Cotton Correctional Facility and was acting under the color of state law.

6) Defendant Brian Stricklin, RN, at all times indicated in this complaint was a Register Nurse at G.Roberts Cotton Correctional Facility and was acting under color of state law.

7) Defendant unknown Fridd, Ofc., at all times indicated in this complaint was a correction officer at G.Roberts Cotton Correctional Facility and was acting under the color of state law.

8) Defendant unknown Poupard, Ofc., at all times indicated in this complaint was a correction officer at G.Roberts Cotton Correctional Facility and was acting under the color of state law.

9) Defendant unknown Cobb, G.C., at all times indicated in this complaint was a Grievance Coordinator at G.Roberts Cotton Correctional Facility and was acting under the color of state law.

10) Defendant unknown Mosley, Ofc., at all times indicated in this complaint was a correction officer at G.Roberts Cotton Correctional Facility and was acting under the color of state.

11) Defendant Crowley, PC, at all times indicated in this complaint was a Prison Counselor at G.Robert Cotton Correctional Facility and was acting under the color of law.

12) Defendant unknown Graves, FSS, at all times indicated in this complaint was a Food Service Supervisor at G.Robert Cotton Correctional Facility and was acting under the color of state law.

13) Defendant Amy Coffelt, FD, at all times indicated in this complaint was a Food Director at G.Robert Cotton Correctional Facility and was acting under the color of state law.

14) Defendant unknown Hirth, FSS, at all times indicated in this complaint was a Food Service Supervisor at G.Robert Cotton Correctional Facility and was acting under the color of state law.

15) Defendant unknown White, ADW, at all times indicated in this complaint was a Assistant Deputy Warden at G. Roberts Cotton Correctional Facility and was acting under the color of state law.

16) Defendant Keiser, Ofc., at all times indicated in this complaint was a Correction Officer at G. Robert Cotton Correctional Facility and was acting under the color of state law.

17) Defendant Holzschu, Sgt., at all times indicated in this complaint was a Sergeant at G. Robert Cotton Correctional Facility and was actingunder the color of state law.

G. Capacity Defendants Are Being Sued: Plaintiff, is suing each defendants in their individual capacities. Plaintiff, is also suing all of the defendants in their official capacities

18) Defendant ALJ Sutherland, Hearing Officer, at all times indicated in this complaint was a LARA officer in Lansing, Michigan and was acting under the color of state law.

19) Defendant St. Charles, Sgt. at all times indicated in this complaint was a Sergeant at G.Robert Cotton Correctional Facility and was acting under the color of state law.

*STATEMENT OF CLAIMS*

This is a Civil Rights Action, filed by Plaintiff Tyrone L. Reyes, a state prisoner, who seeks damages and declaratory relief under 42 U S C. sec. 1983, alleging his First, Fourth, Eighth, Fourteen Amendment Rights, were violated when the defendants covertly retaliated against plaintiff between a one year period from March of 2020 to early 2023, collectively or non-binding, for plaintiff speaking out against Covid-19 violations, with complaints filed to Gov. Whitmer, MDCO Dir. Heidi Washington, Warden Nagy, articles on social media, and attorney Daniel Mansville, under Erin Bartel Jpay account;                                                                                  .

1) On 8/13/20, plaintiff was called in at approximately 4:20am to work back dock. Sometimes after 11:30am, FSS Hirth, approached plaintiff and told him that they needed help on the serging line, in

which plaintiff explained that he wasn't feeling well and needed a minute to see if it'll blow over. FSS Hirth, responded by saying, "I don't give and fuck, get on the line." Plaintiff, then asked if he could leave?" He stated, "if you leave, I'm writing you up ". Plaintiff, took this as a threat and told him he'll write and grievance if he do such a thing. See ex. A (JCF-2008-1640-17z)

2) Minutes later, FSS Graves, approached plaintiff and stated, "I need you to help on the line". Plaintiff stated he would help, but needed a minute to rest because of not feeling well. Graves, than stated, "Hirth says you have to get on the line or you're being written up". Plaintiff, took this as a threat and told Graves that if he's written up he'll be filing and grievance for being threatened. See ex. B (JCF-2008-1637-17z)

3) On 8/15/20, plaintiff approached FSS Graves and asked to call in another person to help on the serving line, before we begin serving. Graves, responded with a harsh "No" and became enraged saying, "I'm not getting you any help when you wrote me up". Referring to grievance filed on 8/3/20, (see ex.A).

4) Plaintiff, walked away and went to higher supervisor FSS Mourfair, and explained what was happening and if she could call someone in to help. FSS Graves, fast approached us and stated yelling about plaintiff Going around her. Graves, then told plaintiff to take you its white band said, "you're fired",. Plaintiff complied with the order and left the chowhall immediately after hearing the order. Plaintiff filed a grievance. See ex.C (JCF-2008-1658-17b)

5) On 8/21/20, plaintiff was reviewed for a Disobeying a Direct Order misconduct, stemming from incident that transpired on 8/20/20. See ex. D (misconduct report).

6) On 8/26/20, Hearing Officer Lt. Lasacco, conducted an administrative Class II misconduct hearing and found the plaintiff not guilty. See ex. E (hearing report)

7) On 8/30/20, FSS Graves, approached plaintiff and stated, "you need to quit. before you really regret it for writing grievances on me". In which this plaintiff stated, "I will not quit," then walked away. FSS Graves, got on The phone and minutes later Sgt. Cooper came into the chowhall, talked to Graves and walked up to the plaintiff and told him to step outside. He aggressively asked, "do you like

your job and do you want to keep it?" Plaintiff, cut the sergeant off in mid-sentence and explained the

grievances written on FSS Graves and that's why she called him, saying the plaintiff was making her

uncomfortable. Sgt. Cooper, instructed plaintiff to write another grievance. See ex. F

(JCF-2009-1725-17B)

8) On 9/3/20, plaintiff was told by ALL FSS's, that they were no longer able to call plaintiff in for

overtime, since I keep filing grievances on (Graves) and Dir. Coffelt, is the one who verbally issued

this order. Plaintiff tried talking to Dir. Coffelt, who stated, "there's nothing to discuss". See ex. G

(JCF-2009-1797-27B)

9) On 9/3/20, plaintiff filed a complaint to Facility Manager Timothy Schubring, against Coffelt. See ex.

(complaint)

10) On 9/6/20, FSS Woodman, asked plaintiff to ask FSS Graves a question on her behalf. Plaintiff

Respectfully explained that he couldn't, because he wanted to avoid Graves as much as possible.

FSS Woodman, told FSS Graves, that plaintiff refused to go and ask her the question on her behalf.

FSS Graves, told FSS Woodman to send plaintiff in and issue a Disobeying a Direct Order. However,

second shift officer, Off. Thelan, told the plaintiff at dinner time that he couldn't as not layed in pending

misconduct, because he explained to Woodman that she was not able to issue such an order,

because prisoners are not obligated to relay messages between coworkers. See ex. I

(JCF-2009-1796-17A)

11) On 10/4/20, FSS Graves, filed a negative 363 work evaluation, when one was already assigned to

FSS Rose and gave an above average score, because the plaintiff is a hard worker. Plaintiff, asked

Dir. Amy Coffelt, about this and stated she would look into, but yet signed the bogus evaluation done

by Graves. See ex. J (JCF-2010-1982-17A)

12) On 10/11/20, plaintiff reported to Ofc. Ogunkola, at approximately 415, that he wasn't feeling well

and had a severe migraine and notify food service supervisor. He called and spoke to Ofc.

Delossantos, who stated that he notified the supervisor.

13) Upon FSS Graves, arriving to work, she noticed plaintiff was not at work and told Ofc.

Delossantos to call plaintiff in, who was not aware, nor told. When Ofc. Farhat arrived to work as first shirt regular officer, FSS Graves asked him to issue the plaintiff an out of place misconduct for refusing to report to work. Ofc. Farhat, told Graves that he was not writing one, because it states that plaintiff is sick and had an officer notify food service already.

14) On 10/13/20, plaintiff was issued an out of place misconduct by FSS Graves in retaliation for filing grievances on her. See ex. K (out of place misconduct)

15) On 10/27/20, Hearing Officer Lt. Losacco, who's well aware of issues with FSS Graves, found plaintiff guilty. See ex. K (Hearing Report).

16) On 10/28/20, plaintiff talked to Warden Nagy and explained he wasstill being retaliated against by FSS Graves and his office was well aware, because plaintiff had verbally talked to him, FM Schubring and grievances that his office has rejected on appeal and nothing is being done about it. Warden Nagy instructed plaintiff to send him a detail letter of everything that has transpired. See ex. L (complaint)

17) 10/4/21, Ofc. Mask, me and shook his head in a I got you way.

18) While working, plaintiff had a disagreement with a coworker and while plaintiff was telling the coworker to go into the back with him to go clear it up with the food director, Ofc Mask pushed his emergency button and plaintiff was corned and handcuffed, taken to segregation and issued a Threatening Behavior on a prisoner. See ex. M (misconduct)

19) On 10/ /21, plaintiff was found guilty of Threatening Behavior. See ex. N (Hearing Report)

20) On 11/2/21, Ofc. Fridd wrote plaintiff an Out of Place misconduct for using the restroom, not knowing it was count time. Plaintiff, tried explaining that he was hard of hearing and woke up out of its sleep, and the unit did not have a blue light to notify ADA prisoners that it's count. Ofc. Fridd, stated, "he did not care". See ex. O (Misconduct)

21) On 11/7/21, plaintiff talked to G.C. Cobb on the walkway and asked him why he keep rejecting valid grievances, he stated, "certain ones I have to and I will deny saying it." I tried explaining that my health is at risk. He stated, "once again, I'll deny it, but write a grievance on me to try and beat exhaustion". This statement shows premeditation to hinder the process unavailable. Plaintiff

submitted a letter to reconsider rejection and to ADW White, to no avail. See ex. P

(JCF-2111-1977-28J)

22) On 11/7/21, Hearing Officer Lt. Losacco, found plaintiff guilty. See ex. Q (hearing report)

23) On 11/17/21, plaintiff Out of Place misconduct appeal was approved. See ex. R (Appeal)

24) On 11/3/21, plaintiff asked Ofc. Fridd to submit a maintenance request to install a blue light in the unit to assure it's ADA update if they're going to house hard of prisoners E-unit. Ofc. Fridd, stated, "maybe you should listen more and you wouldn't be receiving tickets for coming out during count." See ex. S (JCF-2111-1955-17A)

25) On 11/23/22, approximately 6:20am or so downstairs at the microwave heating up coffee, plaintiff overheard Ofc. Fridd sitting in the officer hallway talking to Ofc. Poupard. Plaintiff, stated listening when he heard Ofc. Fridd say, I'm going to make Reyes pay for writing me up and beating a misconduct he knows he's guilty of". Plaintiff didn't take the comment serious at first and returned to its cell for the rest of the morning.

26) Sometimes after 11:30am count cleared, Ofc. Poupard, knocked on the plaintiff cell and ordered him to step out and patted him down before going into his cell, while plaintiff sat at the table closest to his cell, who then remembered the conversation he'd overheard that morning and instinctively became on guard.

27) Ofc. Poupard, exited plaintiff cell and plaintiff entered his cell hesitantly. As he started straightening up its property, he noticed some dis-shelved paper in one of its legal folders. As he'd opened it up to put it back neatly, he felt something hard and yanked his hand back, because it was unexpected. He reached back inside and felt it again and immediately left the cell.

28) Plaintiff, left the unit since they'd been called for chow, but his main reason was to look for a sergeant to report what he felt like something was planted in legalwork. There was no sergeant in the chowhall, so plaintiff lingered outside on the walkway in hope of seeing someone to report what he'd believed happened and didn't know when they planned on trying to rediscover it

29) After lingering for several minutes, plaintiff seen FM Schubring slowly coming up the walkway going toward the control center. When the last person was finish talking to him, plaintiff asked if he

could talk to him and explained what he believed happened. He told plaintiff that he would report it to a sergeant before he leave on his break and to return back to his unit.

30) When plaintiff reached his unit, he immediately called his mother and I asked her to call up here and email he warden, about what he believe is happening. At this moment, plaintiff noticed Ofc. Poupard, walking behind to going toward his cell and went inside. Plaintiff then told his mother that he would call back because he was going to the control center and he might get in trouble.

31) When plaintiff reached the control center, Ofc. Fitzpatrick buzzed him in and stated, "what can I do for you Mr. Reyes?" Plaintiff explained what he believes happen and she stated she would get the sergeant for him.Sgt. Davidson, then told Ofc. Fitzpatrick that she had to write the plaintiff an out of place ticket. Hesitantly, Ofc. Fitzpatrick asked plaintiff for its I.D., plaintiff nodded to her and told her to do what she was told.

32) Sgt. Nevin, came to the window and asked, "how can I help you?" Plaintiff explained everything and that he'd talked to FM Schubring and how Poupard was reentering his cell. Sgt. Nevin, stated, "I'm the one who told Poupard to go to your cell after Schubring told me what happened". Outside of frustration, plaintiff asked, "why in the hell did you send him back to my cell, when he's the one I believe planted something in there and Ofc. Fridd, behalf?"

33) Sgt. Nevin, told plaintiff, "to my defense, I wasn't told what officer was supposed to planted something, so I told Poupard to go check it out. You don't have anything to worry about, so return to your until and I'll take care of it."

34) When the plaintiff returned to his unit, he notice a long metal rod on the officer desk and Ofc. Poupard, was on the phone. Plaintiff immediately went and got on the phone and call his mother and told her everything that has happened since they'd lasted talked and didn't know how this was going Play out

35) At approximately 1:30pm. Ofc. Fridd, called the plaintiff to report to the officers desk and handed Him a contraband removal slip. As he was handing it to the plantiff, he had a smirk on his face and stated. "find a better hiding place and by the way, you're on top lock". See ex. T (contraband removal)

36) Plaintiff, was given a possession of a weapon misconduct. See ex. U (misconduct)

37) Plaintiff wrote a grievance on Ofc. Fridd, overhearing him talking to Ofc. Poupard, about how he was going to make Reyes pay. See ex. V (goldenrod copy)(plaintiff is missing paperwork/legalwork/grievances/exhibits)

38) Plaintiff wrote a grievance on Ofc. Poupard, for planting a metal rod inhis area of control in retaliation to help Ofc. Fridd, to get back at plaintiff for writing grievance and beating his ticket. See ex.W (goldenrod copies, due to missing paperwork/legalwork/grievances/exhibits)

39) On 11/24/21, plaintiff reported to the officer desk to report to a mandatory medical provider appointment, in which he was refused by Ofc.Fridd, when he was told plaintiff could go to medical call outs. See ex. X (goldenrod copy)(plaintiff is missing paperwork/legalwork/grievances/exhibits)

40) Date unknown at this time, but because we were in covid protocols, plaintiff was called to the prison counselors office to give a statement to Hearing Investigator Austin via video zoom. As plaintiff was given its statement, H/I Austin, stopped the plaintiff and asked, "so, you're telling me that you reported to FM Schubring that you believe there's something in your area of control that you're for certain shouldn't be there. Plaintiff responded, "yes, ma,am," and went on to explain what he heard that morning of over hearing Ofc. Fridd, statinghe was going to make plaintiff pay.

41) H/I Austin, stated, "what the fuck, they tell you it's your responsibility to check your area of control and report it and as soon as you do, they write a f---ing ticket". H/I Austin, postponed the investigation and stated, "I'm going to the ADW and request that this ticket get pulled and if needed, I'll go to the warden".

42) Plaintiff is not for certain if it was the same day or the next, but H/I Austin, reconvene the investigation and stated that the ADW told her that the plaintiff had to go through the hearing process and told her she couldn't go to the warden about this. She also stated that she didn't know what the issue was, but she'd done this before without any problems.

43) On 11/30/21, plaintiff was found guilty of possession of a weapon misconduct. Hearing Officer Sutherland, abused its authority, stating, "it is not credible to believe that Officer Poupard, would agree to set up an inmate he had no issue with". The same thing could be stated for the plaintiff, there

is no credible evidence that plaintiff would set up an officer he had no issues with.

44) On 12/18/21, plaintiff filed an appeal to the Hearing Division, which was rejected on 4/22/22. Plaintiff, also filed a Judicial Review, which was dwarfed due to incident that transpired in paragraph 50-54. See ex. Z (Appeals rejected)

45) On 4/9/22, plaintiff received an Insolence misconduct by FSS Anson. Upon misconduct review, Sgt. St. Charles, took it upon himself and added a Sexual misconduct charge, in which plaintiff explained that he's not allowed to do so and only retaliating for all the issues plaintiff has complained about over the years. See ex. A (misconduct)

46) On 4/19/22, H/O Sutherland, abused its authority, by creating a frictional bias picture, instead of following policy for a guilty finding, H/O, used its own opinion.

47) On 5/8/22, plaintiff received a substance abuse misconduct (marijuana, for urine sample reportedly positive). See ex. CC (misconduct)

48) On 5/11/22, plaintiff filed an Appeal to the Hearing Division for Sexual misconduct. See ex. DD (Rehearing rejection)

49) On 5/17/22, H/O Sutherland, abused its authority whe finding the plaintiff guilty of substance abuse misconduct by falsely stating that plaintiff argument is a grievance issue not an Hearing issue. See ex. EE (hearing report)

50) On 6/21/22, plaintiff asked Ofc. Keiser, to call a PC or the RUM in another unit, because of a deadline to file a judicial review for a substance abuse and possession of a weapon misconduct. Ofc. Keiser, stated, "no, now go away". Plaintiff grabbed a scrap piece of paper off the officer desk and wrote the officer name down and the time and told Ofc. Keiser, that he was writing him up. In which, he replied, "I don't care". See ex. (JCF/2206/1243/28B)

51) Plaintiff was in his cell looking out the window in hope of seeing a PC or RUM. While waiting, he noticed PC Crowley approaching the unit and going through B-unit side. Plaintiff grabbed his legalwork and went and stood by the water fountain, where prisoners is allowed to stand when waiting to see the counselor. When plaintiff got Crowley attention and waved his legalwork, Crowley put up a

finger, meaning give me a minute.

52) At this time, Ofc. Keiser stated, "what are you doing?" Plaintiff stated, "I'm waiting for the counselor, he said to give him a second". Ofc. Keiser stated, "I said there is no ARUS, now go away". At this moment, PC Crowley, told the plaintiff to come into his office.

53) While plaintiff was explaining the importance of getting these legal mail processed, because of the Mailbox rule, which was for this date, he believed. Ofc. Keiser, came barging toward the doorway yelling, "I told you there is no ARUS, so go lock down". Plaintiff, turned to PC Crowley, and stated, "how is he going to say there is no ARUS, when you're sitting right there? I'm not on sanction, so he can't make me lock down". At this moment, PC Crowley started yelling at plaintiff to get the hell out of his office. And refused to allow plaintiff to mail his legal mail out.

54) Plaintiff walked passed Ofc. Keiser, and went to his cell. Once at his cell he felt someone behind him and Ofc. Keiser was yelling at him, "next time I tell you there is no ARUS, that means there is none". Plaintiff, stated back, "when there's one in his office, that means there is one. Don't worry about it, I'm writing both of you up". At this time several officers came into the unit and told me to handcuff, Ofc. Keiser, tried to say Plaintiff threatened him, but when leaving the unit, another officer stated he wasn't going to allow him to write a threaten behavior ticket.

55) Ofc. Keiser wrote plaintiff a disobeying a direct order, which was elevated to a class I. See ex. FF (misconduct)

56) Plaintiff wrote a grievance on Keiser for writing a misconduct in retaliation for telling him he was writing a grievance on him. See ex. GG (JCF-2206-1242-27A)

57) On 6/22/22, plaintiff asked Ofc. Mosley to call a PC or RUM, because he needed to file two juridical reviews immediately, because PC Crowley wouldn't let him mail them out the day before. Ofc. Mosley refused by saying, "no, no, no, you got into it with that level four officer. I'm not getting involved". Plaintiff stated, "what do that has to do with me trying to mail it out today?" He refused and walked away. See ex. HH (JCF-2206-1257-28B)

58) On 6/23/22, plaintiff wrote the warden Administrative Assistant Napier, concerning the rejection of

grievances by GC Cobb, and his continuous disregard to the process. See ex. II (letter to Napier)

59) On 6/24/22, plaintiff told PC Crowley, that he was hindering from filing a timely Judicial Review by not getting letting him mail it out on 6/21/22 and siding with Ofc. Keiser. At that moment he told the plaintiff to grab it and mailed it out. See ex. JJ (expedited legal disbursement)

60) On 6-23-22, plaintiff was found guilty of the DDO misconduct. See ex. KK (Hearing Report)

61) On 7/12/22, plaintiff filed an appeal to the day Hearing Division, concerning the DDO misconduct, which was rejected 9/1/22. See ex. LL (appeals rejection)

62) In October of 2022, plaintiff injured his ankle coming down the steps in the unit and asked the officer to call health care, because his ankle became discolored, swollen and in pain. RN Salazar stated it was just a sprain and plaintiff tried explaining it felt like it was broken or fractured.

63) On 11/9/22, plaintiff asked Ofc. Mosley to call Health Service because he was in severe pain due to his ankle injury. RN Jane Doe, stated to this officer that he could not come over under RN Landfair authority. Plaintiff asked the officer, what did that mean and if he could talk to her. She stated no and to submit a kite. See ex. MM JCF-2211-2377-28I)

64) On 11/10/22, plaintiff asked Ofc. Ojeda, to call Health Service, for being in pain and no one has called him out for a followup, concerning his ankle injury. RN Jane Doe, stated to this officer, "if he's not dying or bleeding he can't come over, this is also under HUM Landfair direction." I asked to speak to her on the phone. The officer asked and she said no and to put in a kite. See ex. NN (JCF-2211-2378-28I)

65) Over the course of days and weeks, plaintiff submitted multiple kites, asking why hasn't a follow up been done, to no avail.

66) On 11/23/22, or approximately, plaintiff told RN Landfair, that he was in severe pain and needed a xray on his ankle because it's not sprained, it's broken. Her response, you're be seen when we get the time.

67) On 12/8/22, plaintiff talked to RN Salazar and RN Landfair, on the walkway separately, in front of health care and told them that he needed to be seen immediately, because he was in severe pain and

it's not just sprained as RN Salazar, tried to say it was. Plaintiff works in Food Service, which is how he was able to see these Nurses/HUM,'and with officer permission was able to go out to talk to them, because he was also forced to work, because they wouldn't issue a no work detail. See ex. MM (two Goldenrod copy, because GC Cobb, refused to process grievance.

68) On 12/ /22, plaintiff wrote a grievance on GC Cobb, for retaliation for dereliction of duty, in retaliation of filing complaints and grievances on his and coworkers. See ex. NN (goldenrod, GC Cobb refuse to process)

69) On 12/20/22, plaintiff sent Warden Nagy a complaint letter on GC Cobb for refusing to send four step II grievance forms and not processing four different grievances: two on health care and RN Landfair, one on GC Cobb and one on food director. He still refuse to send them after this complaint. See ex. NN (complaint)

69) On 1/2/23, plaintiff sent a complaint letter to MDOC Karmen Bussell, RN, against HUM, RN Sirena Landfair and JCF Health Service staff, for refusing to see me and treat me for the pain. See ex. OO (complaint)

70) On 1/3/23, plaintiff was on the callout to see the nurse, but only to retrieve their Ace Bandage. So, plaintiff asked the nurse how are you going to take the wrap and the ankle is still swollen, discolored, and in pain. The nurse assessed plaintiff and stated to report it. See ex. PP (clinical encounter)

71) Plaintiff called his mother to contact Warden Nagy, who responded back that he would look into it. Hours later, plaintiff was called to Health Service and was assessed by a doctor. See ex. QQ (Administrative Note)

72) On 3/2/23, plaintiff went off site to Duane Water for X-ray of its ankle. Plaintiff was told that he'd suffered a fracture and is scheduled to see a specialist.

73) On 2/3/23, plaintiff sent another complaint letter to MDOC Karmen Bussell, RN, on RN Landfair, Health Service staff, for refusing to treat pain. See ex. RR (Jpay letter)

74) On 1/17/23, plaintiff was at a Hearing for a substance abuse misconduct,and it was determined by the ALJ that Sgt. Holzschu,falsified a state document, in which plaintiff is entitle for file a grievance

once he become aware of a violation. See ex. SS (JCF-2301-0193-27A)

75) In March of 2023, plaintiff had surgery on his right shoulder. During is April of 2023, followup plaintiff was told by the surgeon, "if you're in any pain or discomfort after six weeks to immediately notice health service sol can go back to him.

76) Everyday the plaintiff was in pain and in discomfort, toughen it out until the beginning if May of 2023. Plaintiff, has submitted kites, which wasn't getting answered.

77) On 5/8/23, plaintiff spoke to RN Landfair, on the walkway in front of. Health Service, and told her that health service isn't answering his kites and he's in severe pain and the surgeon said to immediately notify health care and to contact him. This was not done, nor was plaintiff seen, or treated for pain. See ex. TT (Goldenrod, GC Cobb refuse to process)

78) On 5/10/23, plaintiff talked to RN Baker and explained that he was in pain more after his surgery than before. She stated she would see if provider would call me out asap. No one called the plaintiff out.

79) On 5/11/23 plaintiff talked to RN Salazar, about his shoulder being severe pain and he'd had surgery on it several months ago and he tell the plaintiff to send a kite. See ex. UU (Goldenrod of grievance because GC Cobb, refuse to process)

80) On 5/12/23, plaintiff talked to HUM RN Landfair, on the walkway in front of health care and explained that he has not been seen for his pain he's experiencing in the shoulder he'd recently had surgery on. Landfair stated I'll be seen when seen. See ex. VV (Goldenrod, because GC Cobb refuses to process)

81) On 5/24/23, after trying to resolve this issue with RN Landfair and Salazar, plaintiff continuously being in pain after one last time of trying to resolve this issue. See ex. WW (JCF-2023-06-1032-12E1)

82) on 6/6/23, plaintiff submitted a grievance on RN Landfair and MD Jamsen, for delaying and refusing to treat plaintiff, provide medication and send back to surgeon. See ex. XX ' (JCF-2023-06-1104-12D1)

83) On 5/26/23, plaintiff mailed out an letter to GC Cobb, concerning grievance JCF-2306-1032-12E1, property. See ex. YY (disbursement form)

84) On 7/9/23, plaintiff submitted a letter to GC Cobb, inquiring about why he hasn't received an step II form for JCF-2306-1032-12E1. See ex. ZZ (letter to Cobb and ex. AAA (disbursement form)

85) On 7/18/23, submitted a letter to GC Cobb about still not receiving step II forms for grievances, nor receipt for grievances written on RN Florek and RN Hollister, and Wellpath for falsifying documents, and delaying treatment. See ex. BBB (letter to Cobb) and ex. CCC (disbursement)

86) On 1/17/23, it was founded that Sgt. Holzschu, lied and falsified a state document. See ex. GGG (JCF-2301-01993-27A)

***RELIEF SOUGHT***

87) The plaintiff, incorporates and adopt by reference paragraph (1) through (86) herein.

88) The plaintiff, has no plain, adequate or complete remedy at law to redress the wrongs he'd suffered as a result of the defendants actions.Therefore, the plaintiff, Tyrone L. Reyes, will continue to be irreparably I injured by the defendants acts and/or omission, unless the, courts grants him the following relief;

89) On 1/17/23, it was founded that Sgt. Holzschu, lied and falsified a state document. See ex. GGG (JCF-2301-01993-27A)

A) Wherefore, the plaintiff, Tyrone L. Reyes, respectfully ask that this Honorable Court, grants him the following relief and any additional relief, this court deems just, proper, and adequate under the circumstances of this case.

B) Defendant Sirena Landfair, RN, did denied and delayed plaintiff medical treatment, by being "Deliberately Indifference": Count One (11/23/22); Count Two(12/8/22); Count Three(5/8/23); Count Four (5/12/23); Count Five(5/24/23); and Count Six(6/6/23). Plaintiff asks the Court to grant relief in monetary damages $50,000.00 for each count and training.

C) Defendant Mandy Hollister, RN, did deny due process, delay treatment and falsified state documents: Count One (7/9/23); and Count Two (7/18/23). Plaintiff asks the Court to grant relief in Monetary damages $25.000.00 for each count and review of falsifying state documents for discipline.

D) Defendant John Salazar, RN, did deny and delayed plaintiff medical treatment, by being "Deliberately Indifference": Count One(12/8/22); Count Two(5/11/23); and Count Three(5/24/23). Plaintiff asks the Court to grant relief in monetary damages for $50,000.00 for each count and training.

E) Defendant Alinda Florek, RN, did deny due process, delay treatment and falsified state documents: Count One(7/9/23); and Count Two(7/18/23). Plaintiff asks the Court to grant relief in monetary damages for $25,000.00 for each count and review of falsifying state documents for discipline.

F) Defendant Charles Jamsen, MD, did deny and delayed plaintiff medical treatment by being "Deliberately Indifference". Count One (6/6/23). Plaintiff asks the Court to grant relief in monetary Damages for $250,000.00.

G) Defendant Amy Coffelt, FD, did retaliate against plaintiff. Count One (9/3/20), Plaintiff asks the Court to grant relief in monetary damages for $100,000.00, receive further training and demoted.

H) Defendant Hirth, was deliberately indifference and retaliated against plaintiff. Count One & Two(8-13/20). Plaintiff asks the Court to grant relief in monetary damages for $5,000.00 each.

I) Defendant Graves, was deliberately indifference and retaliated against plaintiff. Count One and Two(8/13/20), plaintiff asks the Court to grant relief in monetary damages for $5,000.00 each; Count Three(8/15/20), $50,000.00, Count four(8/30/20), $50,000.00; CountFive(9/6/20), $100,000.00; Count Six(10/4/20), $150,000.00; and Count Seven(10/11/20), $250,000.00.

J) Defendant Keiser, Ofc., denied access to the Court, and retaliated against plaintiff. Count One & Two(6/21/22) plaintiff asks the Court to grant relief in monetary damages for $25,000.00 for each count.

K) Defendant Fridd, Ofc., violated plaintiff ADA rights, deliberately indifference, conspiracy, and retaliated against plaintiff. Plaintiff asks the Court to grant relief in monetary damages for $10,000.00, Count One(11/2/21); $10,000.00, for Count Two(11/3/21); $250,000.00, for Count Three(11/23/21); $100,000.00, for Count Four(11/23/21); $50,000.00 for Count Five(11/24/21); and faces disciplinary action.

L) Defendant Poupard, Ofc. wilfully conspired and retaliated against plaintiff. Plaintiff asks the Court to

grant relief in monetary damages for $100,000.00, Count One(11/23/21); $250,000.00 for Count Two(11/23/21); and face disciplinary action.

M) Defendant Holzschu, Sgt., wilfully violated plaintiff due process and falsified state documents. Plaintiff asks the Court to grant relief in monetary damages for $10,000.00 Count One(1/17/23); $50,000.00 Count Two(1/17/23); and face disciplinary actions for demotion and possible employment termination.

N) Defendant Cobb, GC., wilfully violated plaintiff rights, being deliberately indifference, due process violation and conspiracy. Plaintiff asks the Court to grant relief in monetary damages for $10,000.00, For Count One, Two, and Three each(11/4/21); and $50,000.00 for Count One, Two, and Three(12/ /22). written in retaliation or written in the form of being treated differently by blatantly violating plaintiff due process and blatantly violating policy.

P) Review and implement changes to MDOC Policy Directive 03.03.130, Grievance Policy. Plaintiff proposes that MDOC allow prisoners to file grievances on Jpay, this would eliminate grievance coordinators saying they never received it or it's untimely. This will alsosave the Courts time in determining these exhaustion claims always used by the Defendant's in opposition of certain claims.

Q) Issue further relief and declaratory ruling as this court sees fit.

R) Defendant Sutherland, Hearing Officer, wilfully and knowing violated Plaintiff Due Process Rights. Plaintiff asks the court for injunctive release and monetary damages for $50, 000 and face judicial review of conduct with disciplinary action.

S) Defendant St. Charles, Sgt., wilfully and knowingly violated plaintiff First Amendment and Due Process Rights. Plaintiff asks the Court to grant relief in monetary damages and injunctive relief, face disciplinary action by termination.

***CERTIFICATION and CLOSING***

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of Signing: May 9th, 2024

Signature of Plaintiff: Marjorie Toins
Signed by plaintiff Power of Attorney Marjorie Toins

Printed Name of Plaintiff: Tyrone L. Reyes
Prison Identification #: 266511
Prison Address: Thumb Correctional Facility
3225 John Conley Dr.
Lapeer, Mi. 48446

To: Clerk of the Court

From: Marjorie Toins

Date: May 9th, 2024

EX. A

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I 8/11/2020  Grievance Identifier: JCF DUC101 04 D17 H

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Reyes | 206511 | JCF | C-76 | 8-13-20 | 8-13-20 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _8-13-20_
If none, explain why.  I talked to F/S Hirth
and to no avail was I
able to resolve conflict

State problem plearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. F/S Hirth told me to get on the line, I told him I wasn't feeling well and needed a minute because I've been dealing with trash all Morning. He stated he didn't give a fu-- and to get on the line. I asked him could I leave since I'm not feeling good anyway. He said yes, but I'm doing a write up.

[illegible] F/S Hirth acted
to violate policy [illegible] cross-contaminated
[illegible] of being denied up to Medical needs, and retaliation
for asking to leave.

_Tyrone Reyes_
Grievant's Signature

---

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No    If No, give explanation. If resolved, explain resolution.)

SEE ATTACHED RESPONSE

_Garrett_
Respondent's Signature
**GARRETT**
Respondent's Name (Print)

08.31.2020
Date

FSD
Working Title

_Reviewer's Signature_

T. HUBSON
Reviewer's Name (Print)

09/02/2020
Date

CRM
Working Title

| Date Returned to Grievant: 9/1/2020 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION:  White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**MICHIGAN DEPARTMENT OF CORRECTIONS**

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance # |
|---|---|---|---|
| Reyes | 266511 | JCF/C-76 | JCF-20-08-1640-17Z |

| Prisoner Interviewed: | YES ☐ | NO ☒ | If "NO" Reason: | Prisoner description allowed response from record. |
|---|---|---|---|---|
| Extension Granted: | YES ☐ | NO ☒ | If "YES" Enter End Date: | Click or tap to enter a date. |

**COMPLAINT SUMMARY:**

Didn't want to work on the line when was told to.

**INVESTIGATION SUMMARY:**

Reyes had been called in to do OT on days shift. His normal shift is scheduled for second shift which starts at aprox 1130hrs on this peerticular day. Reyes was instructed to goto work on the line and he refused. He was sent in. looked over sign in sheet to varify being sent in .

**APPLICABLE POLICY, PROCEDURE, ETC.:**

Orentation  manual: Positions and job duties Rules section

**DECISION SUMMARY:**

Grievance denied.  You may not refuse to perform any food service related task on the basis of "its not my Job" .  As it was your regular job assignment you were refusing to do your assigned job duties.   When you didn't get the response out of one food steward you went to another with the same outcom.  You then wrote a dupliacate grievance on the other food steward for the same instances from the same day as this one.

| RESPONDENT NAME: | A. Coffelt | TITLE: | FSD |
|---|---|---|---|
| RESPONDENT SIGNATURE: | | DATE: | 8/31/2020 |
| REVIEWER NAME: | T. Schubring | TITLE: | CFM |
| REVIEWER SIGNATURE: | | DATE: | Click or tap to enter a date. 09/02/2020 |

**Distribution:** Original - Step I Grievance Coordinator      Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

4835-4248  5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator          Grievance Identifier: JCF2OO81 11CHO117Z
at Step II: 9/21/2020

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED - MDOC

OCT 27 2020

Office should be directed to: _____

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to:
_____ CC _____ by 9/27/2020 If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Reyes | 266511 | JCF | C-76 | 8-13-20 | 9-20-20 |

**STEP II — Reason for Appeal** Issue One: According to policy, respondent is suppose to
interview grievant. No reason given. Grievant is suppose to briefly describe
problem and provide additional information during interview.
     Issue two: F/s Hirth unprofessional conduct during exchange
was not addressed.     Issue three: I was not sented in accordingly to respondent
misleading information in response. (No misconduct or write up for refusing to
work), because I never refused to work. All of this would've been clarified
by interview, in which respondent refused to do. Need investigation

**STEP II — Response**          RECEIVED SEP 21 2020

Date Received by
Step II Respondent:
9/21/2020

See Attached

NOAH NAGL                    _[signature]_          10/10/2020       Date Returned to
Respondent's Name (Print)    Respondent's Signature    Date          Grievant: 10/13/2020

**STEP III — Reason for Appeal** Step I respondent Nagy did not investigate. How
can I the grievant ever receive an investigation, when the
other side is the only one to be interviewed on Step I.
Respondent is taking an EE through the grievance process.
Need more circles and follow Jim grievance process.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response** is attached as a separate sheet.

DISTRIBUTION:  White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant



**STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING**

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:      121276
            17Z

To Prisoner:            Reyes                    #:  266511   6-47√B

Current Facility:       MRF

Grievance Identifier:   JCF-20-08-1640-17Z

Step III Received:      10/27/2020

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

## THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

_R.D. Russell_

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

Date Mailed:        JAN 0 7 2021

cc: Warden, Filing Facility:  JCF

MICHIGAN DEPARTMENT OF CORRECTIONS  4835-4247 10/94
**PRISONER/PAROLEE GRIEVANCE FORM**  CSJ-247A

Date Received at Step I  8-14-20  Grievance Identifier: _____

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Reyes | 206511 | JCF | C-76 | 8-13-20 | 8-13-20 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?  8-13-20
If none, explain why.     — tried talking to F/S Graves,
                          — _____ not to resolve

State problem clearly.  Use separate grievance form for each issue.  Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form.  The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. F/S Graves asked me to get on the ~~serv~~ serve line, I explained that I wasn't feeling well and need a minute to see if it blew over. She stated that F/S Graves said I have _____ _____. F/S Graves was deliberate indifferent to my medical needs. She has also shown dereliction of duty for not been prepared for serving lines to be fully operative during _____ time.

incident, her failure to be _____ _____ _____ her to tell me _____
the _____ and being deliberately indifferent to my medical _____

Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No    If No, give explanation.  If resolved, explain resolution.)

ATTACHED RESPONSE

| Respondent's Signature | Date 08-31-2020 | Reviewer's Signature | Date 09/08/20 |
|---|---|---|---|
| Respondent's Name (Print) HATCH | Working Title (SI) | Reviewer's Name (Print) T SCHVERIN | Working Title CFM |

| Date Returned to Grievant: 9-11-20 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION:  White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**MICHIGAN DEPARTMENT OF CORRECTIONS**

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM
(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance # |
|---|---|---|---|
| Reyes | 266511 | JCF/C-76 | JCF-20-08-1637-17Z |

| Prisoner Interviewed: | YES ☐ | NO ☒ | If "NO", Reason: | Prisoner description allowed response from record. |
|---|---|---|---|---|
| Extension Granted: | YES ☐ | NO ☒ | If "YES", Enter End Date: | Click or tap to enter a date. |

**COMPLAINT SUMMARY:**
Didn't want to work on the line when was told to.

**INVESTIGATION SUMMARY:**
Reyes had been called in to do OT on days shift.  His normal shift is scheduled for second shift which starts at aprox 1130hrs on this peerticular day.  Reyes was instructed to goto work on the line and he refused. He was sent in. looked over sign in sheet to varify being sent in .

**APPLICABLE POLICY, PROCEDURE, ETC.:**
Orentation  manual:  Positions and job duties Rules section

**DECISION SUMMARY:**
Grievance denied.  " You may not refuse to perform any food service related task on the basis of "its not my Job" .  As it was your regular job assignment you were refusing to do your assigned job duties.   When you didn't get the response out of one food steward you went to another with the same outcom.  You then wrote a dupliacate grievance on the other food steward for the same instances from the same day as this one.

| RESPONDENT NAME: | A. Coffelt | TITLE: | FSD |
|---|---|---|---|
| RESPONDENT SIGNATURE: | *A Coffelt* | DATE: | 8/31/2020 |
| REVIEWER NAME: | T. Schubring | TITLE: | CFM |
| REVIEWER SIGNATURE: | *[signature]* | DATE: | Click or tap to enter a date. 9/01/2020 |

**Distribution:**  Original - Step I Grievance Coordinator    Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

# Step II Grievance Appeal Response

**JCF-2020-08-1637-17Z**

**Name:** **Reyes**    **Number:** **266511**    **Lock:** **C76**

## Summary of Step I Complaint:

Grievant states Food Service Supervisor (FSS) Graves asked him to get on the service line when he was not feeling well and needed a minute to see if it'll (sic) blow over.  FSS Graves failure to be prepared led her to tell me to get on the line and being deliberate indifference to my medical need. FSS Graves said FSS Hirth told me to get on the line.

## Summary of Step I Response:

The Step I Response indicates Grievant was called in to do overtime on day shift.  Grievant normal shift is second shift which starts at approx. 1130hrs. Grievant was instructed to go to work on the line and he refused. Grievant was sent in from work.

## Summary of Reason for Appeal:

Grievant reiterates Step I complaint.

## Summary of Step II Investigation:

Upon review of the Step I grievance, Step II grievance appeal form and investigative information, step I response was appropriate.   There is no policy violation of PD 03.03.130 Human Treatment and Living Conditions for Prisoners.

## Conclusion:

Grievance is denied in accordance with PD 03.02.130 Prisoner/Parolee Grievances.

Based on the above, your grievance is considered          **Denied**    at Step II.

Noah Nagy, Warden

_____     _____     10/10/2020
Respondent's Name (Print)          Respondent's Signature          Date

DEPARTMENT OF CORRECTIONS

4835-4248  5/09
CSJ-247B

PRISONER/PAROLEE GRIEVANCE APPEAL FORM

Received by Grievance Coordinator
Step II: 9/21/2020

Grievance Identifier: JCF 2008 1637172

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

OCT 27 2020
MDOC

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
CA _____ by 9/22/20 If it is not submitted by this date it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tysonn Reyes | 266511 | JCF | C-76 | 8-13-20 | 9-20-20 |

**STEP II** — Reason for Appeal  Issue One: Respondent failed to interview grievant accordingly to policy.
Issue Two: Respondent failed to address the substance of grievant issues.
Issue Three: Respondent falsified information saying I was sent in for refusing to work. (No write up or Misconduct) Grievant never refused to work. If grievant was interview more information and evidence could've been provided. Respondent is being bias on behalf of staff. Need investigation.

**STEP II** — Response

RECEIVED SEP 21 2020

See Attached

| Date Received by Step II Respondent: |
|---|
| 9/21/2020 |

| Date Returned to Grievant: |
|---|
| 10/13/2020 |

NOAH PAGE
Respondent's Name (Print)

Respondent's Signature

10/10/2020
Date

**STEP III** — Reason for Appeal  Step II Respondent Pagy did not investigate. How can I, the grievant ever receive an investigation, when the other side is the only one to be interviewed on step I respondent is taking the F/C version? Need more check and balance with Grievance Process

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION:  White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant



**STATE OF MICHIGAN**

GRETCHEN WHITMER
GOVERNOR

**DEPARTMENT OF CORRECTIONS
LANSING**

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:      121275

17Z

To Prisoner:              Reyes                              #: 266511  6-47B

Current Facility:         MRF

Grievance Identifier:     JCF-20-08-1637-17Z

Step III Received:        10/27/2020

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

**THE STEP III APPEAL IS DENIED.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

_RDRussell_                                Date Mailed:     JAN 0 7 2021

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

**cc: Warden, Filing Facility:** JCF

EX C

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _8/19/20__   Grievance Identifier: _JCF DPU81 10 D 8117b_

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyson Reyes | | JCF | C-76 | 8-15-20 | 8-16-20 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _8-15-20_
If none, explain why.

I tried resolving this issue with F/S Graves, to no avail.

- State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
- Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. I arrived at work at appr. 6:445am and was straight to work doing my job until approx. 6:45am time of incident with F/S Graves. I asked her (Graves) to call in prisoner CARL to help on the line, she said "No" and became enraged and tried to be argumentative, stating she's not going to give me help while I'll have his definition and referring to give me help while I'll have his definition and referring to give vary. I walked off so I wasn't expecting that I didn't want to talk about this and just wanted help so the line will go smoothly. She started getting bad, So I walked away to go to another Food supervisor to get what I needed for the line. F/S Graves ordered me to take off my Whites and that I'm Fired. /// F/S Graves actions violates state and Federal law by retaliating for me exercising my constitutional rights, violating MDOC policy, employee handbook, warranting civil actions for these violations.

_Tyrone Reyes_
Grievant's Signature

**RESPONSE** (Grievant Interviewed? ☐ Yes ☑ No   If No, give explanation. If resolved, explain resolution.)

ATTACHED RESPONSE

_Respondent's Signature_    _08.31.20_    _Reviewer's Signature_    _07/12/20_
Respondent's Name (Print)    FSD    Reviewer's Name (Print)    FS CRM
Working Title    Working Title

| Date Returned to Grievant: 9/11/2020 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

**DISTRIBUTION:** White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

# Step II Grievance Appeal Response

JCF-2020-08-1658-17B

**Name:** **Reyes**          **Number:** **266511**          **C76**

**Summary of Step I Complaint**:

Grievant stated on 8/15/20 he asked Food Service Supervisor Graves to call in prisoner Card to help on the line and FSS Graves said no sating she is not going to help me when I'd wrote her up.  Meaning and referring to a Grievance I wrote on 8/13/20.

**Summary of Step I Response**:

The Step I response indicates there was enough workers to run the line without calling in more workers.  FSS Graves would not have known about the other Grievance and Grievance coordinator did not receive it until 8/14/20 and I did not receive it until 8/17/20.

**Summary of Reason for Appeal**:

Grievant reiterates Step I complaint.

**Summary of Step II Investigation**:

Upon review of the Step I grievance, Step II grievance appeal form and investigative information, Step I response is appropriate. There is no policy violation PD 03.03.130 Humane Treatment and Living Conditions.

**Conclusion**:

Therefore, grievance is denied in accordance with PD 03.02.130 Prisoner/Parolee Grievances.

Based on the above, your grievance is considered                    Denied       at Step II.

Noah Nagy, Warden

_____          _____          10/10/2020
Respondent's Name (Print)               Respondent's Signature               Date

MICHIGAN DEPARTMENT OF
CORRECTIONS

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM
(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Reyes | 266511 | JCF/C-76 | JCF-20-08-1658-17B |

| | YES ☐ | NO ☒ | If "NO", Reason: | Prisoner description allowed response from record. |
|---|---|---|---|---|
| Extension Granted | YES ☐ | NO ☒ | If "YES", Enter End Date: | Click or tap to enter a date. |

**COMPLAINT SUMMARY:**
Tried to get Food Stewards to call in another line lead but they would not.

**INVESTIGATION SUMMARY:**
Reyes 266511 requested to have another line lead called in.  Upon looking at the sign in sheet from that day there were indeed enough workers to run the line without calling in anymore workers.  Ms. Graves could not have known about the other Grievances as I A. Coffelt

**APPLICABLE POLICY, PROCEDURE, ETC.:**
Orentation  manual:  Positions and job duties Rules section

**DECISION SUMMARY:**
 Ms. Graves could not have known about the other Grievances.  Grievance counsler received it on  Friday 08.14.2020.  I,  A. Coffelt did not even receive them until Monday 08.17.2020 as they were put in my mailbox on Friday 08.14.2020 after I had already checked the mail for the day.  Ms Graves did not work on 08.18 and 08.19.  Therefore this grievance is denied.

| RESPONDENT NAME: | A. Coffelt | TITLE: | FSD |
|---|---|---|---|
| RESPONDENT SIGNATURE: | | DATE: | 8/31/2020 |
| REVIEWER NAME: | T. Schubring | TITLE: | CFM |
| REVIEWER SIGNATURE: | | DATE: | Click or tap to enter a date. |

**Distribution:**  Original - Step I Grievance Coordinator        Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

4835-4248 5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: 9/25/2020

Grievance Identifier: JCF 2008 1 16581 17b 1

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

RECEIVED MDOC
OCT 27 2020
Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to:
GC by 9/23/2020 If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Keys | 266511 | JCF | C-76 | 8-15-20 | 9-20-20 |

**STEP II** — Reason for Appeal   Issue One: Respondent refused to interview grievant w/o given reasons. Respondent way of not getting to the truth.

Issue Two: F/S Graves, did know of grievance because on 8-13-20 I told F/S Heath and F/S Graves I was writing a grievance (witnessed by officer and kitchen workers and general population) On 8-15-20, Graves acknowledge and took me for my word that I wrote a grievance. RECEIVED SEP 24 2020

Issue Three: Just because there was enough scheduled workers some had to work other areas appraised by other supervisors, in which I didn't have enough workers. This could've been provided, if I was interviewed. Need investigation.

**STEP II** — Response

Date Received by Step II Respondent: 9/28/2020

*See Attached*

NDAH NAGY
Respondent's Name (Print)

Respondent's Signature

10/10/2020
Date

Date Returned to Grievant: 10/13/2020

**STEP III** — Reason for Appeal   Step II respondent Nagy did not investigate. How can I, the grievant ever receive an investigation when the other side is the only one able to be interviewed on Step I respondent is taking the F/S version?
Need more checks and balance with Grievance Process.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



# STATE OF MICHIGAN
# DEPARTMENT OF CORRECTIONS
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:     121272

17B

To Prisoner:          Reyes                          #:  266511

Current Facility:     MRF                            6-47B

Grievance Identifier: JCF-20-08-1658-17B

Step III Received:    10/27/2020

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".  Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

## THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

_Richard D. Russell_                    Date Mailed:      JAN 0 7 2021

Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs

cc: Warden, Filing Facility:  JCF

MICHIGAN DEPARTMENT OF CORRECTIONS

EX. D    CSJ-228
10/10   4835-3228

# MISCONDUCT REPORT

| Prisoner Number: 266511 | Prisoner Name: Reyes | | Facility Code: JCF | Lock: C-76 | Violation Date: 8-15-20 |
|---|---|---|---|---|---|

| Time and Place of Violation: 6:40a.m.Cotton Food Service | Contraband Removal Record Provided to Prisoner? ☐ Yes Date ☒ N/A |
|---|---|

Misconduct Class: ☐ I ☒ II ☐ III    Charge(s): DDO   /

**Describe Violation** (If contraband involved, describe in detail; identify any other employee witnesses).

Prisoner Reyes#266511 had asked me earlier in the shift to call in one specific line worker. I FSS/7 Graves told him i was not calling in anyone else, at this time Reyes became argumentative. I then said take off your whites and go in. Reyes did not take off his whites and go in. instead He then asked my co worker Fss Moulfair to take him upstairs to get tray's. Moulfair told Reyes to do what I, (Graves) told him to do. Reyes again became argumentative and I again told him to take off his whites and go in, at that time Moulfair told Reyes again to take his whites off and do as Graves had said and go in, at this time Reyes complied with what moulfar had told him and took his whites off and went back to his housing unit at no time Prisoner Reyes complied with my Direct Order I (Graves) gave him to take off his whites and go in.Prisoner Reyes #266511 was identified by otis and C-block locator.

| Reporting Staff Member's Name (Print) Graves/Fss7 | Reporting Staff Member's Signature *Graves FSS7* | Date and Time Written 8/20/20 12:30 |
|---|---|---|

## REVIEW

Location/Verification/Condition of Evidence: p.m.

| Elevated to Class I at review: ☐ No ☐ Yes | If "yes", explain reason: |
|---|---|

### COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT

Status Pending Hearing: ☐ Bond ☐ Segregation ☐ Confinement to Cell/Room ☐ Other
Reason if Non-Bond: ☐ Non-Bond List ☐ Bond Revoked (must give reason)

| Date and Time Given this Status: | Who Notified in Housing Unit of Status: |
|---|---|

| Hearing Investigator Requested? ☐ No ☐ Yes | Witnesses Requested? ☐ No ☐ Yes If yes, list: |
|---|---|

| Relevant Documents Requested? ☐ No ☐ Yes If yes, list: | |
|---|---|

| Additional Comments: | Prisoner Waives 24 Hour Notice of Hearing? ☐ No ☒ Yes Hearing Date: _____ |
|---|---|

| Reviewing Officer's Name (Print) | Reviewing Officer's Signature | Review Date and Time |
|---|---|---|

| I have received a copy of this report. My signature does not necessarily mean that I agree with the report. ☐ Prisoner refused to sign. Copy given to prisoner. | Prisoner's Signature X | Date 8/21/2020 |
|---|---|---|

### WAIVER OF CLASS II OR III HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

### SANCTIONS IMPOSED (Hearing Investigator enters begin and end dates for Class II misconducts)

| | | | |
|---|---|---|---|
| ___ Days Toplock | Begins: | Ends: | ☐ Counseling/Reprimand (Class III only) |
| ___ Days Loss of Privileges | Begins: | Ends: | ☐ $ ___ Restitution (Class II only) |
| ___ Hours Extra Duty | Begins: | Ends: | |

Property Disposition If Applicable: _____

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature | Date |
|---|---|---|

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
|---|---|---|

Distribution: Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)

MICHIGAN DEPARTMENT OF CORRECTIONS

## CLASS II AND III MISCONDUCT HEARING REPORT

EX E 229/10

### GENERAL INFORMATION

| Prisoner Number | Prisoner Name | Facility Code | Violation Date |
|---|---|---|---|
| **266511** | **Reyes** | **JCF** | **8/15/20** |

### MISCONDUCT VIOLATION

| Hearing | Misconduct Charges | |
|---|---|---|
| Class II ☒ | **Disobeying a Direct Order** | |
| Class III ☐ | | |

| Misconduct Charge if Changed by Hearing Officer | Plea | |
|---|---|---|
| | ☐ Guilty | ☒ Not Guilty |

### WAIVER OF HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

### HEARING REPORT (Do Not Complete If Hearing Waived)

**Evidence and/or prisoner statement in addition to misconduct report:** Prisoner Reyes #266511 stated he has a hear deficiency and did not hear the order given. Prisoner Reyes attempted to allege the writer of this misconduct wrote the misconduct in retaliation of a grievance prisoner Reyes wrote on her.

**Reasons for findings:** Prisoner Reyes was found not guilty of this misconduct due to the writer documenting the prisoner left food service. The charge does not fit this misconduct.
The prisoner reported having a hearing deficit. The prisoner confirmed he could understand my communication with him. There was nothing documented on his ID card, nor in OMNI regarding having a hearing deficit at this time.
Prisoner Reyes was present during this hearing and informed of the decision of the hearing.

### FINDINGS

| | | | | | |
|---|---|---|---|---|---|
| Charge 1 | ☐ Guilty | ☒ Not Guilty | ☐ Dismissed | CMIS Code | 420 |
| Charge 2 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code | _____ |
| Charge 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code | _____ |
| Charge 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code | _____ |

### SANCTIONS (Hearing Investigator enters begin and end dates)

| _____ Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class III only) |
|---|---|---|---|
| _____ Days Loss of Privileges | Begins: _____ | Ends: _____ | |
| _____ Hours Extra Duty | Begins: _____ | Ends: _____ | ☐ $ _____ Restitution (Class II only) |

Property Disposition if Applicable: _____

Misconduct Hearing Report given to Hearing Investigator for Delivery to Prisoner this date: 8/26/20

| Hearing Officer's Name (Print) | Hearing Officer's Signature | Hearing Date |
|---|---|---|
| .T. Losacco | | 8/26/20 |

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
|---|---|---|
| | | 9/9/2020 |

Distribution: Counselor File; Record Office File (Class II); Prisoner

EX. F

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

48___

CSJ-247A

Date Received at Step I _____    Grievance Identifier: ☐ ☐ ☐ ☐ ☐ 9 ☐ 7 7 ☐ ☐ 6 7 B

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyson R. | | JCF | C-76 | 8-20-20 | 8-30-20 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?  8-30-20
If none, explain why.

Talk to FSS Graves and
Sgt. Cooper to no avail

~~State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.~~ While working in Food
Service on the above date, FSS Graves approached me behind the
Food Service serving line that I need to get before I really
started it for worth as a grievance. I said I wouldn't go it. She
then got on the phone and contacted later Sgt Cooper came into
Food _____ asked do I know
_____ just proceed it the same that FSS
Graves said I was making her uncomfortable and she should
write a 363 on me, it its my grievance. FSS Graves is retaliating
that was dismissed. Calling Sgt. Cooper, is a retaliatory act of intimidation
trying to take prior to a place of this forth threats

I fear for future retaliation. Any actions taken by any          Tyson Ruger
MDOC employee, will be considered retaliation and subject    *Grievant's Signature*
to legal Civil Action.

RESPONSE (Grievant Interviewed?   ☐ Yes   ☑ No      If No, give explanation.  If resolved, explain resolution.)

| Respondent's Signature | Date | Reviewer's Signature | Date |
|---|---|---|---|
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION:  White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

DATE:        9/4/2020

TO:      REYES              266511          LOCATION:    JCF        C-76

FROM:      Grievance Coordinator:  Cooley

SUBJECT:    Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding        **retalitation harassment**
was received in this office on    9/1/2020       and was rejected due to the following reason:

Any future references to this grievance should utilize this identifier:

JCF        /    2020 /    09 /    1725    /   17B

_____        _____        _____        _____
Respondent                          Date          Reviewer                        Date

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248  5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: _____

Grievance Identifier: | | | | | | | | | | | | | | | | |

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ by _____ If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your **Step III Appeal** to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyron Rye | | J F | G-2 | 8-30-20 | 9-24-20 |

**STEP II — Reason for Appeal** I am 100 percent for certain that My Date of Incident of 8-30-20 is correct and G.C. Cooley stamped Received Aug 28, 2020 is wrong. With the benefit of doubt I will say he forgot to change the date on stamper. It was properly processed 9-1-2020 but has been rejected. Of no fault of mine, this grievance was incorrectly rejected. I ask that it be given off-per status and incident be investigated. This incident can be verified by video footage and payroll that I didn't work 8-28-20, but I did work 8-30-20. Talk to Sgt Cooper. Morning                                  Morning

**STEP II — Response**

Date Received by
Step II Respondent: 9/29/2020

_Attached_

Respondent's Name (Print) _____  Respondent's Signature _____  Date _____

Date Returned to
Grievant: 10/1/2020

**STEP III — Reason for Appeal** I am in possession of re ce grievance was filed on the day I stated. Rece received 9/1/2020, it's impossible for this grievance to be received on Aug 28, 2020, because I didn't work mornings on that day. If investigated records would've clarified this.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III —** Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III;  Green, Canary, Pink – Process to Step II;  Goldenrod – Grievant

## G. Robert Cotton Correctional Facility

### *Step II Grievance Response*

**Grievant: Reyes # 266511**

**Grievance #:** JCF-2020-09-1725-28E

**I have reviewed the Step I grievance, Step I response along with the associated Step II reason for appeal.** The Step I grievance was rejected for the complaint being filed as a non-grievable issue.   You file at step II.

**Grievance Rejected**
PD 03.02.130 "Prisoner/Parolee Grievances" defines what is grievable and non-grievable. The grievance is filed in an untimely manner.   The grievance shall not be rejected if there is a valid reason for the delay; e.g. transfer.

The step I rejection has been reviewed by the Warden's office in accordance with P.D. 03.02.130 "Prisoner/Parolee Grievances" and the **REJECTION IS UPHELD AT STEP II**

| | | |
|---|---|---|
| **Noah Nagy, Warden** | | 09/30/2020 |
| **Respondent's Name/Position** | **Respondent's Signature** | **Date** |

Ex. G

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _7/ /2 0 /C_  Grievance Identifier: _J C F 2 0 0 9 1 1 7 7 2 1 3 7 B_

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrea Reyes | 264511 | JCF | C-76 | 9-3-20 | 9-7-20 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? _9-3-20_
If none, explain why.

Tried talking to Food Service
Supervisors to no avail.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. This grievance is on Food Service Director Coffelt, for staff corruption and retaliation, by instructing FSS7's not to ever call grievant in for overtime because of my grievances on (Grave). As an administrative figure at JCF, this is unacceptable behavior, unprofessional, unethical and unbecoming of a MDOC official, violating policy, State and Federal constitution. Corrective actions need to be taken, before any more retaliation transpire against grievant and rescind instruction to FSS7's.

Tyrone Reyes
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No    If No, give explanation. If resolved, explain resolution.)

_____    _____    _____    7-10-2020
Respondent's Signature    Date    Reviewer's Signature    Date

_____    _____    _____    _____
Respondent's Name (Print)    Working Title    Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod -- Grievant

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

DATE:      9/10/2020

TO:      REYES            266511          LOCATION:   JCF        C-7

FROM:    Grievance Coordinator:  McCumber-Hemry

SUBJECT:   Receipt/Rejection/Denial for Step I Grievance

Your Step I grievance regarding      **policy/proc.PD 05.02.110 Paragraph L**
was received in this office on   **9/10/2020**      and was rejected due to the following reason:
**A grievant may not grieve the content of policy or procedure except as it was specifically applied to
the grievant.  If a CFA prisoner has a concern with the content of a policy or procedure, s/he may
direct comments to the Warden's Forum as provided in PD 04.01.150 "Prisoner Housing Unit
Representatives/Warden's Forum".**

Any future references to this grievance should utilize this identifier:

JCF        /    2020  /   09  /  1797   /  27B

Respondent _____ Date _____   Reviewer _____ Date _____

# Step II Grievance Appeal Response

JCF-2020-09-1797-17I

**Name:**  **Reyes**  **Number:**  **266511**  **C07**

**Summary of Step I Complaint:**

Grievant states Food Service Director Coffelt instructed FSS 7's not to ever call grievant in for overtime because of his grievances on FSS Graves.

**Summary of Step I Response:**

Grievance was rejected at step I.  Therefore, investigation and response will be provided at Step II.

**Summary of Reason for Appeal:**

Grievant reiterates Step I complaint.

**Summary of Step II Investigation:**

Upon review of the Step I grievance, Step II grievance appeal form and investigative information, At step II, FS Coffelt denies the allegations raised by Grievant.  FS Coffelt indicated that staff was instructed not to call anyone in for overtime if there were workers on duty sitting around that was already available.  Grievant did not provide any new evidence at Step II to substantiate his claim. There is no violation of PD 03.03.130 Human Treatment and Living Conditions for Prisoners.

**Conclusion:**

Therefore, Grievance is denied in accordance with PD 03.02.130 Prisoner/Parolee Grievances.

Extension: 11/03/2020

Based on the above, your grievance is considered          **Denied**          at Step II.

Noah Nagy, Warden

_____         _____         11/2/2020
Respondent's Name (Print)                Respondent's Signature                Date

4835-4248 5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: _9/9/1800_

Grievance Identifier: _JCF2009179727161_ 17i

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III. _Response not attached_

NOV 12 2020

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to:
_CC_ by _9/25/20_ If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Rays | 266511 | JCF | G-2 | 9-3-20 | 9-24-20 |

**STEP II — Reason for Appeal** Improperly rejected. No where in my grievance did I challenged or question GC policy. I spoke only on I, grievant being retaliated against by usage of over-time. PD OSR.110 Para L, is not in question. GC. was in error and overstepping its boundary by injecting its office in grievance process. Properly investigate issue.

RECEIVED SEP 25 2020

Date Received by Step II Respondent: _9/30/2020_

**STEP II — Response**

*See Attached*

| | | | Date Returned to Grievant: |
|---|---|---|---|
| _Noah Nagy_ | _signature_ | _11/2/2020_ | RECEIVED NOV 0 4 2020 |
| Respondent's Name (Print) | Respondent's Signature | Date | |

**STEP III — Reason for Appeal** I, could not present any new evidence, at Step II because it was rejected. Since there was no investigation at that level. Step II was grateful investigated w/o consulting grievant. New evidence to rebuke F.S. Coffett allegation, I would've directed respondent to look at F/S workers schedule to show others was called in for overtime and I wasn't, F.S.S 7I's would've also backed my claims.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



# STATE OF MICHIGAN
# DEPARTMENT OF CORRECTIONS
# LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:     121768
              171

| | | |
|---|---|---|
| To Prisoner: | Reyes | #: 266511 |
| Current Facility: | JCF | |
| Grievance Identifier: | JCF-20-09-1797-171 | |
| Step III Received: | 11/12/2020 | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

## THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Date Mailed:     FEB 1 0 2021

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

cc: Warden, Filing Facility: JCF

GRANDVIEW PLAZA · P.O. BOX 30003 · LANSING, MICHIGAN 48909

ℰℋ

---

*You have received a* **Jpay** *letter, the fastest way to get mail*

---

From    TYRONE REYES, ID: 266511
To   Marjorie Toins, CustomerID  2031960
Date   9/3/2020 1:54:26 PM EST,    Letter ID  927203890
Location    JCF
Housing    C76BOTU

...AFFIDAVIT...

To: Mr. Schubring Facility Manager
    G.Roberts Cotton Correctional Fac.

From: Tyrone L. Reyes
      #266511

                Re  Complaint Against Food Director Coffelt

        I, Tyrone L. Reyes, #266511, incarcerated at G.Roberts Cotton Correctional Facility at the time of this complaint. The below complaint is true to the best of my knowledge, information, under the scope of law of prejury.

        I, the complainant, has brought several incidents to JCF Food Dir. Coffelt attention to no resolution. Continually allowing certain FSS 7 employees to act unprofessionally, without any correctable actions being taken against them. This undermine the integrity, safety and health of this facility staff, officers and its incarcerated residents. Also, putting food service workers lives at risk, without intervening.

        Within the last few weeks, I had to file four grievances on two FSS7 employees (one on Hirth & three on Graves). As well as receiving a bogus misconduct that was dismissed, resulting in further retaliatory acts is in violation of State and Federal Law, MDOC Policy, and its own Food Service Rules. Employees are held to a higher standard and should act accordingly.

        Instead of acting on complainant grievances, Food Dir. Coffelt, felt the need to take the side with FSS7 employees, instead of being objective and look at the facts. Food Service Dir. Coffelt, also is now a willing participant in staff corruption and retaliation, by instructing FSS7's not to allow, I, Tyrone L. Reyes, to work any hours other than its regular working hours. This is a blatant retaliatory act and now hold supervisory responsibility for the actions of its employees.

        It was instructed that FSS's can call (Reyes) in to work back dock. Prisoner Taylor was told that as long as be ask a FSS (Reyes) could come to help him due to back problems. He has been asking FS Supervisors to call Complainant in Mon-Fri to help him with its job for over two months. Now, Food Director Coffelt, told supervisors that they can call anyone else for overtime, but not complainant. This is the second time this has occurred by the Director, where complainant filed a grievance and Dir. Coffelt ordered staff not to give complainant overtime. Complainant could not pursue this issue, due to time limit expiring.

        Dir. Coffelt, its causing a hostile environment by yelling and cussing out food service workers and supervisors in front of workers. It has been brought to my attention that this type of behavior just transpired on the back dock today(9-3-2020, at approx. 9 something. Cussing out and supervisor in front of workers and maintenance workers and staff.) This can be clarified with a proper investigation.

        These is unprofessional action by a administration authority figure who behavior should be held to a higher standard. Creating such a work environment should not be tolerated, instructing staff to retaliate against complainant is a clear violation, which should not also be retaliated against.

        Complainant is fearful of farther retaliation by Dir. Coffelt and all other MDOC staff, because of its power and position in the administration. Complainant is also afraid of their campaign to terminate complainant from its assignment in food service, where work ethics is above average at all time. Complainant is dependent of this assignment, in order to pay for legal work, fees, and etc., for litigation purposes. Complainant fear of going to work now, because of its retaliation campaign by Dir. Coffelt and FSS7 Graves continuous harassment.

        I ask that the appropriate action be taken, in order not suffer further retaliation by any MDOC officials, officers,

---

**Jpay** *Tell your friends and family to visit* **www.jpay.com** *to write letters and send money!*

TYRONE REYES 266511 JCF Lock:C76BOTU ID:927203890 **[P 2/2]**

*You have received a* **JPay** *letter, the fastest way to get mail*

From : TYRONE REYES, ID: 266511
To : Marjorie Toins, CustomerID: 2031960
Date : 9/3/2020 1:54:26 PM EST, Letter ID: 927203890
Location : JCF
Housing : C76BOTU

food service supervisors, etc......

EX. I

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _____  Grievance Identifier: | | | | | | | | | | | | | | | | |

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyron Reyes | 268511 | JCF | C-76 | 9-6-20 | 9-7-20 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? __9-6-20__
If none, explain why.

Talked to Food Supervisor about incident, but could not resolve it.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

Food Service Supervisor (FSS) Graves continue to retaliate against grievant for writing original grievance, JCF-20-08-1637-172. On 9-6-20 made FSS Workman send me back for no reason. This third retaliation grievance that's turning into an obsession to get rid of grievant. The proper authority needs to intervene, I fear that further retaliating tactics by Graves will happen unless something is done. Violating policy, state and Federal constitution.

_Tyrone Reyes_
Grievant's Signature

RESPONSE (Grievant Interviewed? [X] Yes [ ] No    If No, give explanation. If resolved, explain resolution.)

Please See Attached

_____        10/3/20        _____        10/26/2020
Respondent's Signature              Date          Reviewer's Signature        Date

_____        FSS          _____        CFM
Respondent's Name (Print)      Working Title      Reviewer's Name (Print)   Working Title

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF
CORRECTIONS

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM
(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner's Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Reyes | 266511 | JCF/C-76 | JCF-20-09-1796-17A |

| Prisoner Interviewed: | YES ☒ | NO ☐ | IF "NO", Reason: _____ |
|---|---|---|---|
| Extension Granted: | YES ☐ | NO ☒ | If "YES", Enter End Date: Click or tap to enter a date. |

**COMPLAINT SUMMARY:**
Food Services Supervisor Graves continues to retaliate agianst for writing original grievance.

**INVESTIGATION SUMMARY:**
 Reyes 266511 stated that on 09.06.2020 Ms. Woodman asked him (Reyes 266511) to ask Ms. Graves a question. He (Reyes 266511) told Ms. Woodman "no". Ms Woodman had him sent in for not doing as instructed.

**APPLICABLE POLICY, PROCEDURE, ETC.:**
food service kitchem worker orientation manual

**DECISION SUMMARY:**
After a long discusion with Reyes 266511 it was agreed that it was resolved.

| RESPONDENT NAME: | A. Coffelt | TITLE: | FSD |
|---|---|---|---|
| RESPONDENT SIGNATURE: | | DATE: | 10/1/2020 |
| REVIEWER NAME: | T. Schubring | TITLE: | CFM |
| REVIEWER SIGNATURE: | | DATE: | Click or tap to enter a date. 10/28/75?? |

**Distribution:** Original - Step I Grievance Coordinator    Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: 11-16-2020

Grievance Identifier: JCF 2 0 0 9 1 7 9 6 1 7 A

RECEIVED NOV 16 2020

RECEIVED - MDOC

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

DEC 08 2020

Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to
GC by 11-16-2020. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Reyes | 266511 | JCF | G-2 | 9-6-20 | 9-13-20 |

**STEP II — Reason for Appeal** It's true that FSD Coffelt and I had a long
discussion due to the length of issues I have with
F/S Graves. But, at no time were a resolution given. Which
is why I did not sign off on this grievance.
Note: no discipline action was taken against
FS Graves. But yet, I am terminated from my job
assignment by F/S Graves. Need further investigation

**STEP II — Response**

Date Received by
Step II Respondent:
11/18/20

See Attached

RECEIVED NOV 25 2020

NOAH NAGY

Respondent's Name (Print)

Respondent's Signature

11/24/2020

Date

Date Returned to
Grievant:
11-25-2020

**STEP III — Reason for Appeal** Due to Warden Nagy rubber stamped response, he neglected to
even read the response. He stated I reiterates Step I complaint as My
reason to Appeal. No, if you look at the Appeal up above, it clearly
shows I spoke on Coffelt stating we resolve this when we didn't.
I need a open investigation into this.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



**STATE OF MICHIGAN**
**DEPARTMENT OF CORRECTIONS**
**LANSING**

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

### STEP III GRIEVANCE DECISION

Rec #:    122426

17A

| | | | |
|---|---|---|---|
| To Prisoner: | Reyes | #: | 266511 |
| Current Facility: | JCF | | |
| Grievance Identifier: | JCF-20-09-1796-17A | | |
| Step III Received: | 12/8/2020 | | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".  Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

### THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Date Mailed:    MAR 0 8 2021

**Richard D. Russell, Manager Grievance**
**Section, Office of Legal Affairs**

cc: Warden, Filing Facility:   JCF

EX: J

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step 1 _____   Grievance Identifier: |_|_|_|_|_|_|_|_|_|_|_|_|

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| | | J | G-2 | 10-4-20 | 10-8-20 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? ____ 10-4-20
If none, explain why.

I told ___ to F/S Grove, ___

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☒ No   If No, give explanation. If resolved, explain resolution.)

Respondent's Signature _____   Date _10-08-20_   Reviewer's Signature _____   Date _10/8/2020_

Respondent's Name (Print) ___ HATCH   Working Title _FSL_   Reviewer's Name (Print) _T. HYBEIN_   Working Title _CM_

| Date Returned to Grievant: 10-30-___ | If resolved at Step I, Grievant sign here. Resolution must be described above. | | Grievant's Signature | | Date |
|---|---|---|---|---|---|

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

**MICHIGAN DEPARTMENT OF CORRECTIONS**

CSJ-247S 3/18/2019

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM

(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A "See attached CSJ-247S")

| Prisoner Last Name: | Prisoner #: | Lock/Location: | Grievance #: |
|---|---|---|---|
| Reyes | 266511 | G/2 | JCF-20-10-1982-17a |

| Prisoner Interviewed: | YES ☐ | NO ☒ | If "NO", Reason: | See Decision Summary for Reason |
|---|---|---|---|---|
| Extension Granted: | YES ☐ | NO ☐ | If "YES", Enter End Date: | IF "YES", Enter End Date |

**COMPLAINT SUMMARY:**

Inmate Reyes states that he was retaliated against by Cook Graves for filing grievances because of the performance evaluation 363 she filled out.

**INVESTIGATION SUMMARY:**

It was found that the grievance was written after the performance evaulation was filled out.

**APPLICABLE POLICY, PROCEDURE, ETC.:**

**DECISION SUMMARY:**

This grievance was written after receiving a 363 score he did not agree with for his performance of 10.04.2020 this grievance is hereby denied.

| RESPONDENT NAME: | Coffell | TITLE: | FSD |
|---|---|---|---|
| RESPONDENT SIGNATURE: | *[signature]* | DATE: | 10·28·2020 |
| REVIEWER NAME: | Schubring | TITLE: | Facility Manager |
| REVIEWER SIGNATURE: | *[signature]* | DATE: | 10/28/2020 |

**Distribution:** Original - Step I Grievance Coordinator  Copies – 3 To Grievant (1 Prisoner Copy; 1 for Step II filing; 1 for Step III filing)

# Step II Grievance Appeal Response

**JCF-2020-10-1982-17A**

**Name:**  **Reyes**                    **Number:**  **266511**                    **G02**

**Summary of Step I Complaint**:

Grievant states he Food Service Supervisor (FSS) Graves retaliated against him for filing grievances by filling out a unauthorized 363 and negatively scoring it as below average.

**Summary of Step I Response**:

The Step I response indicates Grievant wrote this grievance after receiving a CSJ 363 Prisoner Program and Work Assignment Evaluation with a score that he did not agree with on 10/04/2020.

**Summary of Reason for Appeal**:

Grievant reiterates Step I complaint.

**Summary of Step II Investigation**:

Upon review of the Step I grievance, Step II grievance appeal form and investigative information, step I response was appropriate. There is no evidence of retaliation. There is no violation of policy PD 03.03.130 Humane Treatment and Living Conditions or 05.01.100 Prisoner Program Classification.

**Conclusion**:

Grievance is denied in accordance with PD 03.02.130 Prisoner/Parolee Grievances.

Based on the above, your grievance is considered              **Denied**      at Step II.

Noah Nagy, Warden

| | | |
|---|---|---|
| Respondent's Name (Print) | Respondent's Signature | 11/24/2020  Date |

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

4835-4248 5/09
CSJ-247B

Date Received by Grievance Coordinator
at Step II: 11-17-2020

Grievance Identifier: J C F 2 0 1 1 0 1 1 9 8 2 1 7 4

RECEIVED NOV 17 2020

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED
DEC 08 2020
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ GC _____ by 11-17-2020 . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Reyes | 260511 | JCF | G-2 | 10-4-20 | 10-16-20 |

**STEP II — Reason for Appeal** F/SD Coffelt neglected to state that I brought
this issue to a FSS (0) on first shift. I also talked to FSD Coffelt
or Leigh in her office concerning this bogusly written 363.
FSD Coffelt also neglected to state she did not give FSS Graves
or her co-worker a written 363, Since FSS Rose just submitted
a six month 363 a few weeks prior given me a near perfect
score. Due to no disciplinary action taken against FSS Graves, they felt
comfortable to keep retaliation against me, which is why, I'm now terminated

**STEP II — Response**

See attached

| Date Received by Step II Respondent: 11/24/20 |
|---|

RECEIVED NOV 25 2020

NOAH NAGY
Respondent's Name (Print)

_[signature]_
Respondent's Signature

11/24/2020
Date

| Date Returned to Grievant: 11-25-2020 |
|---|

**STEP III — Reason for Appeal** Once again, Warden Nagy responses does not add up
to the facts. Grievant did not reiterate Step I in his appeal. If
this issue was investigated several grievance ago, I wouldn't
be filing this Step III. This issue in the grievance needs to
be investigated and this Grievance process

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III —** Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



GRETCHEN WHITMER
GOVERNOR

**STATE OF MICHIGAN**
**DEPARTMENT OF CORRECTIONS**
**LANSING**

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:     122427

17A

| To Prisoner: | Reyes | #: 266511 |
|---|---|---|

Current Facility:       JCF

Grievance Identifier:   JCF-20-10-1982-17A

Step III Received:      12/8/2020

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances". Upon examination it has been determined that your issue was in fact considered, investigated, and a proper decision was rendered.

## THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

Date Mailed:       MAR 0 8 2021

**Richard D. Russell, Manager Grievance**
**Section, Office of Legal Affairs**

cc: Warden, Filing Facility:   JCF

GRANDVIEW PLAZA · P.O BOX 30003 · LANSING, MICHIGAN 48909

EX. K

MICHIGAN DEPARTMENT OF CORRECTIONS
CSJ-228
4835-3228

# MISCONDUCT REPORT

| Prisoner Number: 266511 | Prisoner Name: Reyes | | Facility Code: JCF | Lock: G-02 | Violation Date: 10-11-20 |
|---|---|---|---|---|---|

| Time and Place of Violation: 5:00a.m.Cotton Food Service | Contraband Removal Record Provided to Prisoner? ☐ Yes  Date _____  ☒ N/A |
|---|---|

Misconduct Class: ☐ I  ☒ II  ☐ III    Charge(s): Out of place

Describe Violation (If contraband involved, describe in detail; identify any other employee witnesses):

When I reported to work on 10/11/20 at 5 a.m. prisoner Reyes #266511 had not shown up for his shift. I asked the 3rd shift chow hall c/o, officer Dellassontos to call G-unit. He did so and reported to me that prisoner Reyes #266511 did not want to work today. At no time did Reyes have permission to not report to work on 10/11/20. Prisoner Reyes #266511 was identified by Otis and G-block locator.

| Reporting Staff Member's Name (Print) Graves/Fss7 | Reporting Staff Member's Signature *Graves Fss 7* | Date and Time Written 10/12/20  12:30 |
|---|---|---|

## REVIEW

Location/Verification/Condition of Evidence:

Elevated to Class I at review:  ☐ No  ☐ Yes    If "yes", explain reason:

### COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT

Status Pending Hearing:  ☐ Bond    ☐ Segregation    ☐ Confinement to Cell/Room    ☐ Other
Reason if Non-Bond:  ☐ Non-Bond List    ☐ Bond Revoked (must give reason)

| Date and Time Given this Status: | Who Notified in Housing Unit of Status: |
|---|---|

| Hearing Investigator Requested? ☐ No  ☐ Yes | Witnesses Requested?  ☐ No  ☐ Yes  If yes, list: |
|---|---|

| Relevant Documents Requested? ☐ No  ☐ Yes  If yes, list | |
|---|---|

| Additional Comments: | Prisoner Waives 24 Hour Notice of Hearing?  ☐ No  ☐ Yes  Hearing Date: |
|---|---|

| Reviewing Officer's Name (Print) | Reviewing Officer's Signature | Review Date and Time |
|---|---|---|

| I have received a copy of this report. My signature does not necessarily mean that I agree with the report.  ☐ Prisoner refused to sign. Copy given to prisoner. | Prisoner's Signature | Date |
|---|---|---|

### WAIVER OF CLASS II OR III HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

#### SANCTIONS IMPOSED (Hearing Investigator enters begin and end dates for Class II misconducts)

| _____ Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class III only) |
|---|---|---|---|
| _____ Days Loss of Privileges | Begins: _____ | Ends: _____ | ☐ $ _____ Restitution (Class II only) |
| _____ Hours Extra Duty | Begins: _____ | Ends: _____ | |

Property Disposition If Applicable:

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature | Date |
|---|---|---|

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
|---|---|---|

Distribution: Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-229
10/10

## CLASS II AND III MISCONDUCT HEARING REPORT

### GENERAL INFORMATION

| Prisoner Number | Prisoner Name | Facility Code | Violation Date |
|---|---|---|---|
| **266511** | **Reyes** | **JCF** | **10/11/20** |

### MISCONDUCT VIOLATION

| Hearing | Misconduct Charges |
|---|---|
| Class II  ☒ | **Out of Place** |
| Class III ☐ | |

| Misconduct Charge if Changed by Hearing Officer | Plea |
|---|---|
| | ☐ Guilty  ☒ Not Guilty |

### WAIVER OF HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

### HEARING REPORT (Do Not Complete if Hearing Waived)

**Evidence and/or prisoner statement in addition to misconduct report:** Prisoner Reyes #266511 stated he reported to the unit Officer at 0430 hours that he had a migrane and didn't feel well enough to go to work. Prisoner Reyes originally stated he didn't get migranes then changed his statement to he regularly gets migranes. Prisoner Reyes stated he spoke with Officer Ogunkola. Page 1 of 2.

**Reasons for findings:** I interviewed Prisoner Reyes #266511 stated he reported to Officer Ogunkola that he didn't feel well and didn't want to go to work. Officer Ogunkola stated he called food service and spoke with Officer Delossantos telling him Prisoner Reyes was not going to go to work. Officer Ogunkola stated he didn't necessarily give Prisoner Reyes permission not to report to work, however, reported the information to the Food Service Officer. Officer Ogunkola was informed prisoners are required to report to their callout even if they are not feeling well. I spoke with RN Lester who stated Prisoner Reyes does have a history of migranes. I spoke with Food Service Supervisor Coffelt who stated prisoners are informed they are to report to work whether prisoners are sick or not. Once prisoners report to work they will be sent to health care to be evaluated and health care will determine whether the prisoner is to be laid in for the day. Ms. Coffelt gave me a copy of the Offender Food Employee Reporting Agreement Prisoner Reyes signed, dated March 13,2020, stating prisoners are required to report to the person in charge (food service employees) what their symptoms are. I have reviewed OP 04.07.103 which states the Food Service Employee shall check the prisoner upon arrival to work. If the prisoner is not fit for work, the prisoner will either be sent back to his housing unit or will be sent to health care to be evaluated.

### FINDINGS

| Charge 1 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code 436 |
|---|---|---|---|---|
| Charge 2 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code _____ |
| Charge 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code _____ |
| Charge 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code _____ |

### SANCTIONS (Hearing Investigator enters begin and end dates)

| _____ Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class III only) |
|---|---|---|---|
| 2 Days Loss of Privileges | Begins: _____ | Ends: _____ | |
| _____ Hours Extra Duty | Begins: _____ | Ends: _____ | ☐ $ _____ Restitution (Class II only) |

Property Disposition if Applicable: _____

Misconduct Hearing Report given to Hearing Investigator for Delivery to Prisoner this date: __10/27/20__

| Hearing Officer's Name (Print) | Hearing Officer's Signature | Hearing Date |
|---|---|---|
| LT. Losacco | | 10/27/20 |
| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
| | | |

Distribution: Counselor File; Record Office File (Class II); Prisoner

MICHIGAN DEPARTMENT OF CORRECTIONS

**CLASS II AND III MISCONDUCT HEARING REPORT**

CSJ-229
10/10

## GENERAL INFORMATION

| Prisoner Number | Prisoner Name | Facility Code | Violation Date |
|---|---|---|---|
| **266511** | **Reyes** | **JCF** | **10/11/20** |

## MISCONDUCT VIOLATION

| Hearing | Misconduct Charges | |
|---|---|---|
| Class II ☒ | **Out of Place** | |
| Class III ☐ | | |

| Misconduct Charge if Changed by Hearing Officer | Plea |
|---|---|
| | ☐ Guilty ☒ Not Guilty |

## WAIVER OF HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

## HEARING REPORT (Do Not Complete if Waived)

**Evidence and/or prisoner statement in addition to misconduct report:** Prisoner Reyes #266511 stated he reported to the unit Officer at 0430 hours that he had a migrane and did not feel well enough to go to work. Prisoner Reyes originally stated he didn't get migranes then changed his statement to he regularly gets migranes. Prisoner Reyes stated he spoke with Officer Ogunkola. Page 2 of 2.

**Reasons for findings:** I received a statement from Ms. Graves stating prisoners are required to report to work, even if they are not feeling well and it will be determined by Food Service Employees if the prisoner is well enough to work or not. Ms. Coffelt informed me of the same information. Based on the information provided in the investigation of this hearing, I find Prisoner Reyes guilty of this misconduct. I have reviewed Prisoner Reyes' misconduct history and found he has received two class II misconducts for the 2020 year. Prisoner Reyes has not received a misconduct since 2017, outside of what was received this year. Prisoner Reyes was present during this hearing and informed of the sanctions imposed. Prisoner Reyes was also informed all call outs are mandatory and he is required to report.

Prisoner Reyes provided a Jpay letter that was sent to Heidi Washington regarding alleged retaliation from Ms. Graves, however, this provided no support to Prisoner Reyes not following proper protocol when reporting to work even when feeling ill.

Note: Prisoner Reyes is identified as having a hearing disability. Prisoner Reyes reported to me verbally during my interview that he can understand me and did not need an interpreter.

## FINDINGS

| | | | | | |
|---|---|---|---|---|---|
| Charge 1 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code 436 |
| Charge 2 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code ___ |
| Charge 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code ___ |
| Charge 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code ___ |

## SANCTIONS (Hearing Investigator enters begin and end dates)

| _____ | Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class III only) |
|---|---|---|---|---|
| 2 | Days Loss of Privileges | Begins: _____ | Ends: _____ | |
| _____ | Hours Extra Duty | Begins: _____ | Ends: _____ | ☐ $ _____ Restitution (Class II only) |

Property Disposition if Applicable: _____

Misconduct Hearing Report given to Hearing Investigator for Delivery to Prisoner this date: __10/27/20__

| Hearing Officer's Name (Print) | Hearing Officer's Signature | Hearing Date |
|---|---|---|
| LT Losacco | | 10/27/20 |
| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |

Distribution: Counselor File; Record Office File (Class II); Prisoner

Ex. L

**You have received a JPay letter, the fastest way to get mail**

From    : TYRONE REYES, ID: 266511
To .  Marjorie Toins,  CustomerID: 2031960
Date :  10/29/2020 10:12:08 PM EST.    Letter ID: 977601361
Location :  JCF
Housing :  G02BOTL

To: Warden Nagy
      Fac. Mng. Schubring

From: Tyrone Lee Reyes,
        G.Roberts Cotton

October 29th, 2020

                    Re: Complaint upon Warden Request on FSS Graves

        On 10/28/20, I Tyrone L. Reyes, talked to Warden Nagy and explained that I was still being retaliated against by FSS GRAVES, resulting in my termination from food service. Since the complaint filed to this office on 10/08/20, the following things occurred;

        1) Several times I was unable to do my job effectively, because FSS Graves would not do anything I asked. Forcing member to search and wait on another supervisor.

        2) On 10/09/2020, I had a meeting with Food Dir. Coffelt concerning 10/08/2020 complaint and bogus 363 evaluation that FSS Graves submitted with no authorization from anyone, since my six month evaluation has just been complete a week before. (Coffelt acknowledged she did not authorize it, but yet signed it and processed it.)

        3) On 10/11/2020, at approx. 4:30am, I ways suffering from and severe migraine and dizzy spells. I notified ofc. Ogunkola, that I was not feeling good and had a migraine and could he call food service to let them know? He stated he would and he did.

        4) FSS Graves, asked first shift kitchen officer (can't spell name) to write an out of place on me. This officer wouldn't, forcing FSS Graves to write misconduct on its own. Stating in the body of the misconduct that I told the officer, "I don't feel like working". Which is not true.

        FSS Graves, seen a opportunity and wrote this misconduct. Evidence that this action is in retaliation, (1) Officers writes these out of places, (2) record will reflect FSS Graves has never written this type of misconduct before, (3) record will reflect that a lot of food service workers did not show up to work when FSS Graves worked and she never wrote them a misconduct.

        On 10/28/2020, I was found guilty of this misconduct, because I didn't personally walk over to food service and tell them I was sick. It has always been common practice to report to the officer in the unit and they call food service officer to notify them of prisoner not feeling good. No one has ever received this type of misconduct here at JCF for following this type of practice.

        This practice has been more commonly used during the Covid-19 pandemic, because if you was  experiencing one of the symptoms before daily temperature taking, they didn't want you coming to food service. We was encouraged to report to the officer in the unit.

        It is clear, FSS Graves was dead set on firing me using every tool at its disposal and became bold every time their attempt went unchecked by its superiors, in with I've reported it every time.

        I request a proper investigation, my job detail reinstated, 363's removed from my files, misconduct removed from my files, and FSS Graves disciplined for every retaliatory action against me.

        Warden Nagy, thank you for taking the time to talk to me and I hope this can be resolved in a timely manner without any further delays. I look forward to hearing from you or designee.

**You have received a *jpay* letter, the fastest way to get mail**

From   :  TYRONE REYES, ID: 266511
To :  Marjorie Toins, CustomerID: 2031960
Date .  10/29/2020 10:12:08 PM EST,     Letter ID: 977601361
Location :  JCF
Housing :  G02BOTL


Respectfully submitted,
Tyrone Reyes

*H.I.D.* *10/13* *71581* *Ex. M*
*I-40*

MICHIGAN DEPARTMENT OF CORRECTIONS
## MISCONDUCT REPORT

CSJ-228
10/10   4835-322B

| Prisoner Number: | Prisoner Name: | | Facility Code: | Lock: | Violation Date: |
|---|---|---|---|---|---|
| 266511 | Reyes | | JCF | G8 | 10/4/21 |

| Time and Place of Violation: | Contraband Removal Record Provided to Prisoner? |
|---|---|
| 1116 hrs Cotton food service | ☐ Yes  Date _____   ☐ N/A |

Misconduct Class: ☒ I  ☐ II  ☐ III   Charge(s): Threatening Behavior

Describe Violation (If contraband involved, describe in detail; identify any other employee witnesses):
I directly observed prisoner Reyes 266511 G8 yelling at prisoner Klock 703264 F70. Prisoner Reyes stated that "I will come back behind that counter and fuck you up, I will Beat your ass Right now." prisoner took his glasses off and went behind the counter got two feet from prisoner Klock and stated "I came in the back so I can beat your ass, I will fuck you up you little bitch." prisoner Reyes words and actions expressed intent to physically injure or abuse to prisoner Klock.

Reyes ID'ed By state ID & OHS Sheet.

| Reporting Staff Member's Name (Print) | Reporting Staff Member's Signature | Date and Time Written |
|---|---|---|
| R Mask | _signature_ | 10/4/21  1223 |

### REVIEW

Location Verification/Condition of Evidence:

Elevated to Class I at review:  ☐ No  ☐ Yes   If "yes", explain reason

### COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT

Status Pending Hearing:  ☐ Bond   ☐ Segregation   ☐ Confinement to Cell/Room   ☐ Other
Reason if Non-Bond   ☐ Non-Bond List   ☐ Bond Restriction (multiple reason)

| Date and Time Given this Status: | When Placed in Housing Unit of Status: |
|---|---|

Hearing Investigator Requested?  ☒ No  ☐ Yes     Witnesses Requested?  ☐ No  ☐ Yes
If yes, list

Relevant Documents Requested?  ☒ No  ☐ Yes
If yes, list

| Additional Comments: | Prisoner Waives 24 Hour Notice of Hearing?  ☐ No  ☒ Yes  Hearing Date: |
|---|---|

| Reviewing Officer's Name (Print) | Reviewing Officer's Signature | Review Date and Time |
|---|---|---|
| | | 10/4/21 @ 1322 |

I have received a copy of this report.  My signature does not necessarily mean that I agree with the report.
☐ Prisoner refused to sign.  Copy given to prisoner.

| Prisoner's Signature | Date |
|---|---|

### WAIVER OF CLASS II OR III HEARING

I understand I have a right to a hearing.  I waive my right to a hearing and plead guilty to all charges.  I also waive my right to appeal and accept the sanctions imposed.

| Prisoner's Signature | Date |
|---|---|

### SANCTIONS IMPOSED (Hearing investigator enters begin and end dates for Class II misconducts)

| | | | |
|---|---|---|---|
| _____ Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class III only) |
| _____ Days Loss of Privileges | Begins: _____ | Ends: _____ | ☐ Restitution (Class II only) Hearings Investigator |
| _____ Hours Extra Duty | Begins: _____ | Ends: _____ | |

Property Disposition if Applicable:

OCT 20 2021

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature  Austin | Date |
|---|---|---|

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
|---|---|---|

Distribution: Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)

Ex c N

MICHIGAN DEPARTMENT OF CORRECTIONS
**REQUEST FOR REHEARING RESPONSE**



086

| PRISONER NUMBER | Name: | | Facility: |
|---|---|---|---|
| 266511 | Reyes | | JCF |

| Misconduct Date: | Hearing Officer: | Hearing Date: | Received Date | | ☐ Warden RFR |
|---|---|---|---|---|---|
| 10/4/2021 | 071 | 10/12/2021 | 11/10/2021 | P | ☑ Prisoner RFR |

**1st Charge** 012    012 – Threatening Behavior
**2nd Charge**
**3rd Charge**
**4th Charge:**

◄ | **REHEARING DECISION** | ►

A request for rehearing in the above referenced matter is submitted by the prisoner who continues to argue his case but offers no new verifiable evidence not available at the original hearing.

PD 03.03.105 "Prisoner Discipline" and its attachments contain the definitions of the misconduct charges and gives notice of how and what a prisoner may be charged with and that a rehearing shall be granted only for the following reasons:

1. The record of testimony made at the hearing is inadequate for the purpose of judicial review.
2. The hearing was not conducted pursuant to applicable statutes or policies and rules of the Department and the deviation from policy, rule, or statue resulted in material prejudice to either party.
3. The due process rights of the prisoner have been violated.
4. The decision of the hearing officer is clearly not supported by competent, material, and substantial evidence on the whole record.
5. The officer who conducted the hearing was personally biased.

In this case, the prisoner was charged with and found guilty of Threatening Behavior. All issues raised at Request for Rehearing were adequately addressed by the Administrative Law Judge (ALJ) in the hearing report.

A rehearing is granted only when it appears a prisoner may not have received due process, or in the rare case when new, verifiable, and relevant evidence is presented that was not available at the time of the hearing. Neither of these conditions has been met.

The hearing was conducted pursuant to applicable statute, and policy and rules of the Department. The decision of the hearing officer is supported by competent, material, and substantial evidence on the whole record. No bias is apparent and there is insufficient evidence presented on appeal that would support granting a rehearing on the matter.

The Request for Rehearing is DENIED.

| Decision: | ☐ Approved | | Date Mailed: |
|---|---|---|---|
| | ☑ Denied | ☐ Returned without action; Not filed within 30 calendar days | |
| | *R.D. Russell* | | MAILED MAR 3 0 2022 |
| | RICHARD D. RUSSELL, HEARINGS ADMINISTRATOR | | |

30276

MICHIGAN DEPARTMENT OF CORRECTIONS
**REQUEST FOR REHEARING**

CSJ-418
REV. 10/10
4835-3418

## INSTRUCTIONS

1. This form is to be used only to request reconsideration of the decision of a hearing officer on one of the following:
   a. Class 1 Misconduct.
   b. Notice of Intent to Classify to Administrative Segregation.
   c. Special designation which permanently denies Community Residential Program (CRP) placement.
   d. Visitor restriction.
   e. High or very high risk classification.
   f. Excess legal property hearing.
   g. Special Education Individual Education Planning Committee (IEPC) hearing.
2. You MUST attach a copy of the hearing report to this request and, if appealing a misconduct hearing, a copy of the Class 1 Misconduct Report. If they are not attached, this form may be returned to you without a decision. You do not have to include a copy of the Hearing Investigation packet.
3. Submit the completed form to: Hearings Administrator, Department of Corrections, Office of Legal Affairs, P.O. Box 30003, Lansing, Michigan 48909. This form must be received by the Hearings Administrator within 30 calendar days of the date of the decision by the hearing officer.

RECEIVED - MDOC
NOV 10 2021
Office of Legal Affairs

| PRISONER'S NUMBER | PRISONER'S NAME | INSTITUTION |
|---|---|---|
| 266511 | Tyrone Reyes | JCF |

| DATE OF MISCONDUCT | TYPE OF HEARING (IF/MISCONDUCT, LIST CHARGES ALSO) |
|---|---|
| 10-4-2021 | Threatening Behavior (012) |

DATE OF HEARING
10-12-2021

Briefly explain why you believe a rehearing should be ordered:

Issue 1: I did not ask for an Investigator, in which violated My right to have a Hearing in (4) four business days. I felt My credibility of never having a threatening behavior in 24 plus years on a prisoner would've held up against this officer fabricated Misconduct. The H/O didn't request an investigation, therefore this investigation was held w/o given me the proper time to challenge it, because I didn't know a video was going to be used against me.

Issue 2: Hearing investigator refused to writ allow me to write My own statement with signature, instead wrote a summonize account of what I stated, which was no-where near what I stated.

SIGNATURE OF PERSON REQUESTING REHEARING
Tyrone Reyes

DATE
Nov. 2nd, 2021

## DECISION

☑ Disapproved

SEE ATTACHED

☐ Approved – Rehearing Ordered

☐ Returned without action – Not filed within 30 calendar days

| HEARINGS ADMINISTRATOR | DATE |
|---|---|
| R D Russel /cc | MAILED MAR 3 0 2022 |

DISTRIBUTION: White – Hearings Administrator; Canary – Person Requesting Rehearing

E-60

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240B
Rev. 10/10

# CLASS I MISCONDUCT HEARING REPORT

| Prisoner 266511 | Prisoner Name Reyes | | Facility Code JCF | Lock ~~1-40~~ | Violation Date 10/04/2021 |
|---|---|---|---|---|---|

Charge(s)

**(012) Threatening Behavior**

| If Charge Changed by Hearing Officer | Plea |
|---|---|
| | ☐ Guilty  ☒ Not Guilty |

| Misconduct Report Read to and Discussed with Prisoner | ☒ (check if applies) | No Hearing Investigation Requested |
|---|---|---|
| Hearing Investigation Read to and Discussed with Prisoner | ☒ (check if applies) | ☒ (check if applies) |

## EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT

Prisoner present. The hearing was conducted by video. The prisoner was confined since October 4. ALJ read the misconduct report and investigation to the prisoner in their entirety. The hearing packet consists of the Misconduct Report (1 page), Hearing Investigation Report (1 page), statement from the prisoner (1 page), Witness Statement (Prisoner Klock #703264) (1 page), email from Officer Hamilton (1 page), Memorandum from Hearings Investigator (1 page), CSJ-572C (1 page), Misconduct Sanction Screening Form (1 page), Offender Restriction Filter Report (1 page), and video from the prison's surveillance system (held confidential but summarized for prisoner) (1 disc).

**Continued on page 2.

## REASONS FOR FINDINGS

Due process: the prisoner has a hearing impairment. His preferred method of communication is talking loud. ALJ spoke loudly and deliberately during the hearing. ALJ finds that the prisoner was able to understand and communicate effectively with ALJ based on his ready communications with ALJ and appropriate responses to questions. In addition, the prisoner said that the reviewing sergeant spoke loud enough for the prisoner to hear him. ALJ finds that the prisoner was able to communicate and participate meaningfully in every stage of the hearings process. There was no due-process violation.

**Continued on page 2.

Hearings Investigator

OCT 2 0 2021

Austin

## PROPERTY DISPOSITION (for contraband see PD 04.07.112)

### FINDINGS

| | | | | | |
|---|---|---|---|---|---|
| Charge No. 1 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | 012 |
| Charge No. 2 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | ___ |
| Charge No. 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | ___ |
| Charge No. 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | ___ |

### DISPOSITION (select one or more) (Toplock & LOP Sanctions End at 6:00 am)

| | | Begins | Ends | | |
|---|---|---|---|---|---|
| 10 | Days of Detention | 10/12/2021 | 10/22/2021 | ___ | Days Credit |
| ___ | Days Top Lock | | | ___ | Hours Extra Duty |
| 30 | Days Loss of Privileges | 10/22/2021 | 11/21/2021 | $ ___ | Restitution* |

| Misconduct Hearing Report personally handed to Prisoner by Hearing Officer on this date: ___ (Check if Applies) ☐ | Hearing Report given to Staff Member by Hearing Officer for Delivery to Prisoner this date: **10/14/2021** (Check if Applies) ☒ |
|---|---|
| Date of Hearing **10/12/2021** | Name of Staff Member **HI Austin - JCF** |

| Hearing Officer's Name 071 Schneider | Hearing Officer's Signature *ALE Schmidt* | Date 10/14/2021 |
|---|---|---|

DISTRIBUTION ☐ Record Office ☐ Central Office File ☐ Prisoner ☐ Counselor File ☐ Hearing Investigator

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240D  12/90
4835-4243

**CLASS I MISCONDUCT**          **HEARING REPORT – Continuation Page No.** __2__
(Type of Hearing)

| Prisoner Number | Prisoner Name | | Institution | Violation/Notice Date |
|---|---|---|---|---|
| 266511 | | Reyes | JCF | 10/04/2021 |

(Continued from Page One: Evidence/Statements):

Prisoner's testimony: ALJ asked the prisoner his preferred method of communication, and he said, "As long as I'm looking, I can hear everything they saying." ALJ asked the prisoner if he can hear ALJ, and he said, "Yes sir." ALJ asked if he could hear Sgt. Cooper at review, and he said, "Yes sir." ALJ asked the prisoner for his plea, and he said, "Not guilty." ALJ asked if he said the quoted words, and he said, "No sir." ALJ asked if he said something similar, and he said, "No sir." ALJ asked if someone else said it, and he said, "No sir." ALJ asked why the officer would fabricate this, and he said, "Someone make a statement about his wife earlier, and he looked at me because I end up giggling. The person he's referring to, I did get into a argument with him, but I never threatened that person. He saw an opportunity." ALJ asked the prisoner if he had anything else to add, and he said, "No sir." ALJ asked the prisoner why he removed his glasses and summoned Prisoner Klock to the back area, and he said, "Asked him to come to the back to discuss it."

Video: at 11:10:40, Prisoner Reyes #266511 (white jumpsuit, glasses, no mask) moved over by two carts with apples on them. He picked something up and waived it at the line workers while yelling something. Reyes and Prisoner Klock #703264 (line worker, mask down on chin) yelled back and forth. At 11:11:01, Reyes suddenly walked around the serving line to the backside toward Klock while removing his glasses. He started to walk through a doorway to the rear kitchen area, but Klock did not follow. Reyes then turned and walked toward Klock. He got right in Klock's face and walked through a different doorway to the kitchen area. Klock took a couple steps as if about to follow but then turned back. As he did, Officer Mask was approaching while calling for backup on his radio. Reyes, not yet having seen Mask, came back out yelling at Klock, and Mask gestured to him. Reyes turned and left, and Mask pursued him.

(Continued from Page One: Reasons for Findings):

Threatening Behavior is "[w]ords, actions, or other behavior [that] expresses an intent to injure or physically abuse another person. Such misconduct includes attempted assault and battery." MDOC PD 03.03.105A. The prisoner is accused of yelling at Klock, "I will come back behind hot counter and fuck you up. I will beat your ass right now" and "Come in the back so I can beat your ass. I will fuck you up you little bitch." The prisoner admits to arguing with Klock and summoning him to the back kitchen area but denies making any threat. On the video, Reyes took his glasses off while approaching Klock, a classic sign of an intent to fight. They could have argued from a distance across the counter. There was no reason to close that distance but to express an intent to use physical force on Klock. That's consistent with the officer's report of the prisoner's alleged words. As to the prisoner's explanation that he summoned Klock to the back to talk, that's not credible. They could have and did speak out in the dining area. There was no reason to summon Klock to the back but to fight him there where they would not be seen by staff.

Overall, ALJ finds the greater impression to be that the prisoner did yell the quoted statements at Klock. ALJ finds that the prisoner's words and actions expressed an intent to injure Klock because approaching him aggressively while removing his glasses was an aggressive action that meant an intent to fight Klock. Also, "fuck you up" and "beat your ass" are commonly understood to mean an assault. The elements of the offense are met, and the charge is upheld. The prisoner was informed of the findings, sanctions, and sanction dates.

The prison video recording is held confidential because its release would reveal the capabilities of the prison surveillance system, allowing prisoners to learn of and defeat prison security measures.
END OF REPORT.

| HEARING OFFICER'S NAME & CMIS CODE (Typed) | Copy of Hearing Report personally handed to Prisoner by Hearing Officer this date | |
|---|---|---|
| ALE Schneider 071 | | (check if applies) ☐ |
| HEARING OFFICER'S SIGNATURE | Copy of Hearing Report Given to Staff Member by Hearing Officer for Delivery to Prisoner this date 10/14/2021 | (check if applies) ☒ |
| s/ ALJ Schneider | Date of Hearing | (Name & Clock No. of Staff Member) |
| | 10/12/2021 | Hearings Investigator T/f Austin JCF |

OCT 20

Austin

# MISCONDUCT REPORT

| Prisoner Number: 266511 | Prisoner Name: Reyes | | Facility Code: JCF | Lock: E-60 | Violation Date: 11-02-2021 |
|---|---|---|---|---|---|

| Time and Place of Violation: 1115hrs upper left bathroom | Contraband Removal Record Provided to Prisoner? ☐ Yes  Date ☒ N/A |
|---|---|

**Misconduct Class:** ☐ I ☒ II ☐ III   Charge(s): Out of place

**Describe Violation** (If contraband involved, describe in detail; identify any other employee witnesses):

During Formal count I directly observed Prisoner Reyes 266511 coming from the upper left bathroom to his room E-60 . Prisoner Reyes did not have Staff Authorztion to be out of his room at that time.
Prisoner Reyes 266511 Identified by Daily contact and E-Unit count board.

| Reporting Staff Member's Name (Print) C/O Fridd | Reporting Staff Member's Signature | Date and Time Written 11/02/2021 1300hrs |
|---|---|---|

## REVIEW

Location/Verification/Condition of Evidence:

Elevated to Class I at review: ☐ No ☐ Yes   If "yes", explain reason:

## COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT

Status Pending Hearing: ☐ Bond ☐ Segregation ☐ Confinement to Cell/Room ☐ Other
Reason if Non-Bond: ☐ Non-Bond List ☐ Bond Revoked (must give reason)

| Date and Time Given this Status: | Who Notified in Housing Unit of Status: |
|---|---|

| Hearing Investigator Requested? ☐ No ☐ Yes | Witnesses Requested? ☐ No ☐ Yes  If yes, list: |
|---|---|

Relevant Documents Requested? ☐ No ☐ Yes
If yes, list:

| Additional Comments: | Prisoner Waives 24 Hour Notice of Hearing? ☐ No ☐ Yes  Hearing Date: |
|---|---|

| Reviewing Officer's Name (Print) | Reviewing Officer's Signature | Review Date and Time |
|---|---|---|

| I have received a copy of this report. My signature does not necessarily mean that I agree with the report. ☐ Prisoner refused to sign. Copy given to prisoner. | Prisoner's Signature | Date |
|---|---|---|

## WAIVER OF CLASS II OR III HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

## SANCTIONS IMPOSED (Hearing Investigator enters begin and end dates for Class II misconducts)

| _____ Days Toplock | Begins: | Ends: | ☐ Counseling/Reprimand (Class III only) |
|---|---|---|---|
| _____ Days Loss of Privileges | Begins: | Ends: | ☐ $ _____ Restitution (Class II only) |
| _____ Hours Extra Duty | Begins: | Ends: | |

Property Disposition If Applicable:

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature | Date |
|---|---|---|

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
|---|---|---|

Distribution: Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247; 10/94
CSJ-247A

Date Received at Step I _____ Grievance Identifier: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone L Reyes | 266511 | JCF | E-60 | 10-4-21 | 11-7-21 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? **10-28-21**
If none, explain why.

I submitted a letter to G.C. Cobb
and ADW white for being deliberate
indifference to resolve issue to no avail.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. G.C. Cobb and
ADW white is being deliberate indifference for
interjecting themselves concerning my medical need
by wrongfully rejecting a grievance against Health
Service staff, stating I didn't attempt to resolve
issue with staff, in which I did and have document
to prove it. I am in severe pain due to not
getting ANY treatment, moreso now because there's
no investigating concerning the grievance they
rejected.

*Tyrone Reyes*
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No     If No, give explanation. If resolved, explain resolution.)

_____ _____ _____ _____
Respondent's Signature          Date          Reviewer's Signature          Date

_____ _____ _____ _____
Respondent's Name (Print)     Working Title   Reviewer's Name (Print)    Working Title

| Date Returned to Grievant: 11-24-21 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant.

MICHIGAN DEPARTMENT OF CORRECTIONS                                    4835-4248 5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**                                  CSJ-247B

Date Received by Grievance Coordinator          Grievance Identifier: [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]
at Step II: _____

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ by _____. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Reyes | 265011 | JCF | E-60 | 11-4-21 | 11-29-21 |

**STEP II — Reason for Appeal** I just got this form 1 day (11-29-21) and is placing it in
the box today (11-29-21).

Also because They ... grievance was ... I properly agent G.C. Cobb and
to ... Step I to ... was to ... I did not appeal
(escalated) ... I filed a Step I grievance ... them when I'm allowed to do.
Next investigation ...  ... of grievance policy if its rejected at Step II.

**STEP II — Response** This grievance and response have

been reviewed by the Wardens office

in accordance with PD 03-02.130 and

the Step I rejection is upheld at

Step II.

| Date Received by Step II Respondent: |
|---|

_____              _____              _____
Respondent's Name (Print)      Respondent's Signature         Date

| Date Returned to Grievant: 12-15-21 |
|---|

**STEP III — Reason for Appeal** Facility Administration is continually covering up
corrupt behavior via grievance process hindering any real
investigation. Look no further than grievance rejection letter where Cobb
name was on it and then states I did not appeal to the next step on
a Step I grievance. Lansing need to investigate the Grievance Process.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant

CSJ-229
10/10

# CLASS II AND III MISCONDUCT HEARING REPORT

## GENERAL INFORMATION

| Prisoner Number | Prisoner Name | Facility Code | Violation Date |
|---|---|---|---|
| 266511 | Reyes | JCF | 11/2/21 |

## MISCONDUCT VIOLATION

| Hearing | Misconduct Charges | | Plea |
|---|---|---|---|
| Class II ☒ | Out of Place | | |
| Class III ☐ | | | |

| Misconduct Charge if Changed by Hearing Officer | Plea |
|---|---|
| | ☒ Guilty    ☐ Not Guilty |

## WAIVER OF HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

## HEARING REPORT (Do Not Complete If Hearing Waived)

**Evidence and/or prisoner statement in addition to misconduct report:** Prisoner Reyes reported the day the alleged misconduct occurred was on the day the facility was being mass tested for COVID 19. Prisoner Reyes reported after he was tested for COVID, he returned to his cell and went to sleep. Prisoner Reyes reported he doesn't remember coming out to go to the bathroom during count, however, it is possible.

**Reasons for findings:** Based on the information provided in the misconduct and Prisoner Reyes statement, it was determined Prisoner Reyes is guilty of this misconduct. Prisoner Reyes was present during this hearing and was informed of the sanctions imposed. Prisoner Reyes has received four misconducts in the past two years. Prisoner Reyes was given one day LOP. Prisoner Reyes is deaf and hard of hearing. Prisoner Reyes primary means of communication is voice without hearing aids. Prisoner Reyes reported he was able to understand me, and effective communication was achieved based on Prisoner Reyes appropriately responding to me.

## FINDINGS

| Charge 1 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code 436 |
|---|---|---|---|---|
| Charge 2 | ☐ Guilty | ☐ Not Guilty | ☒ Dismissed | CMIS Code ___ not supported in |
| Charge 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code |
| Charge 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | CMIS Code then that its court |

## SANCTIONS (Hearing Investigator enters begin and end dates)

| ____ Days Toplock | Begins: | Ends: | ☐ Counseling/Reprimand (Class III only) |
|---|---|---|---|
| 1 Days Loss of Privileges | Begins: | Ends: | |
| ____ Hours Extra Duty | Begins: | Ends: | ☐ $ ____ Restitution (Class II only) |

Property Disposition if Applicable: ____

Misconduct Hearing Report given to Hearing Investigator for Delivery to Prisoner this date: 11/7/21

| Hearing Officer's Name (Print) | Hearing Officer's Signature | Hearing Date |
|---|---|---|
| LT. M. Losacco | | 11/7/21 |
| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
| | | 11/9/2021 |

Distribution: Counselor File, Record Office File (Class II); Prisoner

11-17-21

HIS EXP

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247  10/94
CSJ-247A

Date Received at Step 1 _____     Grievance Identifier: [ | | | | | | | | | | | | |7| | |3| | ]

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone L Reyes | 248511 | JCF | E-60 | 10-4-21 | 11-7-21 |

What attempt did you make to resolve this issue prior to writing this grievance?  **On what date? 10-28-21**
If none, explain why.

I submitted a letter to G.C. Cobb and ADW White for being deliberate indifference to resolve issue, to no avail.

State problem clearly.  Use separate grievance form for each issue.  Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form.  The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. G.C. Cobb and
ADW White is being deliberate indifference for
interjecting themselves concerning My medical need
by wrongfully rejecting a grievance against Health
Serv staff, stating I didnt attempt to resolve
issue with staff, in which I did and have documents
to prove it. I am in severe pain due to not
getting ANY treatment, more so now because there's
no medical staff addressing the grievance the proper
fashion.

_Tyrone Reyes_
Grievant's Signature

==========================================================

RESPONSE (Grievant Interviewed?  ☐ Yes  ☐ No     If No, give explanation.  If resolved, explain resolution.)

Respondent's Signature _____     Date _____     Reviewer's Signature _____     Date _____

Respondent's Name (Print) _____     Working Title _____     Reviewer's Name (Print) _____     Working Title _____

| Date Returned to Grievant: | If resolved at Step 1, Grievant sign here. Resolution must be described above. | Grievant's Signature _____ | Date _____ |
|---|---|---|---|

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod --- Grievant

E-60

MICHIGAN DEPARTMENT OF CORRECTIONS

4835-4248 5/09
CSJ-247B

**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: 12-1-21

Grievance Identifier: S C F 2 1 1 1 1 1 9 7 7 1 28 1

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

JAN 05 2022

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
_____ GC _____ by 11-30-21 . If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone Reyes | 241511 | JCF | E-60 | 11-4-21 | 11-29-21 |

**STEP II — Reason for Appeal** I just recei this form today (11-29-21) and is placing it in the box today (11-29-21).

ADW White. This grievance was filed properly against G.C. Cobb and There's no sixth argument to be made to say I did not appeal to the next step. I tried resolving issue with (Cobb and White), with no resolution, I filed a Step I grievance on them which I'm allowed to do. Facility is in violation of grievance policy if it's rejected at Step II. Need investigation.

**STEP II — Response** This grievance and response have been reviewed by the Warden's office in accordance with PD 03.02.130 and the Step I rejection is upheld at Step II.

| Date Received by Step II Respondent: |
|---|

NOAH NAGI

Respondent's Name (Print)

Respondent's Signature

12/14/2021

Date

| Date Returned to Grievant: 12-15-21 |
|---|

**STEP III — Reason for Appeal** Facility Administration is continually covering up corrupt behavior via grievance process hindering any real investigation. Look no further than grievance rejection letter where Cobb name was on it and then states I did not appeal to the next step on a Step I grievance. Lansing need to investigate the Grievance Process.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III — Director's Response is attached as a separate sheet.**

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



A-56

# STATE OF MICHIGAN
## DEPARTMENT OF CORRECTION.
### LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:     132108
           28J

| | | | |
|---|---|---|---|
| **To Prisoner:** | Reyes | #: | 266511 |
| **Current Facility:** | JCF | | |
| **Grievance Identifier:** | JCF-21-11-1977-28J | | |
| **Step III Received:** | 1/5/2022 | | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

## THE REJECTION IS UPHELD.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.     FEB 0 4 2022

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:     JCF
     Warden, Grieved Facility:

E-60    EX R

MICHIGAN DEPARTMENT OF CORRECTIONS

**CLASS II AND CLASS III MISCONDUCT APPEAL**

CSJ-274
10/10
4835-3274

**INSTRUCTIONS**

1. This form is to be used SOLEY for appealing Class II and Class III hearing decisions. If a Class II or Class III decision was combined with a Class I hearing decision, a Request for Rehearing (CSJ-418) must be filed.
2. This form must be submitted within 15 calendar days after receipt of the hearing officer's written decision.
3. Class II hearing decisions are appealed to the Deputy Warden.
4. Class III hearing decisions are appealed to the Assistant Deputy Warden (ADW). (NOTE: Prisoners at Woodland Center Correctional Facility (WCC) and the Women's Huron Valley Correctional Facility (WHV) appeal to a Captain designated by the Warden.)
5. State your reason for appeal.
6. Attach a copy of misconduct and hearing report.

A rehearing shall be ordered if any of the following are found to have occurred:

  a. The hearing was not conducted pursuant to Department policies and procedures and the departure from policy and procedure resulted in material prejudice to the prisoner.
  b. The prisoner's due process rights were violated.
  c. The decision of the hearing officer is not supported by the evidence on the record.

| Prisoner's Number | Name | Block/Unit Number | Cell/Room Number | Date of Incident |
|---|---|---|---|---|
| 266511 | Tyrone Reyc | E | 60 | 1-2-21 |

| Date of Hearing | Misconduct Class ☑ II ☐ III Charge(s) | Sentence |
|---|---|---|
| 11-7-21 | Out of Place | 1 day LOP |

**BRIEFLY DESCRIBE THE BASIS OF YOUR APPEAL:** (Rehearing or dismissal for the below reason)

Being a HID prisoner, I did not know for a fact if I went to the bathroom or not as I stated during my hearing. Furthermore, IF I did I had no way of knowing it was count. I was told when moved to Eunit that all exits is fitted for HID's. If that is the case, there is no Blue light to let HID's know it's Count time or any other lockdown situations.

This reporting officer (Fridd) did not call me to the desk and ask me for my I.D. So, how if I went to the restroom, how am I to know it was count time? Violation of the ADA (do not write below this line)

**APPEAL RESPONSE:**

The decision of the hearing officer is not supported as its the staff's responsibility to tell them that its count time per PD. 04.06.156 paragraph RR.

☐ Disapproved   ☑ Approved   ☐ Returned without action – not filed within 15 days

| Signature of Warden; Deputy Warden (Class II); Signature of ADW/WCC/WHV Captain (Class III) | Date |
|---|---|
|  | 11-17-21 |

DISTRIBUTION: WHITE – Deputy Warden (Class II); ADW/WCC/WHV Captain (Class III); CANARY – Retained by Prisoner

HID EX° S

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I  11-3-21          Grievance Identifier: ☐ JCF D☐☐☐☐   ☐☐ S 5☐  ☐☐ 7 A☐

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone L. Reyes | 260511 | JCF | E-60 | 11-3-21 | 11-5-21 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? ___11-3-21___
If none, explain why.    I talked to C/O Field above the below issue who responded by saying, "I don't care to have any issue with you."

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130. I am grieving ofc. Field for violating my rights under the ADA for hard of hearing prisoners. I asked him to submit an order for a blue light to be placed in the cell for Me so I'll know whether it's count or not. His response, "maybe you should listen more and you wouldn't be receiving tickets for coming out ⬤⬤⬤ during count. ofc Field refused to ...

_Tyrone Reyes_
Grievant's Signature

RESPONSE (Grievant Interviewed?  ☑ Yes  ☐ No     If No, give explanation. If resolved, explain resolution.)

| Respondent's Signature | Date | Reviewer's Signature | Date |
|---|---|---|---|
| | | Cpt Cla | 11-11-21 |
| Respondent's Name (Print) | Working Title | Kent S. hiller | S-3 |
| | | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: 11-12-21 | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

MICHIGAN DEPARTMENT OF
CORRECTIONS

CSJ-247B 8/18/96

## STEP I GRIEVANCE RESPONSE SUPPLEMENTAL FORM
(Use if space on the CSJ-247A is insufficient for a full response by stating on the CSJ-247A)

| Reyes | 266511 | E/60 | JCF-21-11-1965-17A |
|---|---|---|---|

|  |  | ☒ | NO | ☐ | IF NOT, Reason: | See Decision Summary for Reason |
|---|---|---|---|---|---|---|
|  |  | ☐ | NO | ☒ | IF YES, Date Resolved: |  |

Prisoner Reyes is complaining there is no blue light in his unit to notify him that it is count time. Prisoner Reyes states when he asked Officer Fridd regarding the blue light, Officer Fridd reported to Prisoner Reyes "maybe you should listen more and you wouldn't be receiving tickets for coming out during count".

I interviewed Officer Fridd, Officer Fridd reported he did have a prisoner request a blue light to be put into the unit to for count purposes. Officer Fridd reported he doesn't remember who the prisoner was who asked him. Officer Fridd reported he asked PC Kik about the light and was informed the unit was not getting a light.
I interviewed Prisoner Reyes. Prisoner Reyes is deaf/hard of hearing with a primary means of communication being voice without hearing aids. Prisoner Reyes stated he could understand me and was responding appropriately. Prisoner Reyes reported he received a misconduct for coming out at count time and didn't know it was count time. During the hearing, Prisoner Reyes reported it was possible he came out of his cell at count time and went to the bathroom. Prisoner Reyes was found guilty of this misconduct based on this information. See attached hearings report. It also shall be noted, prisoners are not authorized to file grievances as the result of a misconduct. Prisoner Reyes was asked what another occurrence he has had regarding this. Prisoner Reyes reported he has not had any further occurrences. Prisoner Reyes reported he wants the harassment to stop.

PD 04.04.101 Prisoner Count
PD 04.06.156 Deaf and/or Hard of Hearing Prisoners
PD 03.03.105 Prisoner Discipline
JCF OP 04.04.100

Pg 1 of 2

This grievance is being denied at step I.

| M. Losacco | TITLE: | Lieuteantn |
|---|---|---|
| *[signature]* | DATE: | 11/11/21 |
| R. Schiller | TITLE: | Captain |
| *[signature]* | DATE: | 11-11-21 |

**Distribution:** Original - Step I Grievance Coordinator, Copies – 3 To Grievant (1 Prisoner Copy, 1 for Step II filing, 1 for Step III filing)

56    HID

4835-4248 5/09
CSJ-247B

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM**

Date Received by Grievance Coordinator
at Step II: __11-29-21__

Grievance Identifier: | J | C | F | 2 | 1 | 1 | 1 | 1 | 9 | 5 | 5 | 1 | 7 | A |

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step II and Step III.

JAN 05 2022

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
__GC__ by __11-29-21__. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone L. Reyes | 266511 | JCF | E-60 | 11-3-21 | 11-25-21 |

**STEP II — Reason for Appeal** Being a H.I.D. prisoner, I am supposed to be in a unit that is in compliance 100%, to accommodate my needs, which is not the case of being in E-unit. Subjecting me to misconducts, because I may not know if it's count time or not w/o the blue light. ofc. Fridd unprofessional comment was meant to harass and degrade me for being a HID prisoner. In which grievant is continually suffering harassment from ofc. Fridd.

**STEP II — Response**

Date Received by Step II Respondent:

This grievance and response have been reviewed by the Warden's Office in accordance with PP 0302.130 and the Step I response is supported at Step II

NOAH NAGY                    _____                12/14/2021
Respondent's Name (Print)    Respondent's Signature          Date

Date Returned to Grievant: 12-15-21

**STEP III — Reason for Appeal** Warden Nagy support of Step I response is in direct violation of designating all unit as Hearing Impaired should know it's in violation, which is why I beat an out of place on appeal stating it's staff duty to let me know it's count time. This grievance was on ofc Fridd conduct/not blue light.

**NOTE:** Only a copy of this appeal and the response will be returned to you.

**STEP III** — Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



A-56

# STATE OF MICHIGAN
# DEPARTMENT OF CORRECTIONS
## LANSING

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

## STEP III GRIEVANCE DECISION

Rec #:      132115

17A

To Prisoner:            Reyes                    #:  266511

Current Facility:       JCF

Grievance Identifier:   JCF-21-11-1955-17A

Step III Received:      1/5/2022

Your Step III appeal has been reviewed and considered by the Grievance Section of the
Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".
Upon examination it has been determined that your issue was in fact considered,
investigated, and a proper decision was rendered.

### THE STEP III APPEAL IS DENIED.

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

*Richard D. Russell*

Date Mailed:          FEB 0 7 2022

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

cc: Warden, Filing Facility   JCF

GRANDVIEW PLAZA • P.O. BOX 30003 • LANSING, MICHIGAN 48909

EX. T

# MICHIGAN DEPARTMENT OF CORRECTIONS
## CONTRABAND REMOVAL RECORD

4835-3284
CSJ-284  12/01

| Date: 11/23/21 | Time: 1300 | Staff Member's Name: C/O Pompord | Badge No: |
|---|---|---|---|

| Prisoner Name: Reyes | Prisoner Number: 266511 | Lock: E-60 | Facility: JCF |
|---|---|---|---|

Location Contraband Found: Foot Locker

| ITEM | DESCRIPTION AND REASON FOR CONFISCATION (DESCRIBE FULLY): |
|---|---|
| 1 | 7" Metal Rod |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

| ☒ SECURED IN  OR  ○ TURNED OVER TO: Evedace Locke #23 | DATE: 11/23/21 | TIME: 1345 |
|---|---|---|

FOR

○ HEARING  OR  ○ INSPECTION

| ○ RETURNED TO PRISONER AFTER INSPECTION & WITHOUT ACTION TAKEN | DATE | TIME |
|---|---|---|

| PRISONER - PRINT NAME: | SIGNATURE: |
|---|---|

DISTRIBUTION:   White - File Copy;      Canary - Prisoner;      Pink - With Contraband;      Goldenrod - Attached to NOI/Misconduct Report

EX. U 0/10 C.S. 4835

# MISCONDUCT REPORT

MICHIGAN DEPARTMENT OF CORRECTIONS

| Prisoner Number: 266511 | Prisoner Name: Reyes | | Facility Code: JCF | Lock: E-60 | Violation Date: 11/23/2021 |
|---|---|---|---|---|---|

| Time and Place of Violation: 1212 Cell 59 and 60 | Contraband Removal Record Provided to Prisoner? ☒ Yes  Date 11/23/2021   ☐ N/A |
|---|---|

Misconduct Class: ☒ I ☐ II ☐ III   Charge(s): Possession of a Weapon

**Describe Violation** (If contraband involved, describe in detail; identify any other employee witnesses):
On 11/23/2021 at 1212hrs I was instructed by Sgt Nevins to go search prisoner Reyes's (266511) room. In prisoner Reyes's footlocker, I found a 7in metal rod. Reyes's footlocker was at the end of buck #60 in his area of control. The metal rod was photographed and placed in evidence locker 23. I did shake down Reyes's room at 1202 as part of my routine shakedowns but did not find the piece of metal at that tin Per Sgt Nevins's video review, the only people to go into cell 59 and 60 after my 1202 shakedown were prisoner Reyes and prisoner Warr 684836. Prisoner Reyes was identified by his MDOC ID card.

(Please see attached room diagram, photo, and contraband removal)

| Reporting Staff Member's Name (Print) C/O Poupard | Reporting Staff Member's Signature | Date and Time Written 11/23/2021, @1300 |
|---|---|---|

## REVIEW

Location/Verification/Condition of Evidence:

| Elevated to Class I at review? ☒ No ☐ Yes | If "yes," explain reason: |
|---|---|

## COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT

Status Pending Hearing: ☐ Bond ☐ Segregation ☒ Confinement to Cell/Room ☐ Other
Reason if Non-Bond: ☐ Non-Bond List ☐ Bond Revoked (must give reason)

| Date and Time Given this Status: | Who Notified in Housing Unit of Status: |
|---|---|

| Hearing Investigator Requested? ☐ No ☒ Yes | Witnesses Requested? ☒ No ☐ Yes  If yes, list: |
|---|---|

| Relevant Documents Requested? ☒ No ☐ Yes  If yes, list: | |
|---|---|

| Additional Comments: | Prisoner Waives 24 Hour Notice of Hearing? ☒ No ☐ Yes  Hearing Date: |
|---|---|

| Reviewing Officer's Name (Print) | Reviewing Officer's Signature | Review Date and Time |
|---|---|---|

| I have received a copy of this report. My signature does not necessarily mean that I agree with the report. ☐ Prisoner refused to sign. Copy given to prisoner. | Prisoner's Signature | Date |
|---|---|---|

## WAIVER OF CLASS II OR III HEARING

| I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

## SANCTIONS IMPOSED (Hearing Investigator enters begin and end dates for Class II misconduct)

| _____ Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class II only) |
|---|---|---|---|
| _____ Days Loss of Privileges | Begins: _____ | Ends: _____ | ☐ $ _____ Restitution (Class II only) |
| _____ Hours Extra Duty | Begins: _____ | Ends: _____ | |

Property Disposition If Applicable:

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature | Date |
|---|---|---|

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
|---|---|---|

Distribution: Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)

EX. V

**MICHIGAN DEPARTMENT OF CORRECTIONS**
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247-10/94
CSJ-247A

Date Received at Step I _____     Grievance Identifier: | | | | | | | | | | | | | |

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| | | | | | |

What attempt did you make to resolve this issue prior to writing this grievance?  On what date? _____
If none, explain why.

State problem clearly.  Use separate grievance form for each issue.  Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form.  The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

Grievant's Signature

RESPONSE (Grievant Interviewed?  ☐ Yes  ☐ No     If No, give explanation.  If resolved, explain resolution.)

Respondent's Signature _____  Date _____     Reviewer's Signature _____  Date _____

Respondent's Name (Print) _____  Working Title _____     Reviewer's Name (Print) _____  Working Title _____

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | |
|---|---|---|
| | Grievant's Signature | Date |

DISTRIBUTION:   White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

EX° W

MICHIGAN DEPARTMENT OF CORRECTIONS

# PRISONER/PAROLEE GRIEVANCE FORM

Date Received at Step I ____________ Grievance Identifier: [illegible]

[redacted]

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Toda[illegible] |
|---|---|---|---|---|---|
| [illegible] | [illegible] | [illegible] | E-60 | 11/23/21 | 11/[illegible] |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 11/23/21
If none, explain why. [illegible] Grievant tried to resolve [illegible] resolution. This is all [illegible]

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On 11-23-21, [illegible] approached T. [illegible] on JCF [illegible] that Guard F[illegible] retaliating against Grievant, by having an officer to plant [illegible] in his cell. [illegible] has verbally expressed his [illegible] [illegible] received one day [illegible] [illegible] get misconduct [illegible] PD 03.03.13[illegible] [illegible] and MCL 19.142 [illegible] PD 01.0[illegible] pg. 1 A[illegible] Dept. [illegible] with [illegible] if they are [illegible] requir[illegible]

Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

Respondent's Signature ____ Date ____ Reviewer's Signature ____ Date ____

Respondent's Name (Print) ____ Working Title ____ Reviewer's Name (Print) ____ Working Title ____

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. Grievant's Signature ____ Date ____ |
|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

EX. X

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-[illegible]
CSJ-247A

Date Received at Step I ____________ Grievance Identifier: |_|_|_|_|_|_|_|_|_|_|_|_|_|_|_|

[redacted]

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone L. Reyes [illegible] | [illegible] | J.F | E-60 | 11-24-21 | 11-25-21 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date? 11-24-21
If none, explain why. This [illegible] grievant [illegible] Frost [illegible] grievant tried to [illegible] Frost and P.C. Davidson [illegible] grievant.

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used. Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

On 11-24-21, [illegible], grievant requested officer desk to [illegible] grievant Frost refused to [illegible] I was on Seg. status. Grievant notified Frost that he [illegible] to Medical and [illegible] officer [illegible] escort grievant to HC as if he was in Seg. [illegible] Frost [illegible], being deliberate indifference to grievant Medical [illegible] HC [illegible] grievant [illegible] in the JC via Pr[illegible] on Seg. Status. At 1311 [illegible] to grievant a [illegible] to go to Medical. [illegible] Frost [illegible] to report [illegible] MOC [illegible] PD [illegible]

______________________
Grievant's Signature
[illegible] Resum[illegible] Davis

RESPONSE (Grievant Interviewed? ☐ Yes ☐ No If No, give explanation. If resolved, explain resolution.)

| | | | |
|---|---|---|---|
| Respondent's Signature | Date | Reviewer's Signature | Date |
| Respondent's Name (Print) | Working Title | Reviewer's Name (Print) | Working Title |

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | Grievant's Signature | Date |
|---|---|---|---|

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Ex Y

CSJ-240B
Rev. 10/10

# CLASS I MISCONDUCT HEARING REPORT

MICHIGAN DEPARTMENT OF CORRECTIONS

| Prisoner | Prisoner Name | | Facility Code | Lock | Violation Date |
|---|---|---|---|---|---|
| **266511** | **Reyes** | | JCF | E60 | **11/23/2021** |

| Charge(s) |
|---|
| **Possession of a Weapon** |

| If Charge Changed by Hearing Officer | Plea |
|---|---|
| | ☐ Guilty  ☒ Not Guilty |

| Misconduct Report Read to and Discussed with Prisoner | ☒ (check if applies) | No Hearing Investigation Requested |
|---|---|---|
| Hearing Investigation Read to and Discussed with Prisoner | ☒ (check if applies) | ☐ (check if applies) |

## EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT

Video was reviewed before hearing outside of prisoner's presence. This hearing was conducted via webcam. Prisoner was present. I confirmed the Review was completed within 24 hours and 24-hour notice was given to the prisoner. I read the Misconduct Report and reviewed the evidence with the prisoner. Prisoner was advised that at the conclusion of the hearing, he will be told the decision, sanction and dates if any, and when completed, the report will be submitted to the facility for delivery. The Record was reviewed and consisted of:

(1) Misconduct Report (1 pg)
(2) Hearing Investigation Report (1 pg)
(3) Incident Report (1 pg)
(4) Email from Schubring (1 pg)
(5) Contraband Removal Record (1 pg)
(6) Photo of Items Seized (1 pg)
(7) Memo with Video Timeline (1 pg) *** Continued on Page 2

## REASONS FOR FINDINGS

CONFIDENTIALITY:
Exhibit 7, Memo with Video Timeline; and Exhibit 8, Video Surveillance; are marked confidential for facility safety and security and to avoid disclosure of camera locations and capabilities. Exhibit 9, Misconduct Sanction Screening Form; is marked confidential to avoid dissemination of an inmate's mental health information.
EFFECTIVE COMMUNICATION:
Sgt. Heskett included documentation on the Misconduct Report regarding his contact with prisoner at the Review. According to the documentation, the sergeant identified prisoner's primary method of communication and confirmed the communication was effective. It is logical to conclude that the sergeant used the method he identified. I find that the communication at prisoner's Review was effective, and that prisoner was able to fully participate. HI Austin also documented her meeting with prisoner. According to HI Austin, she used prisoner's primary method of communication and confirmed the communication was effective. I find that communication with the HI was effective, and that prisoner was able to fully participate. At hearing, prisoner confirmed his primary method of communication. ***Continued on Page 2

## PROPERTY DISPOSITION (for contraband see PD 04.07.112)

The weapon will be turned over to the Michigan State Police.

## FINDINGS

| | | | | Reporting Code |
|---|---|---|---|---|
| Charge No. 1 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code  029 |
| Charge No. 2 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code ___ |
| Charge No. 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code ___ |
| Charge No. 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code ___ |

## DISPOSITION (select one or more) (Toplock & LOP Sanctions End at 6:00 am)

| | | Begins | Ends | | |
|---|---|---|---|---|---|
| ___ | Days of Detention | | | ___ | Days Credit |
| 10 | Days Top Lock | 11/30/2021 | 12/10/2021 | ___ | Hours Extra Duty |
| 30 | Days Loss of Privileges | 12/10/2021 | 01/09/2022 | $ ___ | Restitution |

| Misconduct Hearing Report personally handed to Prisoner by Hearing Officer on this date: ___ (Check if Applies) ☐ | Hearing Report given to Staff Member by Hearing Officer for Delivery to Prisoner this date: **12/1/2021** (Check if Applies) ☒ |
|---|---|
| Date of Hearing **11/30/2021** | Name of Staff Member    **HI Austin - JCF** |
| Hearing Officer's Name  073 Sutherland | Hearing Officer's Signature  *ALG Sutherland* | Date  12/1/2021 |

DISTRIBUTION  ☐ Record Office  ☐ Central Office File  ☐ Prisoner  ☐ Counselor File  ☐ Hearing Investigator

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240D  12/90
4835-4243

**CLASS I MISCONDUCT**          **HEARING REPORT – Continuation Page No.   2**
(Type of Hearing)

| Prisoner Number | Prisoner Name | | Institution | Violation/Notice Date |
|---|---|---|---|---|
| 266511 | | Reyes | JCF | 11/23/2021 |

(Continued from Page One: Evidence/Statements):
(8)       Video Surveillance
(9)       Misconduct Sanction Screening Form (1 pg)
(10)      Offender Restriction Filter Report (1 pg)
Video shows the officer conducting the search of prisoner's cell. The officer exits prisoner's cell at 12:01. Prisoner returns to his cell at 12:02. As prisoner unlocks the cell door, prisoner looks around as if checking for staff. Prisoner's cellmate enters the cell at 12:03. Prisoner's cellmate closes the door, puts on his coat, and exits the cell at 12:04. Prisoner remains in the cell moving objects. Prisoner exits the cell at 12:07. Prisoner leaves the unit. The same officer returns to prisoner's cell at 12:16 and exits with the piece of metal. No one entered prisoner's cell between the time prisoner left and the officer returned.
Prisoner entered a not guilty plea.
Prisoner is HID designated. Prisoner confirmed his primary method of communication is Speak Loud without hearing aids. I asked prisoner if he could clearly hear and understand me. Prisoner responded, "yes ma'am." Prisoner agreed to immediately interrupt if there was something he did not clearly hear or understand.
I asked prisoner about the charge. Prisoner responded, "I went directly inside my cell and started straightening up." Prisoner stated he felt a hard object between legal papers but did not look at it. Prisoner stated his heart began "pumping." Prisoner stated he went to the dining hall looking for a sergeant. When prisoner did not find a sergeant in the dining hall, prisoner stopped Facility Manager Schubring on the sidewalk. Prisoner stated Schubring advised prisoner to return to his unit and he would follow up on it. Prisoner returned to his unit. Concerned nothing was happening, prisoner went to Control Center where he talked to Sgt. Nevins. Sgt. Nevins called the unit and requested a search. Sgt. Nevins also acknowledged being notified by Schubring. Prisoner stated the same officer returned to prisoner's cell and conducted the second search. Prisoner stated he did not have issues with Officer Poupard. Prisoner stated he was having issues with Officer Fridd and filed grievances against the officer. Prisoner explained Officer Fridd checked prisoner's LOP that morning and was upset that prisoner was not on sanctions. Prisoner surmised that Officer Fridd asked Officer Poupard to put the metal in prisoner's footlocker. I asked prisoner what caused prisoner to believe that Officer Poupard would risk his job for Officer Fridd. Prisoner responded, "I can only assume because they have a report with each other." I asked prisoner if there was anything else that he believed I should know or that he wanted me to know. Prisoner responded, "no ma'am."
After informing prisoner of the decision, sanction, and dates, prisoner requested an appeal.


(Continued from Page One: Reasons for Findings):
Prisoner also confirmed he could clearly hear and understand this ALJ. Prisoner also agreed to immediately interrupt if there was something he did not clearly hear or understand. Prisoner's responses were appropriate to the questions directed to him. At the conclusion of the hearing, prisoner requested an appeal packet. I find that the communication at this hearing was effective, and that prisoner was able to fully participate.
POSSESSION OF A WEAPON:
Per MDOC PD 03.03.105, Attachment A, Possession of a Weapon includes unauthorized possession of a piece, strip, or chunk of any hard material which could be used as a weapon or in the creation of a weapon. Prisoner did not challenge whether the item seized was a piece of hard metal that could be used in the creation of a weapon. The items seized was photographed. I find that the item seized was a piece of hard metal that could be used in the creation of a weapon. I find that the piece of metal constitutes a weapon. Prisoner did not allege he was authorized to possess the metal. I find that prisoner was not authorized to possess the metal. The only issue to determine is whether prisoner possessed it. There is no dispute that the metal came from prisoner's footlocker. Prisoner's footlocker is his Area of Control. MDOC PD 03.03.105(F). I find that the alcohol was found in prisoner's Area of Control. ***Continued on Page 3

| HEARING OFFICER'S NAME & CMIS CODE (Typed) | Copy of Hearing Report personally handed to Prisoner by Hearing Officer this date (check if applies) ☐ |
|---|---|
| ALJ Sutherland  073 | |
| HEARING OFFICER'S SIGNATURE | Copy of Hearing Report Given to Staff Member by Hearing Officer for Delivery to Prisoner this date 12/1/2021  (check if applies) ☒ |
| **s/ ALJ Sutherland** | |
| | Date of Hearing | (Name & Clock No. of Staff Member) |
| | 11/30/2021 | HI Austin - JCF |

DISTRIBUTION:  White – Institution;  Green – Central Office;  Canary – Prisoner;  Pink – Visitor/Counselor;  Goldenrod – Hearing Investigator

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240D   12/90
4835-4243

| CLASS I MISCONDUCT | HEARING REPORT – Continuation Page No. | **3** |
| --- | --- | --- |

(Type of Hearing)

| Prisoner Number | Prisoner Name | | Institution | Violation/Notice Date |
| --- | --- | --- | --- | --- |
| 266511 | Reyes | | JCF | 11/23/2021 |

(Continued from Page Two: Reasons for Findings):

A prisoner is presumed to be in possession of an item found in an area over which the prisoner has control and for which s/he has been assigned responsibility even if the prisoner is not present. The prisoner shall have the burden of proof in rebutting this presumption at a misconduct hearing. MDOC PD 03.03.105(F). In this case, prisoner argued he was set up. Video showed only three people in prisoner's cell between the first and second search. They are: prisoner, prisoner's cellmate, and Officer Poupard. Video confirmed prisoner's cellmate remained near door while retrieving his coat. Prisoner was also in the cell with him. It is not credible to believe that prisoner's cellmate was responsible for putting the piece of metal in prisoner's footlocker. Prisoner argued the only other person possible is the officer. Likewise, MDOC argues the only other person possible is prisoner. Both ignore themselves. Both were in the cell alone and accessed prisoner's footlocker. Prisoner argued the officer set him up on behalf of another officer. MDOC argues prisoner placed the metal in his own footlocker to set up the officer. Prisoner testified he had issues with Officer Fridd. Prisoner argued those issues were Officer Fridd's motive to set up prisoner. Prisoner's theory equally supports MDOC's argument that prisoner had motive to set up the officer. However, only MDOC's claim is consistent with video surveillance and other evidence. Video showed prisoner looking around before re-entering his cell. Prisoner appeared to be checking on the location of staff before entering his own cell. Prisoner's behavior appeared like someone breaking into another inmate's cell. Neither prisoner's cellmate nor other inmates in the hall behaved similarly before entering their cells. At hearing, prisoner offered no credible explanation for his behavior. However, if prisoner were carrying a piece of metal, it would explain why prisoner was checking the hallway before entering his cell. Officer Poupard's statement is also inconsistent with prisoner's claim. At hearing, prisoner testified he has no issues with Officer Poupard. Prisoner argued Officer Poupard was doing a favor for Officer Fridd. However, Officer Poupard stated he searched the cell and prisoner's footlocker at 12:02. Officer Poupard was also certain the metal was not in prisoner's footlocker during the first search. The officer's certainty made him vulnerable to this accusation. It is not credible to believe the officer would intentionally expose himself to being accused of setting up prisoner. If Officer Poupard had agreed to be an accomplice to Officer Fridd, it is logical to conclude that Officer Poupard's statement would be different. It is more likely Officer Poupard would have claimed to overlook prisoner's legal paperwork where the metal was found; or the officer would claim he didn't thoroughly search the footlocker. It is logical to conclude Officer Poupard statement would have created the possibility that the metal was in the footlocker before the officer originally entered prisoner's cell. By being certain the metal was not in the footlocker during the first search, Officer Poupard's made himself a possible culprit for placing it in prisoner's footlocker. It is not credible to believe that Officer Poupard would agree to set up an inmate he had no issues with, only to leave himself open to being accused of setting up the same inmate. Further, prisoner admits he triggered the search. If the officers had conspired to set up prisoner, then Officer Poupard did not have to place the metal in prisoner's footlocker. The officer could have simply claimed to have found the metal during the first search. It was unnecessary for the officer to leave the metal in prisoner's footlocker. Additionally, there is no evidence on this Record indicating another search was planned or scheduled for prisoner's cell to recover the metal. On the other hand, prisoner was in a hurry to have his cell searched again. Prisoner spoke with Schubring on the sidewalk and then went to Control Center when the subsequent search did not happen quickly. It is logical to conclude that prisoner wanted the metal found before the officer was no longer the last person in prisoner's cell. Lastly, prisoner testified he did not look at the item before leaving the Unit. It is not credible to believe that prisoner found an unknown object in his footlocker but did not look at it. I find there is insufficient evidence on this Record to rebut this presumption of possession. I also find there is sufficient evidence on this Record to conclude that prisoner placed the piece of metal in his own footlocker following the first search by Officer Poupard. I find that prisoner possessed the piece of metal. Unauthorized possession of a piece of metal that could be used in the creation of a weapon constitutes Possession of a Weapon. I find prisoner guilty of Possession of a Weapon. The charge is upheld.

Prisoner was informed of the decision, sanction, and dates.

END OF REPORT.

| HEARING OFFICER'S NAME & CMIS CODE (Typed) | Copy of Hearing Report personally handed to Prisoner by Hearing Officer this date | |
| --- | --- | --- |
| ALJ Sutherland  073 | | (check if applies) ☐ |
| HEARING OFFICER'S SIGNATURE | Copy of Hearing Report Given to Staff Member by Hearing Officer for Delivery to Prisoner this date 12/1/2021 | (check if applies) ☒ |
| **s/ ALJ Sutherland** | Date of Hearing | (Name & Clock No. of Staff Member) |
| | 11/30/2021 | HI Austin - JCF |

DISTRIBUTION:  White – Institution;  Green – Central Office;  Canary – Prisoner;  Pink – Visitor/Counselor;  Goldenrod – Hearing Investigator

EX 2



MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-418
REV. 10/10
4835-3418

## REQUEST FOR REHEARING

### INSTRUCTIONS

1. This form is to be used only to request reconsideration of the decision of a hearing officer on one of the following:
   a. Class 1 Misconduct.
   b. Notice of Intent to Classify to Administrative Segregation.
   c. Visitor restriction.
   d. High or very high risk classification.
   e. Excess legal property hearing.
   f. Special Education Individual Education Planning Committee (IEPC) hearing.

   > RECEIVED - MDOC
   > DEC 31, 2021
   > Office of Legal Affairs

2. You MUST attach a copy of the hearing report to this request and, if appealing a misconduct hearing, a copy of the Class 1 Misconduct Report. If they are not attached, this form may be returned to you without a decision. You do not have to include a copy of the hearing investigation packet.

3. Submit the completed form to: Hearings Administrator, Department of Corrections, Office of Legal Affairs, P.O. Box 30003, Lansing, Michigan 48909. This form must be received by the Hearings Administrator within 30 calendar days of the date of the decision by the hearing officer.

| PRISONER'S NUMBER | PRISONER'S NAME | INSTITUTION |
|---|---|---|
| 266511 | Reyes | JCF |

| DATE OF MISCONDUCT | TYPE OF HEARING (IF MISCONDUCT, LIST CHARGES ALSO) |
|---|---|
| 11-23-21 | Class 1 Possession of A Weapon |

| DATE OF HEARING | |
|---|---|
| 11-30-21 | |

Briefly explain why you believe a rehearing should be ordered:

SEE Attached 3 pages

| SIGNATURE OF PERSON REQUESTING REHEARING | DATE |
|---|---|
| Reyes | 12-15-21 |

### DECISION

☑ Disapproved

SEE ATTACHED

☐ Approved - Rehearing Ordered

☐ Returned without action – Not filed within 30 calendar days

| HEARINGS ADMINISTRATOR | DATE |
|---|---|
| KD Russell/a | MAILED APR 22 2022 |

DISTRIBUTION: White – Hearings Administrator; Canary – Person Requesting Rehearing

**JCF**

MICHIGAN DEPARTMENT OF CORRECTIONS
**REQUEST FOR REHEARING RESPONSE**

| 089 |
|---|

| PRISONER NUMBER | Name: | Facility: |
|---|---|---|
| 266511 | Reyes | JCF |

| Misconduct Date: | Hearing Officer: | Hearing Date: | Received Date | ☐ Warden RFR |
|---|---|---|---|---|
| 11/23/2021 | 073 | 11/30/2021 | 12/21/2021 | ☑ Prisoner RFR |

**1st Charge** 0 029 - Possession of Weapon
**2nd Charge**
**3rd Charge**
**4th Charge:**

◄ | **REHEARING DECISION** | ►

A request for rehearing in the above referenced matter is submitted by the prisoner who continues to argue his case but offers no new verifiable evidence not available at the original hearing.

PD 03.03.105 "Prisoner Discipline" and its attachments contain the definitions of the misconduct charges and gives notice of how and what a prisoner may be charged with and that a rehearing shall be granted only for the following reasons:

1. The record of testimony made at the hearing is inadequate for the purpose of judicial review.
2. The hearing was not conducted pursuant to applicable statutes or policies and rules of the Department and the deviation from policy, rule, or statue resulted in material prejudice to either party.
3. The due process rights of the prisoner have been violated.
4. The decision of the hearing officer is clearly not supported by competent, material, and substantial evidence on the whole record.
5. The officer who conducted the hearing was personally biased.

In this case, the prisoner was charged with and found guilty of Possession of a Weapon. All issues raised at Request for Rehearing were adequately addressed by the Administrative Law Judge (ALJ) in the hearing report.

A rehearing is granted only when it appears a prisoner may not have received due process, or in the rare case when new, verifiable, and relevant evidence is presented that was not available at the time of the hearing. Neither of these conditions has been met.

The hearing was conducted pursuant to applicable statute, and policy and rules of the Department. The decision of the hearing officer is supported by competent, material, and substantial evidence on the whole record. No bias is apparent and there is insufficient evidence presented on appeal that would support granting a rehearing on the matter.

The Request for Rehearing is DENIED.

| Decision: | ☐ Approved | ☐ Returned without action; Not filed within 30 calendar days | Date Mailed: |
|---|---|---|---|
| | ☑ Denied | | MAILED APR 2 2 2022 |
| | RICHARD D. RUSSELL, HEARINGS ADMINISTRATOR | | |

| 30557 |
|---|

DEPARTMENT OF CORRECTIONS

# CONDUCT REPORT

4835-3228

| Number: | Prisoner Name: | | Facility Code: | Lock: | Violation Date: |
|---|---|---|---|---|---|
| 11 | Reyes | | JCF | A56 | 4/8/2022 |

| Time and Place of Violation: | Contraband Removal Record Provided to Prisoner? | |
|---|---|---|
| 00 Cotton Food Service | ☐ Yes Date | ☒ N/A |

Misconduct Class: ☒ I ☒ II ☐ III Charge(s): Insolence

**Describe Violation** (If contraband involved, describe in detail; identify any other employee witnesses)

Today beginning at approximately 1100 hours, Prisoner Reyes 266511 began making comments to me that caused alarm. Prisoner Reyes stated to me that he wanted to get to know me on a personal level. I made a comment about there being no more milk in the front cooler, Prisoner Reyes commented that he would like to place a bet with me about whether there was milk in the cooler, and if I lost the bet I had to give him a kiss. Prisoner Reyes asked me if the ring on my finger had any special meaning? Prisoner Reyes told me that he wanted to find a way to communicate with me outside of work. I told Prisoner Reyes that he need to stop with these comments and that they were not appropriate. I told Prisoner Reyes that I was not wanting to lose my job. Prisoner Reyes told me that if I lost my job he could help me financially.

I found his comments extremely alarming and reported them to the custody staff. All of these comments were made today, 4/8/2022.

Prisoner Reyes 266511 was identified by frequent contact and OTIS Facesheet.

| Reporting Staff Member's Name (Print) | Reporting Staff Member's Signature | Date and Time Written |
|---|---|---|
| Anson | | 4/8/2022 2000 |

## REVIEW

Location/Verification/Condition of Evidence:

Elevated to Class I at review:
☐ No ☐ Yes    If "yes", explain reason:

### COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT

Status Pending Hearing:
☐ Bond ☐ Segregation ☒ Confinement to Cell/Room ☐ Other
☐ Non-Bond List ☐ Bond Revoked (must give reason)

| Date and Time Given this Status: | Who Notified in Housing Unit of Status: |
|---|---|
| 4/1/__ III | C/ |

| Hearing Investigator Requested? ☐ No ☒ Yes | Witnesses Requested? ☒ No ☐ Yes |
|---|---|
| | If yes, list |

Relevant Documents Requested? ☒ No ☐ Yes
If yes, list:

| Additional Comments: | Prisoner Waives 24 Hour Notice of Hearing? ☒ No ☐ Yes |
|---|---|
| | Hearing Date: |

| Reviewing Officer's Name (Print) | Reviewing Officer's Signature | Review Date and Time |
|---|---|---|
| | | 4/1/__ |

I have received a copy of this report. My signature does not necessarily mean that I agree with the report.
☒ Prisoner refused to sign. Copy given to prisoner.

| Prisoner's Signature | Date |
|---|---|

## WAIVER OF CLASS II OR III HEARING

I understand I have a right to a hearing. I waive my right to a hearing and plead guilty to all charges. I also waive my right to appeal and accept the sanctions imposed.

| Prisoner's Signature | Date |
|---|---|

### SANCTIONS IMPOSED (Hearing Investigator enters begin and end dates for Class II misconducts)

| | | | |
|---|---|---|---|
| ___ Days Toplock | Begins: | Ends: | ☐ Counseling/Reprimand (Class III only) |
| ___ Days Loss of Privileges | Begins: | Ends: | ☐ $ ___ Restitution (Class II only) |
| ___ Hours Extra Duty | Begins: | Ends: | |

Property Disposition If Applicable:

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature | Date |
|---|---|---|

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
|---|---|---|

Distribution: Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-2 EX. 81
Rev. 1C...

# CLASS I MISCONDUCT HEARING REPORT

| Prisoner<br>**266511** | Prisoner Name<br>**Reyes** | | Facility Code<br>JCF | Lock<br>**A56** | Violation Date<br>**04/08/2022** |
|---|---|---|---|---|---|

| Charge(s) |
|---|
| **Sexual Misconduct / Insolence** |

| If Charge Changed by Hearing Officer | Plea | |
|---|---|---|
| | ☐ Guilty | ☒ Not Guilty |

| Misconduct Report Read to and Discussed with Prisoner | ☒ (check if applies) | No Hearing Investigation Requested |
|---|---|---|
| Hearing Investigation Read to and Discussed with Prisoner | ☒ (check if applies) | ☐ (check if applies) |

## EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT

This hearing was conducted via webcam. The hearing is timely. Prisoner was present. I confirmed the Review was completed within 24 hours and 24-hour notice was given to the prisoner. I read the Misconduct Report and reviewed the evidence with the prisoner. Prisoner was advised that at the conclusion of the hearing, he will be told the decision, sanction and dates if any, and when completed, the report will be submitted to the facility for delivery. The following Record was reviewed:

(1)    Misconduct Report (1 pg)
(2)    Prisoner's Primary Method of Communication (1 pg)
(3)    Documentation of Effective Communication from HI (1 pg)
(4)    Hearing Investigation Report (1 pg)
(5)    Prisoner's Statement (2 pgs)
(6)    Questions Directed to Anson (1 pg)
(7)    Email from Anson (1 pg)    *** Continued on Page 2

## REASONS FOR FINDINGS

EFFECTIVE COMMUNICATION:
Sgt. St. Charles included documentation on the Misconduct Report regarding his contact with prisoner at the Review. According to Sgt. St. Charles, he identified prisoner's primary method of communication, used prisoner's primary method to communicate with prisoner, and confirmed with prisoner that the communication was effective. I find that the communication at prisoner's Review was effective, and that prisoner was able to fully participate. HI Austin submitted a memo regarding her contact with prisoner during their meeting. The documentation indicates the HI used prisoner's primary method of communication and confirmed the communication was effective. I find that the communication at prisoner's meeting with the HI was effective, and that prisoner was able to fully participate. At hearing, prisoner confirmed his primary method of communication. Prisoner also confirmed he could clearly hear and understand this ALJ.
***Continued on Page 2

## PROPERTY DISPOSITION (for contraband see PD 04.07.112)

## FINDINGS

| | | | | Reporting Code |
|---|---|---|---|---|
| Charge No. 1 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | <u>057</u> |
| Charge No. 2 | ☐ Guilty | ☐ Not Guilty | ☒ Dismissed | <u>426</u> |
| Charge No. 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | |
| Charge No. 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | |

## DISPOSITION (select one or more) (Toplock & LOP Sanctions End at 6:00 am)

| | Begins | Ends | | |
|---|---|---|---|---|
| _____ Days of Detention | | | _____ | Days Credit |
| _____ Days Top Lock | _____ | _____ | _____ | Hours Extra Duty |
| _30_ Days Loss of Privileges | **04/19/2022** | **05/19/2022** | $ _____ | Restitution |

| Misconduct Hearing Report personally handed to Prisoner by Hearing Officer on this date: _____ (Check if Applies) ☐ | Hearing Report given to Staff Member by Hearing Officer for Delivery to Prisoner this date: **4/22/2022** (Check if Applies) ☒ |
|---|---|
| Date of Hearing **04/19/2022** | Name of Staff Member **HI Austin - JCF** |

| Hearing Officer's Name<br><br>073 Sutherland | Hearing Officer's Signature<br><br>*ALJ Sutherland* | Date<br><br>4/22/2022 |
|---|---|---|

DISTRIBUTION  ☐ Record Office  ☐ Central Office File  ☐ Prisoner  ☐ Counselor File  ☐ Hearing Investigator

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240D 12/90
4835-4243

| CLASS I MISCONDUCT | HEARING REPORT – Continuation Page No. | 2 |
|---|---|---|
| (Type of Hearing) | | |

| Prisoner Number | Prisoner Name | | Institution | Violation/Notice Date |
|---|---|---|---|---|
| 266511 | | Reyes | JCF | 4/8/2022 |

(Continued from Page One: Evidence/Statements):
(8)     Statement from Ryan (1 pg)
(9)     Offender Restriction Filter Report (1 pg)
Prisoner entered a not guilty plea.
Prisoner is HID designated. Prisoner confirmed his primary method is Voice without Hearing Aids. I asked prisoner if he could clearly hear and understand me. Prisoner stated, "Yes ma'am." Prisoner agreed to immediately interrupt if something is said that he does not clearly hear or understand.
I asked prisoner about the charges. Prisoner responded, "I never said any of those comments." Prisoner added, "I want to stick to my statement." Prisoner stated his "character is being assassinated." Prisoner also argued adding a charge at a Re-Review constitutes a due process violation. Prisoner explained, "If she said I made these comments at 11 o'clock, I made no inappropriate comments to her." I asked prisoner if he had issues with this worker before this alleged incident. Prisoner replied, "No, but I had issues with prisoners." Prisoner explained he believed other inmates "manipulated" the worker to make the allegation. Prisoner stated he did not have proof to support his belief. Prisoner stated, "Ain't nothing I can do about it." After advising prisoner that a decision would not be made until this ALJ could go over the Record again, I asked prisoner if there was anything else that he believed I should know or that he wanted me to know. Prisoner replied, "No ma'am." Prisoner was advised a decision would be made today and the HI would notify prisoner of the decision, sanction, and dates. Prisoner replied, "Thank you."


(Continued from Page One: Reasons for Findings):
Additionally, Prisoner agreed to interrupt if there was something he did not clearly hear or understand. Further, prisoner's responses were appropriate to the questions directed to him throughout the hearing. I find that the communication at this hearing was effective, and that prisoner was able to fully participate.
SEXUAL MISCONDUCT:
Per MDOC PD 03.03.105, Attachment A, Sexual Misconduct includes words or actions of a sexual nature directed at another person in order to harass or degrade that person. Prisoner denied making the alleged comments to the food service worker. I find prisoner's argument not credible. At hearing, prisoner admits he did not have prior issues with this worker. While prisoner hypothesized other inmates influenced the worker, there is no evidence on this Record alleging the worker was bias toward prisoner or had a motive to lie. There is also no evidence to support a conclusion that other inmates influenced the worker. Additionally, I find that the detail in the allegation is credible. Had the worker wanted to set up prisoner, it's more likely that a more direct and clear-cut allegation would be used. Instead, the worker appeared limit the allegation to what was said. Further, prisoner directed multiple questions to the worker. In her response, the worker explained that prisoner's behavior continued throughout the shift accumulating to the comment about a kiss at approximately 1830 hours. It is credible to believe that the worker would delay reporting prisoner's comments and advances until his intentions were clear. I find that prisoner made all of the statements alleged in the Misconduct Report. I also find that prisoner proposed a bet that would require the worker to kiss him. Additionally, I find that prisoner's comments were propositions for an inappropriate personal and romantic relationship. I find that prisoner's words were sexual in nature. Propositioning an inappropriate personal romantic relationship with the staff member objectifies the staff member and is inherently degrading. I find that prisoner directed his words to the worker for the purpose of harassing and degrading her. Propositioning a female staff member for an inappropriate personal and romantic relationship, including a kiss, constitutes Sexual Misconduct. I find prisoner guilty of Sexual Misconduct. The charge is upheld.
***Continued on Page 3

| HEARING OFFICER'S NAME & CMIS CODE (Typed) | Copy of Hearing Report personally handed to | |
|---|---|---|
| ALJ Sutherland 073 | Prisoner by Hearing Officer this date | (check if applies) ☐ |
| HEARING OFFICER'S SIGNATURE | Copy of Hearing Report Given to Staff Member by Hearing | |
| s/ ALJ Sutherland | Officer for Delivery to Prisoner this date 4/22/2022 | (check if applies) ☒ |
| | Date of Hearing | (Name & Clock No. of Staff Member) |
| | 4/19/2022 | HI Austin - JCF |

DISTRIBUTION: White – Institution; Green – Central Office; Canary – Prisoner; Pink – Visitor/Counselor; Goldenrod – Hearing Investigator

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240D  12/90
4835-4243

| CLASS I MISCONDUCT | | HEARING REPORT – Continuation Page No. | 3 |
| --- | --- | --- | --- |
| (Type of Hearing) | | | |

| Prisoner Number | Prisoner Name | | Institution | Violation/Notice Date |
| --- | --- | --- | --- | --- |
| 266511 | | Reyes | JCF | 4/8/2022 |

(Continued from Page Two: Reasons for Findings):
INSOLENCE:
Per MDOC PD 03.03.105, Attachment B, Insolence is defined as words, actions, or other behavior which is intended to harass, degrade, or cause alarm in an employee. The same facts were used to support the charge of Insolence. I find that prisoner's behavior constitutes a single act of misconduct. I also find the Sexual Misconduct best characterizes the misconduct. At the hearing, any duplicative charges MUST be combined, i.e., the prisoner may not have two separate findings of guilt for a single act of misconduct. MDOC Hearings Handbook (I)(E)(C). As a result, the charge of Insolence is dismissed as duplicative to prisoner's guilty finding for Sexual Misconduct.

Prisoner was informed of the decision, sanction, and dates.

END OF REPORT.

| HEARING OFFICER'S NAME & CMIS CODE (Typed) | Copy of Hearing Report personally handed to | |
| --- | --- | --- |
| ALJ Sutherland  073 | Prisoner by Hearing Officer this date | (check if applies) ☐ |
| HEARING OFFICER'S SIGNATURE | Copy of Hearing Report Given to Staff Member by Hearing | |
| s/ ALJ Sutherland | Officer for Delivery to Prisoner this date 4/22/2022 | (check if applies) ☒ |
| | Date of Hearing | (Name & Clock No. of Staff Member) |
| | 4/19/2022 | HI Austin - JCF |

DISTRIBUTION: White – Institution;  Green – Central Office;  Canary – Prisoner;  Pink – Visitor/Counselor;  Goldenrod – Hearing Investigator

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-228
-835-3228

# MISCONDUCT REPORT

| Prisoner Number: 266511 | Prisoner Name: Reyes | | Facility Code: JCF | Lock: A -56 | Violation Date: 4/16/2022 |
|---|---|---|---|---|---|

| Time and Place of Violation: 1628 Intake | Contraband Removal Record Provided to Prisoner? ☐ Yes  Date _____  ☒ N/A |
|---|---|

Misconduct Class: ☒ I   ☐ II   ☐ III     Charge(s): Substance Abuse( marijuana  )

Describe Violation  (If contraband involved, describe in detail, identify any other employee witnesses):
Prisoner Reyes (266511) submitted a urine sample for substance abuse testing.
Prisoner Reyes used hand sanitizer prior to being provided a test cup.
The urine sample seal was signed by the prisoner and the sample  sealed in the presence of the prisoner.
The urine sample was sent to Phamatech Laboratories for further testing.
Phamatech Laboratories reported the sample is positive for Marijuana Metabolite  with a quantitation of 131 ng/mL .

Health Care reported prisoner Reyes has no medical approval for this positive result.

Prisoner Reyes was identified at the time of the test by his MDOC ID Card.

Attached: Phamatech Laboratories report, Health Care e-mail thread and Phamatech Chain of Custody Form.

| Reporting Staff Member's Name (Print) Logan | Reporting Staff Member's Signature | Date and Time Written 5/7/2022 2036 |
|---|---|---|

## REVIEW

Location/Verification/Condition of Evidence:

| Elevated to Class I at review: ☐ No  ☐ Yes | If "yes", explain reason: |
|---|---|

## COMPLETE THIS SECTION ONLY FOR REVIEW OF CLASS I MISCONDUCT

Status Pending Hearing:  ☒ Bond   ☐ Segregation   ☐ Confinement to Cell/Room   ☐ Other
Reason if Non-Bond:   ☐ Non-Bond List   ☐ Bond Revoked (must give reason)

| Date and Time Given this  Status: | Who Notified in Housing Unit of  Status: |
|---|---|

| Hearing Investigator Requested?  ☐ No  ☒ Yes | Witnesses Requested?  ☒ No  ☐ Yes  If yes, list: |
|---|---|

| Relevant Documents Requested?  ☐ No  ☒ Yes  If yes, list: | |
|---|---|

| Additional Comments: N/A | Prisoner Waives 24 Hour Notice of Hearing?  ☐ No  ☒ Yes  Hearing Date: |
|---|---|

| Reviewing Officer's Name (Print ) | Reviewing Officer's Signature | Review Date and Time |
|---|---|---|

| I have received a copy of this report.  My signature does not necessarily mean that I agree with the report.  ☐ Prisoner refused to sign.  Copy given to prisoner. | Prisoner's Signature | Date |
|---|---|---|

## WAIVER OF CLASS II OR III HEARING

| I understand I have a right to a hearing.  I waive my right to a hearing and plead guilty to all charges.  I also waive my right to appeal and accept the sanctions imposed. | Prisoner's Signature | Date |
|---|---|---|

## SANCTIONS IMPOSED (Hearing Investigator enters begin and end dates for Class II misconducts)

| _____ Days Toplock | Begins: _____ | Ends: _____ | ☐ Counseling/Reprimand (Class III only) |
|---|---|---|---|
| _____ Days Loss of Privileges | Begins: _____ | Ends: _____ | ☐ $ _____ Restitution (Class II only) |
| _____ Hours Extra Duty | Begins: _____ | Ends: _____ | |

Property Disposition If Applicable:

| Employee Accepting Plea and Imposing Sanction (Print) | Employee's Signature | Date |
|---|---|---|

| Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
|---|---|---|

Distribution:  Prisoner; Counselor File; Record Office File (Class I and II); Central Office File (Class I); Hearing Investigator (Class I & Class II)



EX.DD

MICHIGAN DEPARTMENT OF CORRECTIONS

REQUEST FOR REHEARING RESPONSE

090

| PRISONER NUMBER | Name: | Facility: |
|---|---|---|
| 266511 | Reyes | JCF |

| Misconduct Date: | Hearing Officer: | Hearing Date: | Received Date | |
|---|---|---|---|---|
| 4/8/2022 | 073 | 4/19/2022 | 5/16/2022 | ☐ Warden RFR ☑ Prisoner RFR |

1st Charge     0      057 - Sexual Misconduct (Words/actions of a sexual nature)
2nd Charge              426 - Insolence
3rd Charge
4th Charge:

### ◄|             REHEARING DECISION             |►

A request for rehearing in the above referenced matter is submitted by the prisoner who continues to argue his case.

PD 03.03.105 "Prisoner Discipline" and its attachments contain the definitions of the misconduct charges and gives notice of how and what a prisoner may be charged with and that a rehearing shall be granted only for the following reasons:

1. The record of testimony made at the hearing is inadequate for the purpose of judicial review.
2. The hearing was not conducted pursuant to applicable statutes or policies and rules of the Department and the deviation from policy, rule, or statue resulted in material prejudice to either party.
3. The due process rights of the prisoner have been violated.
4. The decision of the hearing officer is clearly not supported by competent, material, and substantial evidence on the whole record.
5. The officer who conducted the hearing was personally biased.

In this case, the prisoner was charged with and found guilty of Sexual Misconduct. All issues raised at Request for Rehearing were adequately addressed by the Administrative Law Judge (ALJ) in the hearing report. The prisoner offers no new verifiable evidence not available at the original hearing.

A rehearing is granted only when it appears a prisoner may not have received due process, or in the rare case when new, verifiable, and relevant evidence is presented that was not available at the time of the hearing. Neither of these conditions has been met. The prisoner was properly reviewed on the charge of Sexual Misconduct and it was fully within the authority of the Reviewing Officer to add this charge after review of the Misconduct. This is consistent with PD 03.03.105 "Prisoner Discipline" and the Hearings Handbook.

The hearing was conducted pursuant to applicable statute, and policy and rules of the Department. The decision of the hearing officer is supported by competent, material, and substantial evidence on the whole record. No bias is apparent and there is insufficient evidence presented on appeal that would support granting a rehearing on the matter.

The Request for Rehearing is DENIED.

| Decision: | ☐ Approved    ☑ Denied | ☐ Returned without action; Not filed within 30 calendar days | Date Mailed: |
|---|---|---|---|
| | *R.D. Russell* | | MAILED JUN 28 2022 |
| | RICHARD D. RUSSELL, HEARINGS ADMINISTRATOR | | |

31505

MICHIGAN DEPARTMENT OF CORRECTIONS

**CLASS I MISCONDUCT HEARING REPORT**

EXHIBIT   CSJ-240B
Rev. 10/10

| Prisoner | Prisoner Name | | Facility Code | Lock | Violation Date |
|---|---|---|---|---|---|
| **266511** | **Reyes** | | JCF | **A56** | **04/16/2022** |

Charge(s)

**Substance Abuse**

| If Charge Changed by Hearing Officer | Plea |
|---|---|
| | ☐ Guilty    ☒ Not Guilty |

| Misconduct Report Read to and Discussed with Prisoner | ☒ (check if applies) | No Hearing Investigation Requested |
|---|---|---|
| Hearing Investigation Read to and Discussed with Prisoner | ☒ (check if applies) | ☐ (check if applies) |

### EVIDENCE/STATEMENTS IN ADDITION TO MISCONDUCT REPORT

Video was reviewed before hearing outside of prisoner's presence. The hearing was conducted via webcam. The hearing is timely. Prisoner was present. I confirmed the Review was completed within 24 hours and 24-hour notice was given to the prisoner. I read the Misconduct Report and reviewed the evidence with the prisoner. Prisoner was advised that at the conclusion of the hearing, he will be told the decision, sanction and dates if any, and when completed, the report will be submitted to the facility for delivery. The following Record was reviewed:
(1)    Misconduct Report (1 pg)
(2)    Hearing Investigation Report (1 pg)
(3)    Prisoner's Primary Method of Communication (1 pg)
(4)    Documentation of Effective Communication from HI (1 pg)
(5)    Email from Landfair (1 pg)
(6)    Phamatech Laboratories Report (1 pg)
(7)    Phamatech Chain of Custody Form (1 pg)  *** Continued on Page 2

### REASONS FOR FINDINGS

CONFIDENTIALITY:
Exhibit 8, Memo with Video Timeline; and Exhibit 9, Video Surveillance; is marked confidential for facility safety and security and to avoid disclosure of camera locations and capabilities.
EFFECTIVE COMMUNICATION:
Sgt. St. Charles included documentation on the Misconduct Report regarding the sergeant's contact with prisoner at the Review. According to Sgt. St. Charles, prisoner's primary method of communication was identified, prisoner's primary method of communication was used at the Review, and the sergeant determined the communication was effective. I find that the communication at prisoner's Review was effective, and that prisoner was able to fully participate. HI Austin submitted a memo regarding her contact with prisoner during their meeting. The documentation indicates the HI used prisoner's primary method of communication and confirmed the communication was effective. I find that the communication at prisoner's meeting with the HI was effective, and that prisoner was able to fully participate. At hearing, prisoner confirmed his primary method of communication.  ***Continued on Page 2

### PROPERTY DISPOSITION (for contraband see PD 04.07.112)

### FINDINGS

| Charge No. 1 | ☒ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | <u>039</u> |
|---|---|---|---|---|---|
| Charge No. 2 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | ____ |
| Charge No. 3 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | ____ |
| Charge No. 4 | ☐ Guilty | ☐ Not Guilty | ☐ Dismissed | Reporting Code | ____ |

### DISPOSITION (select one or more) (Toplock & LOP Sanctions End at 6:00 am)

| | Begins | Ends | | |
|---|---|---|---|---|
| ____ Days of Detention | | | ____ | Days Credit |
| ____ Days Top Lock | ____ | ____ | ____ | Hours Extra Duty |
| 30 Days Loss of Privileges | **05/19/2022** | **06/18/2022** | $ ____ | Restitution |

| Misconduct Hearing Report personally handed to Prisoner by Hearing Officer on this date: ____ (Check if Applies) ☐ | Hearing Report given to Staff Member by Hearing Officer for Delivery to Prisoner this date: <u>5/24/2022</u> (Check if Applies) ☒ |
|---|---|
| Date of Hearing 05/17/2022 | Name of Staff Member    **HI Austin - JCF** |

| Hearing Officer's Name | Hearing Officer's Signature | Date |
|---|---|---|
| 073 Sutherland | *ALG Sutherland* | 5/24/2022 |

DISTRIBUTION  ☐ Record Office  ☐ Central Office File  ☐ Prisoner  ☐ Counselor File  ☐ Hearing Investigator

MICHIGAN DEPARTMENT OF CORRECTIONS

CSJ-240D 12/90
4835-4243

**CLASS I MISCONDUCT**        **HEARING REPORT – Continuation Page No.**    **2**

(Type of Hearing)

| Prisoner Number | Prisoner Name | Institution | Violation/Notice Date |
|---|---|---|---|
| 266511 | Reyes | JCF | 4/16/2022 |

(Continued from Page One: Evidence/Statements):

(8)      Memo with Video Timeline (1 pg)

(9)      Video Surveillance

(10)     Offender Restriction Filter Report (1 pg)

Video shows Reyes using hand sanitizer at 4:23:20. Reyes is provided a collection cup at 4:23:33. Reyes returns the collection cup. The officer secures the lid immediately. Reyes's urine sample is on a desk. Reyes's urine sample is left undisturbed. The officer collects another urine sample from Emerson. Emerson is provided hand sanitizer at 4:24:14. Emerson is provided a clean collection cup of 4:25:30. Emerson urinates and returns the collection cup to the officer. The officer immediately secures the lid at 4:25:48. Emerson is provided hand sanitizer again. The officer places Emerson's urine sample on the desk, closest to the edge, at 4:26:33. The officer monitors both urine samples for the instant test results. The samples remain in the same positions. The officer begins paperwork. Reyes is called to the desk. Reyes signs the paperwork at 4:29:10. The officer transfers Reyes's urine sample into the lab container. The seals are applied at 4:30:05. Reyes's urine sample is bagged in sealed with the paperwork at 4:30:50. Emerson is called to the desk. The officer begins paperwork for Emerson at 4:32:10. Emerson signs the paperwork at 4:33:27. The officer transfers Emerson's urine sample into the lab container. The seals are applied at 4:34:26. Emerson's urine sample and paperwork are sealed inside the bag.

Prisoner entered a not guilty plea.

Prisoner is HID designated. Prisoner confirmed his primary method of communication is Voice without Hearing Aids. I asked prisoner if he could clearly hear and understand me. Prisoner stated, "Yes ma'am." Prisoner agreed to immediately interrupt if he does not clearly hear or understand something said.

I asked prisoner about the charge. Prisoner stated there were "two other samples" with prisoner's urine sample. According to prisoner, the collection cups were not labeled. Prisoner argued the urine was in properly transferred to another container. I asked prisoner if he used marijuana. Prisoner stated, "No ma'am." I summarized video surveillance for prisoner. I asked prisoner if he wished to respond to the video summary. Prisoner replied, "The O.P. says they can only pour into one cup." I asked prisoner if there was anything else that he believed I should know or that he wanted me to know. Prisoner replied, "No ma'am."

After advising prisoner of the decision, I asked prisoner if he clearly heard everything we discussed. Prisoner replied, "Yes ma'am."

(Continued from Page One: Reasons for Findings):

Prisoner also confirmed he could clearly hear and understand this ALJ. Additionally, Prisoner agreed to interrupt if there was something he did not clearly hear or understand. Prisoner's responses were appropriate to the questions directed to him. At the conclusion of the hearing, prisoner confirmed he clearly heard everything discussed. I find that the communication at this hearing was effective, and that prisoner was able to fully participate.

SUBSTANCE ABUSE:

Per MDOC PD 03.03.105, Attachment A, Substance Abuse includes unauthorized possession or use of marijuana. Prisoner tested positive for 131 ng/mL of marijuana metabolite. Prisoner denied using marijuana. I find prisoner's argument not credible. Prisoner argued his urine sample was confused with another. However, video surveillance confirmed prisoner's urine sample remained undisturbed until it was prepared for the lab. Additionally, video surveillance confirmed the correct urine sample was packaged with prisoner's paperwork. Video confirmed officer used hand sanitizer and that the officer immediately placed at the lid on prisoner's urine sample. I find there is insufficient evidence on this Record to conclude that the integrity of prisoner's urine sample was compromised. I find prisoner's test results are circumstantial evidence of use. I find that prisoner used a substance containing marijuana. Marijuana is not legitimately available to inmates. Prisoner did not allege he was authorized to use marijuana. I find that prisoner was not authorized to use marijuana. Unauthorized use of marijuana constitutes Substance Abuse. I find prisoner guilty of Substance Abuse. The charge is

| HEARING OFFICER'S NAME & CMIS CODE (Typed) | Copy of Hearing Report personally handed to Prisoner by Hearing Officer this date | (check if applies) ☐ |
|---|---|---|
| ALJ Sutherland 073 | | |
| HEARING OFFICER'S SIGNATURE | Copy of Hearing Report Given to Staff Member by Hearing Officer for Delivery to Prisoner this date 5/24/2022 | (check if applies) ☒ |
| s/ ALJ Sutherland | Date of Hearing 5/17/2022 | (Name & Clock No. of Staff Member) HI Austin - JCF |

DISTRIBUTION: White – Institution; Green – Central Office; Canary – Prisoner; Pink – Visitor/Counselor; Goldenrod – Hearing Investigator

EX: DDD

MICHIGAN DEPARTMENT OF CORRECTIONS
**PRISONER/PAROLEE GRIEVANCE FORM**

4835-4247 10/94
CSJ-247A

Date Received at Step I _____  Grievance Identifier: ☐☐☐☐☐☐☐☐☐☐☐☐

| Name (print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone L Reyes | 266511 | JCF | A-56 | 6-21-22 | 6-21-22 |

What attempt did you make to resolve this issue prior to writing this grievance? On what date?
If none, explain why.

I tried talking to Ofc. Keiser
about the importance of mailing legal
mail, he refused to call a P.C. or RUM
This is not a duplicate of 250 (Keiser) Denied "Access to Court"

State problem clearly. Use separate grievance form for each issue. Additional pages, using plain paper, may be used.
Four copies of each page and supporting documents must be submitted with this form. The grievance must be submitted
to the Grievance Coordinator in accordance with the time limits of OP 03.02.130.

At approx 2:20pm, I asked Ofc. Keiser to call
P.C. Crane or the RUM because I needed legalwork processed
on today's date, He refused, I grabbed some scrape paper
from the desk and wrote this down and the time,
He told me to put it down because we're on lock down.
I stated to him that this isn't a locked down, nor am
I on sanction, I told him I'll be filing paperwork.
Ofc. Keiser violated policy by denying me
"Access to Court", when he refused to call the P.C.
or RUM.

RE: Review video Footage from Tyrone L Reyes
approx 2:20PM to 5:00PM as evidence.
Grievant's Signature

RESPONSE (Grievant Interviewed? ☐ Yes ☒ No    If No, give explanation. If resolved, explain resolution.)

_____     _____     _____     _____
Respondent's Signature                        Date                    Reviewer's Signature                              Date

_____     _____     _____     _____
Respondent's Name (Print)          Working Title               Reviewer's Name (Print)                  Working Title

| Date Returned to Grievant: | If resolved at Step I, Grievant sign here. Resolution must be described above. | | |
|---|---|---|---|
| | | Grievant's Signature | Date |

DISTRIBUTION: White, Green, Canary, Pink — Process to Step One; Goldenrod — Grievant

Michigan Department of Corrections
GRIEVANCE REJECTION LETTER

DATE:     6/23/2022

TO:      REYES         266511          LOCATION:   JCF      A-56

FROM:    Grievance Coordinator:  Cobb

SUBJECT:   Receipt/Rejection/Denial for Step 1 Grievance

Your Step 1 grievance regarding   vague/illegible/extraneous information-
was received in this office on   6/23/2022     and was rejected due to the following reason:
Your grievance is being rejected and returned to you for one of the following reasons, which are
vague, illegible. Per PD 03.02.130.  Grievance is vague as to what the main issue is or who you are
grieving.  Grievances need to state who, what, when, where, why and how. You have provided no
information on any specific policy or procedure that has been violated or any unsatisfactory
condition of confinement.

Any future references to this grievance should utilize this identifier:

          JCF      /   2022  /  06 / 1243   / 28B

_____                    _____
Respondent            Date          Reviewer            Date

## G. Robert Cotton Correctional Facility

### *Step II Grievance Response*

**Grievant: Reyes # 266511**

**Grievance #:** JCF-2022-06-1243-28B

---

**I have reviewed the Step I grievance, Step I response along with the associated Step II reason for appeal.** The Step I grievance was rejected for the complaint being filed on a non-grievable issue.   At Step II you dispute the rejection.

**Grievance Rejected**
PD 03.02.130 "Prisoner/Parolee Grievances" defines what is grievable and non-grievable. The Step I grievance was rejected as vague/illegible/EXTRANEOUS INFORMATION. Per PD 03.02.130 Grievance is vague as to what the main issue is or who you are grieving. Grievances need to state who, what, when, where why and how.

The step I rejection has been reviewed by the Warden's office in accordance with P.D. 03.02.130 "Prisoner/Parolee Grievances" and the **REJECTION IS UPHELD AT STEP II**

**Noah Nagy, Warden**                                                                 07/11/2022
**Respondent's Name/Position**          Respondent's Signature          Date

MICHIGAN DEPARTMENT OF CORRECTIONS  4835-4248 5/09
**PRISONER/PAROLEE GRIEVANCE APPEAL FORM** CSJ-247B

Date Received by Grievance Coordinator _____ Grievance Identifier: | J | C | F | | 2 | 2 | 1 | 0 | 6 | | 1 | 1 | 2 | 4 | 3 | | 2 | 8 | B |
at Step II: **7-7-22**

**INSTRUCTIONS:** THIS FORM IS ONLY TO BE USED TO APPEAL A STEP I GRIEVANCE.
The white copy of the Prisoner/Parolee Grievance Form CSJ-247A (or the goldenrod copy if you have not been provided
with a Step I response in a timely manner) **MUST** be attached to the white copy of this form if you appeal it at both Step
II and Step III.

RECEIVED
AUG 1 0 2022
Office of Legal Affairs

If you should decide to appeal the Step I grievance response to Step II, your appeal should be directed to: _____
**GC** by **7-12-22**. If it is not submitted by this date, it will be considered terminated.

If you should decide to appeal the response you receive at Step II, you should send your Step III Appeal to the Director's
Office, P.O. Box 30003, Lansing, Michigan, 48909.

| Name (Print first, last) | Number | Institution | Lock Number | Date of Incident | Today's Date |
|---|---|---|---|---|---|
| Tyrone L. Reyes | 266511 | JCF | D-56 | 6-21-22 | 7-6-22 |

**STEP II — Reason for Appeal** Grievant is within the rules of policy when he
gave a date (6-21-22), time (approx. 2:20pm), name (Keiser) and
issue (Denying access to court) for not calling ARUS, P.C. or RUM for
legal mail. This grievance was illegally rejected for being vague
and not providing information on any specific policy or procedure
that has been violated. I request this office to go over the evidence and
rule accordingly.

**STEP II — Response**

*See Attached*

| Date Received by Step II Respondent: |
|---|
| 7/8/2022 |

_NOAH NAGY_ _____ _07/4/2022_
Respondent's Name (Print)   Respondent's Signature   Date

| Date Returned to Grievant: |
|---|
| 7-12-22 |

**STEP III — Reason for Appeal** Grievance process at JCF shows a
pattern of staff corruption. I did not received my
step II response back until 8-4-22. I was told it
went to D-Unit and it was a mistake. since I'm in
A-unit I followed PD 03.02.130, therefore this grievance is
is legit.

**NOTE: Only a copy of this appeal and the response will be returned to you.**

**STEP III —** Director's Response is attached as a separate sheet.

DISTRIBUTION: White – Process to Step III; Green, Canary, Pink – Process to Step II; Goldenrod – Grievant



### STATE OF MICHIGAN

GRETCHEN WHITMER
GOVERNOR

### DEPARTMENT OF CORRECTION,
### LANSING

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

Rec #:   137001

28B

*A56*



**Grievance Identifier:**   JCF-22-06-1243-28B

**Step III Received:**   8/10/2022

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.

AUG **2 3** 2022

**Richard D. Russell, Manager Grievance
Section, Office of Legal Affairs**

CC: Warden, Current Facility:   *JCF*
      Warden,  Grieved Facility: