UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE L. REYES,

        Plaintiff,

v.

    Case No.: 24-cv-11243
    U.S. DISTRICT COURT JUDGE
    GERSHWIN A. DRAIN

SIRENA LANDFAIR, *et al.*,

        Defendants.

_____/

## **OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

### I.    **INTRODUCTION**

Plaintiff Tyrone Reyes is currently incarcerated at the Thumb Correctional Facility ("JCF") in Lapeer, Michigan. Proceeding *in forma pauperis*, he has filed a *pro se* complaint against nineteen Michigan Department of Corrections officials in their individual and official capacities. His complaint is presently before the Court for screening pursuant to the Prison Litigation Reform Act. For the reasons that follow, the Court summarily dismisses Plaintiff's complaint except for his First Amendment retaliation claim against Defendants Unknown Fridd and Unknown Poupard in their individual capacities, and his Americans with Disabilities claim against Defendant Unknown Fridd in his official capacity.

## II. BACKGROUND

Plaintiff's claims can be grouped into eight sets, with each set of claims arising from separate incidents. The first set of claims stem from incidents that allegedly occurred between August and October 2020, while Plaintiff was working in JCF's food unit. During a shift on August 13, 2020, Plaintiff claims he informed Defendants Unknown Hirth and Unknown Graves that he was not feeling well. *Id.* at PageID.4-5. Defendants Hirth and Graves allegedly expressed disregard for Plaintiff's condition and instructed Plaintiff to continue working. *Id.* at PageID.5. Plaintiff subsequently filed a grievance, which he claims triggered various forms of retaliatory conduct from Defendants Hirth, Graves, and Amy Coffelt. *See id.* at PageID.5-6.

Plaintiff allegedly called in sick for another shift on October 11, 2020, and in response to his absence, Defendant Graves directed a prison officer to issue Plaintiff an out of place misconduct. *Id.* at PageID.6-7. On October 13, 2020, Plaintiff claims he was issued an out of place misconduct by Defendant Graves in retaliation for the grievances Plaintiff had filed against her. *Id.* at PageID.7. In connection to these incidents, the Court construes Plaintiff's complaint as raising the following causes of action under 42 U.S.C. § 1983: (1) a First Amendment retaliation claim against Defendants Coffelt, Hirth, and Graves; and (2) an Eighth Amendment deliberate indifference claim against Defendants Hirth and Graves. *Id.* at PageID.17.

The second set of claims arise from incidents that allegedly occurred in November 2021. On November 2, 2021, Plaintiff asserts that he was issued an out of place misconduct by Defendant Unknown Fridd because he failed to appear for a prison headcount. *Id.* at PageID.7. Plaintiff allegedly informed Defendant Fridd that he did not appear because he is hard of hearing and his unit lacks a notification light to alert him when it is time for headcount. *Id.* The next day, Plaintiff claims he asked Defendant Fridd to submit a maintenance request for the installation of a notification light, to which Defendant Fridd responded, "maybe you should listen more and you won't be receiving tickets for coming out during count." *Id.* at PageID.8.

Plaintiff appealed the out of place misconduct and prevailed on November 17, 2021. *Id.* at PageID.7-8. A few days later, Plaintiff allegedly overheard Defendant Fridd tell Defendant Unknown Poupard that he was "going to make Reyes pay for writing [him] up and beating a misconduct he knows he's guilty of." *Id.* at PageID.8. That same day, Plaintiff posits, Defendants Fridd and Poupard planted a weapon in his cell. *Id.* at PageID.8-9. Plaintiff subsequently received a possession of a weapon misconduct. *Id.* at PageID.10. Defendant Unknown Sutherland adjudicated the misconduct and found Plaintiff guilty, allegedly "abusing his authority" by reasoning that "it is not credible to believe that Officer Poupard[] would agree to set up an inmate he had no issue with." *Id.* at PageID.10-11.

In connection to these incidents, the Court construes Plaintiff's complaint as

alleging the following causes of action: (1) a § 1983 First Amendment retaliation claim against Defendants Fridd and Poupard; (2) a § 1983 Fourteenth Amendment due process claim against Defendant Sutherland; (3) a § 1983 Eighth Amendment deliberate indifference claim against Defendant Fridd; (4) a 42 U.S.C. § 1985(3) civil conspiracy claim against Defendants Fridd and Poupard; and (5) an Americans with Disabilities ("ADA") claim against Defendant Fridd. *Id.* at PageID.17-18.

The third set of claims stem from incidents that allegedly occurred in April 2022. On April 9, 2022, Plaintiff received an insolence misconduct. *Id.* at PageID.11. Plaintiff claims Defendant Unknown Charles added a sexual misconduct charge to this misconduct in retaliation "for all the issues [Plaintiff] has complained about over the years." *Id.* Defendant Sutherland adjudicated the misconduct on April 19, 2022. *Id.* The Court construes Plaintiff's complaint as raising the following § 1983 claims in connection to these incidents: (1) a § 1983 Fourteenth Amendment due process claim against Defendants Charles and Sutherland; and (2) a § 1983 First Amendment retaliation claim against Defendant Charles. *Id.* at PageID.18.

The fourth set of claims arise from a substance abuse misconduct Plaintiff received in May 2022. *Id.* at PageID.11. Defendant Sutherland found Plaintiff guilty of the misconduct on May 17, 2022. *Id.* Plaintiff's complaint alleges a § 1983 Fourteenth Amendment due process claim against Defendant Sutherland in connection to this misconduct. *Id.* at PageID.18.

4

The fifth set of claims stem from incidents that allegedly occurred in June 2022. Plaintiff asserts that he attempted to file motions for judicial review of two misconducts, and Defendants Keiser, Mosley, and Crowley prevented him from doing so. *Id.* at PageID.11-13. The Court construes Plaintiff's complaint as raising the following causes of action against Defendant Keiser in connection to these incidents: (1) a § 1983 access to courts claim; and (2) a § 1983 First Amendment retaliation claim. *Id.* at PageID.17. Despite naming them as Defendants, Plaintiff's complaint does not assert any claims against Mosley and Crowley.

The sixth set of claims arise from incidents that allegedly took place between October 2022 and July 2023. During this time, Plaintiff posits, he required medical treatment for injuries to his ankle and shoulder. *Id.* at PageID.13-15. Defendants Landfair, Hollister, Salazar, Florek, and Jamsen allegedly denied and delayed his medical treatment. *Id.* Plaintiff also claims Defendants Florek and Hollister falsified medical documents. *Id.* at PageID.16. The Court construes Plaintiff's complaint as alleging the following causes of action in connection to these incidents: (1) a § 1983 Eighth Amendment deliberate indifference claim against Defendants Landfair, Salazar, and Jamsen, and (2) a § 1983 Fourteenth Amendment due process claim against Defendants Hollister and Florek. *Id.* at PageID.16-17.

The seventh set of claims relate to a substance abuse misconduct Plaintiff received, which was adjudicated on January 17, 2023. *Id.* at PageID.14. Plaintiff

5

claims Defendant Unknown Holzschu falsified a state document relating to the misconduct and alleges a § 1983 Fourteenth Amendment due process claim against him. *Id.* at PageID.14, 17.

The eighth and final set of claims relate to Defendant Cobb's alleged rejection of Plaintiff's "valid grievances" from November 2021 to July 2023. *See id.* at PageID.7-16. The Court construes Plaintiff's complaint as bringing the following causes of action against Defendant Cobb: (1) a § 1983 Eighth Amendment deliberate indifference claim; (2) a § 1983 Fourteenth Amendment due process claim; and (3) a § 1985(3) civil conspiracy claim. *Id.* at PageID.18.

### III.  LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), a district court must *sua sponte* dismiss an *in forma pauperis* complaint or portions thereof if the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated

6

differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

IV. **ANALYSIS**

   **A. Plaintiff's First Set of Claims**

First, the Court finds that Plaintiff's first set of claims are time-barred. The statute of limitations for § 1983 claims in Michigan is three years.[1] This statute of limitations begins to run when the cause of action accrues, which is "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). The Sixth Circuit instructs courts to determine the accrual of a § 1983 action by "look[ing] to the event that should have alerted the typical lay person to protect his or her rights." *Id.* (citing *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)).

---

[1] While § 1983 does not itself provide a statute of limitations, "the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury in the forum state." *Dixon v. Mich. Dep't of Corrs.*, No. 23-12667, 2024 WL 186074, at *3 (E.D. Mich. Jan. 16, 2024) (citing *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)). In Michigan, the statute of limitations for personal injury claims is three years. *Id.*

Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Hirth and Graves accrued on August 13, 2020—the date these Defendants allegedly expressed disregard for Plaintiff's illness—and thus the statute of limitations on this claim expired on August 13, 2023. Plaintiff's First Amendment retaliation claim against Defendants Coffelt, Hirth, and Graves accrued as late as October 13, 2020, the date the final alleged retaliatory act resulting from his workplace grievance took place. As such, the statute of limitations on this claim expired as of October 13, 2023. Because Plaintiff raised these claims for the first time in his May 10, 2024 complaint, they were brought outside of the statute of limitations and are thus time-barred. Therefore, Plaintiff's first set of claims are dismissed with prejudice.

### B. Plaintiff's Second Set of Claims

i. Plaintiff's § 1983 and § 1985 Claims Against Defendants Fridd, Poupard, and Sutherland in Their Official Capacities

Turning to Plaintiff's second set of claims, Plaintiff's § 1983 claims against Defendants Fridd, Poupard, and Sutherland in their official capacities, as well as his § 1985(3) claim against Defendants Fridd and Poupard in their official capacities, are barred by the Eleventh Amendment. The Eleventh Amendment prohibits private individuals from suing a state or its agencies, departments, or officials unless the state has consented to suit or Congress has abrogated the state's immunity. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66, 71 (1989). This prohibition extends to

8

suits for injunctive, declaratory, and monetary relief. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).

Here, the State of Michigan has not consented to suit in civil rights actions in the federal courts, nor did Congress abrogate the State's immunity under the Eleventh Amendment when it enacted § 1983 and § 1985. *See Ferritto v. Ohio Dep't of Highway Safety*, 928 F.2d 404 (table), 1991 WL 37824, at *2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."). Accordingly, because Defendants Fridd, Poupard, and Sutherland are state prison officials, they are immune from § 1983 and § 1985 claims brought against them in their official capacities. Therefore, the Court dismisses these claims with prejudice.

> ii. Plaintiff's § 1983 First Amendment Retaliation Claim Against Defendants Fridd and Poupard in Their Individual Capacities

Next, Plaintiff claims Defendants Fridd and Poupard retaliated against him in violation of the First Amendment. A First Amendment retaliation claim consists of three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). With respect to the first element, the Sixth Circuit has

9

recognized that a prisoner has the First Amendment right "to petition the state for redress of grievances." *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996). As for the second element, an adverse action "is one that is '*capable* of deterring a person of ordinary firmness' from exercising the constitutional right in question." *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010) (citation omitted) (emphasis in original). "[U]nless the claimed retaliatory action is truly inconsequential, the plaintiff's claim should go to the jury." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002) (citation and internal quotation marks omitted).

Here, the Court finds that Plaintiff's complaint states a colorable First Amendment retaliation claim against Defendants Fridd and Poupard in their individual capacities. First, by appealing a misconduct, Plaintiff, in effect, petitioned the state for redress of a grievance. Second, Plaintiff claims Defendants Fridd and Poupard planted a weapon in his cell in retaliation for Plaintiff's appeal, which the Court finds is capable of deterring a person of ordinary firmness from petitioning the state for redress of a grievance. Lastly, as evidenced by Plaintiff overhearing Defendant Fridd tell Defendant Poupard that he was "going to make Reyes pay for writing [him] up and beating a misconduct he knows he's guilty of," the adverse action was motivated by Plaintiff's appeal. Thus, at this stage in the proceedings, this claim may proceed.

10

      iii.  <u>Plaintiff's § 1983 Due Process Claim Against Defendant Sutherland in His Individual Capacity</u>

Plaintiff claims Defendant Sutherland, a Michigan prison hearing officer, violated his Fourteenth Amendment due process rights in adjudicating Plaintiff's weapon possession misconduct by reasoning that "it is not credible to believe that Officer Poupard[] would agree to set up an inmate he had no issue with." ECF No. 1, PageID.10-11. Michigan prison hearing officers are "entitled to 'absolute immunity from liability with respect to their judicial acts.'" *Reynolds-Bey v. Harris*, 428 F. App'x 493, 498 (6th Cir. 2011) (quoting *Shelly v. Johnson*, 849 F.2d 228, 229-30 (6th Cir. 1988)). A prison hearing officer's judicial acts include presiding over a hearing, authoring a hearing report, and deciding a prisoner misconduct. *Id.* This immunity can be overcome in only two narrow circumstances: (1) the hearing officer's action was "nonjudicial," meaning it was not taken in his or her "judicial capacity," or (2) the hearing officer's action, though judicial in nature, was "taken in the complete absence of all jurisdiction." *Id.* (quoting *Mireles*, 502 U.S. at 11-12).

Here, Defendant Sutherland is entitled to absolute immunity from this claim. Credibility determinations are a fundamental aspect of a prison hearing officer's role in adjudicating prisoner misconducts. Plaintiff's complaint does not otherwise allege facts demonstrating that Defendant Sutherland acted outside of the scope of his judicial authority or acted without jurisdiction. Therefore, the Court dismisses this claim with prejudice.

11

    iv. <u>Plaintiff's § 1983 Deliberate Indifference Claim Against Defendant Fridd in His Individual Capacity</u>

Next, Plaintiff brings an Eighth Amendment deliberate indifference claim against Defendant Fridd based on his alleged disregard for Plaintiff's hearing impairment. "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference inquiry "has two components, one objective and one subjective." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). "A plaintiff satisfies the objective component by alleging that the prisoner had a medical need that was 'sufficiently serious.'" *Id.* (quoting *Farmer*, 511 U.S. at 834). In determining whether a prisoner's medical need was "sufficiently serious," courts consider the following factors: (1) "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (2) the presence of a medical condition that significantly affects an individual's daily activities"; and (3) "the existence of chronic and substantial pain." *Harrell v. Grainger Cnty.*, 391 F. App'x 519, 523 (6th Cir. 2010) (citation omitted). "Not every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Id.* (internal quotations and citations omitted). To satisfy the subjective component, a plaintiff must demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

12

Here, Plaintiff's complaint fails to allege facts demonstrating that he had a "sufficiently serious" medical need. He merely claims he is hard of hearing, and that this condition impeded his ability to appear for a prison headcount. Therefore, Plaintiff fails to state a deliberate indifference claim against Defendant Fridd. The Court dismisses this claim with prejudice.

> v. Plaintiff's 42 U.S.C. § 1985(3) Conspiracy Claim Against Defendants Fridd and Poupard in their Individual Capacities

Plaintiff brings a 42 U.S.C. § 1985(3) civil conspiracy claim against Defendants Fridd and Poupard. "[I]n order to state a cause of action under § 1985(3), 'there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Carter v. Mich. Dep't of Corrs.*, No. 12-cv-12621, 2013 WL 5291567, at *23 (E.D. Mich. Sept. 19, 2013) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). Here, Plaintiff does not allege that he is a member of any particular class, nor does he claim Defendants Fridd and Poupard's "conspiracy" was motivated by a class-based discriminatory animus. Therefore, Plaintiff fails to state a colorable § 1985(3) conspiracy claim against Defendants Fridd and Poupard. The Court dismisses this claim with prejudice.

> vi. Plaintiff's ADA Claim Against Defendant Fridd

Lastly, Plaintiff brings an ADA claim against Defendant Fridd. Title II of the ADA provides that no qualified individual with a disability shall, because of that

disability, "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) (citing 42 U.S.C. § 12132). It applies to both federal and state prisons. *Id.* (citing *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998)).

To establish a prima facie case under the ADA for failure to accommodate a disability, a plaintiff must demonstrate that: (1) he is disabled within the meaning of the ADA; (2) he is otherwise qualified for the service, program, or activity, with or without reasonable accommodation; (3) the defendant knew or had reason to know of his disability; (4) the plaintiff requested an accommodation; and (5) the defendant failed to provide the necessary accommodation. *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 603 (6th Cir. 2018). With respect to the first element, a person is disabled under the ADA if he has a "physical or mental impairment that substantially limits one or more major life activities," and major life activities include hearing. 42 U.S.C. § 12102. As for the second element, the phrase "services programs, or activities" "encompasses virtually everything that a public entity does." *Turner v. Mich. Dep't of Corrs.*, No. 22-1562, 2023 WL 2755655, at *4 (6th Cir. Apr. 3, 2023) (quoting *Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir. 1998)).

Here, Plaintiff's ADA claim against Defendant Fridd in his individual

14

capacity must be dismissed with prejudice. As the Sixth Circuit has recognized, "Title II of the ADA does not provide for individual capacity suits against state officials." *Moore v. Chavez*, 36 F. App'x 169, 171 (6th Cir. 2002). Instead, "the proper defendant under a Title II claim is the public entity or an official acting in his official capacity." *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009).

The Court finds that Plaintiff has stated a plausible ADA claim against Defendant Fridd in his official capacity. First, Plaintiff is disabled within the meaning of the ADA because he is hard of hearing. Second, as an inmate, he was "otherwise qualified" for participation in prison headcounts. Third, Defendant Fridd knew or had reason to know of Plaintiff's disability because Plaintiff told him that he is hard of hearing. Fourth, by asking Defendant Fridd to submit a maintenance request regarding the installation of a notification light, Plaintiff requested an accommodation. Fifth, the notification light was not installed. Therefore, at this stage in the proceedings, Plaintiff's ADA claim against Defendant Fridd in his official capacity may proceed.

### C. Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, and Eighth Set of Claims

Lastly, the Court finds that the Defendants involved solely in the third, fourth, fifth, sixth, seventh, and eighth sets of claims—Defendants Charles, Holzschu, Keiser, Florek, Jamsen, Salazar, Hollister, and Landfair—must be dismissed from the present action on the basis of improper joinder. Under Rule 20(a)(2) of the

Federal Rules of Civil Procedure, a plaintiff may join multiple defendants in a single action only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Courts consider various factors in determining whether civil rights claims arise from the same transaction or occurrence, including "the time period during which the alleged acts occurred, whether the acts are related, whether more than one act is alleged, whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009) (cleaned up) (citations omitted). A district court has two options when a plaintiff misjoins defendants: (1) "drop" the misjoined parties from the case "on just terms," or (2) sever the claims against the misjoined parties into separate lawsuits. Fed. R. Civ. P. 21.

      Furthermore, this Court has recognized that a "plaintiff's attempt to join together a number of unrelated claims and defendants into one action would thwart the purpose of the [PLRA], which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts." *Green v. Callahan*, 2:14-cv-11453, 2014 WL 1652335, at *2 (E.D. Mich. Apr. 23, 2024) (citing *Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004)). The PLRA contains a "three-strikes"

16

provision "requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied." *Id.* (citing 28 U.S.C. § 1915(g)). This provision reflects "an attempt by Congress to curb frivolous prisoner litigation." *Id.* (citing *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998)).

Here, the Court finds that each of Plaintiff's set of claims arises from separate transactions or occurrences. They each involve distinct, unrelated incidents that are separated by at least several months and involve different defendants. Accordingly, the Defendants involved in the third, fourth, fifth, sixth, seventh, and eighth set of claims—Defendants Landfair, Stricklin, Hollister, Salazar, Florek, Jamsen, Keiser, Cobb, Holzschu, and Charles—are misjoined parties. To honor the purpose of the PLRA, the Court dismisses these Defendants from the present action without prejudice. If Plaintiff wishes to proceed with his claims against these Defendants, he may do so by filing new civil actions. Plaintiff has at least until April 2025 to refile these claims without running afoul of § 1983's and § 1985's statute of limitations.[2]

Lastly, while Plaintiff's complaint names White, Crowley, and Mosley as

---

[2] The statute of limitations for § 1985(3) civil conspiracy claims is three years. *Kyles v. Cnty. of Oakland*, 725 F. Supp. 3d 692, 705 (E.D. Mich. 2024). Of the claims the Court is dismissing due to improper joinder, Plaintiff's third set of claims are closest to exceeding the statute of limitations. The statute of limitations for these claims will expire in April 2025, three years after the incidents giving rise to these causes of action occurred.

defendants, Plaintiff does not assert any claims against them. As such, they too are dismissed without prejudice from the present action.

## V. CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is SUMMARILY DISMISSED IN PART. Specifically, the Court dismisses all of Plaintiff's claims except for his First Amendment retaliation claim against Defendants Fridd and Poupard in their individual capacities, and his ADA claim against Defendant Fridd in his official capacity.

SO ORDERED.

Dated: February 5, 2025

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon parties and/or attorneys of record on February 5, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager