UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE L. REYES,                                Case No. 24-11243
                         Plaintiff,

v.                                              Gershwin A. Drain
                                                United States District Judge

TIMOTHY FRIDD and JASON
POUPARD,                                        Curtis Ivy, Jr.
                         Defendants.            United States Magistrate Judge
_____/

### ORDER ON MOTIONS (ECF Nos. 31, 32) AND DIRECTING PLAINTIFF TO FILE A PROPERLY SIGNED COMPLAINT

Pending before the Court are Defendants Timothy Fridd and Jason Poupard's *Motion to Strike Duplicate Complaint* (ECF No. 31) and Plaintiff's *Motion for Default Judgment* (ECF No. 32)

Following the stay for mediation being lifted, the Court ordered Defendants to file a responsive pleading to Plaintiff's Complaint. (ECF No. 23). On September 4, 2025, Counsel for Defendants objected to that order and notified the Court that Plaintiff did not sign his Complaint, instead a purported power of attorney signed the Complaint on Plaintiff's behalf, and move to stay the Court's order for a responsive pleading because Plaintiff's Complaint is invalid. (ECF Nos. 24–25) (collecting cases).

On September 25, 2025, Plaintiff moved to "correct[] the record" and requested that the Court accept a "duplicate copy of plaintiff['s] signed complaint

form that was previously signed by Plaintiff['s] Power of Attorney Marjorie Toins." (ECF No. 27).  On September 29, 2025, Plaintiff filed a document that appears to be just a signature block that he signed that perhaps was meant to be read with the complaint.  (ECF No. 28).

In an October 6, 2025, Order, the Court granted Defendants' motion to stay their deadline to file a responsive pleading and Plaintiff's motion to correct the record.  (ECF No. 29).  The Court explicitly stated that "Plaintiff must file a copy of his original complaint bearing his signature.  This copy must be of the entire complaint, not just the signature at the end." (*Id.*).  Rather than complying with the Order, Plaintiff's simply refiled exactly the same Complaint, still bearing the signature of Marjorie Toins.  (ECF No. 30).

As a result, Defendants moved to strike Plaintiff's Complaint asserting that the duplicate complaint is still invalid and fails to comply with the Federal Rules of Civil Procedure, and because Plaintiff failed to comply with the Court's order. (ECF No. 31).  Plaintiff responded that he complied with the Court's order by "sending a Proof of Service and signed signature page downloaded from its JPAY machine and mailed to his mother, who had his only remaining copy of his certified civil complaint." (ECF No. 33).  Plaintiff states that his mother then submitted a complaint with his signature on it within the fourteen days ordered by

the Court.  (*Id.*).  Plaintiff, in turn, moved for default judgment because Defendants failed to respond to his Complaint.  (ECF No. 32).

Plaintiff is mistaken.  The October 2025 Complaint does not contain his signature as required by the Court's October 2025 Order.  Rather, exactly the same complaint that was filed on May 10, 2024, was submitted again with a few additional pages of documents.  (*Compare* ECF No. 1, *with* ECF No. 30).  While it does appear Plaintiff attached a handwritten and hand-signed Proof of Service with his new Complaint, as Defendants correctly argue, a signed proof of service is not a valid signature page for a complaint.  (ECF No. 30-1, PageID.401; ECF No 34, PageID.418).  To the extent that Plaintiff intended his September 29, 2025, document entitled "Certification and Closing" to be his signature page for his Amended Complaint, this too is improper.  As the Court already instructed Plaintiff, he "must file a copy of his original complaint bearing his signature" and the "copy must be of the entire complaint, not just the signature at the end."  To be clear, **Plaintiff is responsible for signing ALL filings with the Court** as his mother is not an attorney and cannot represent him before this Court.  *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's name—or, by a party personally if the party is unrepresented.").

3

As Plaintiff has failed to comply with the Court's Order, his October 2025 Complaint (ECF No. 30) shall be stricken from the record.  Even so, he will be provided with one more attempt to submit a complaint properly signed by himself and not his purported power of attorney.  **Plaintiff is cautioned that failure to timely or adequately respond to this Order could result in a recommendation that Plaintiff's case be dismissed for lack of jurisdiction and/or for failure to prosecute under Federal Rule of Civil Procedure 41(b)**.

Accordingly, it is **ORDERED** that Defendants' *Motion to Strike Duplicate Complaint* (ECF No. 31) is **GRANTED** and Plaintiff's Amended Complaint (ECF No. 30) is **STRICKEN** from the record.  It is further **ORDERED** that Plaintiff's *Motion for Default Judgment* (ECF No. 32) is **DENIED**.  **Within 14 days** of the date of this Order, Plaintiff must file a copy of his original complaint bearing his signature.  So that there is no confusion, the Court will not look beyond the complaint at other filings, Plaintiff must sign the signature page located on the last page of the complaint where it was previously signed by his purported power of attorney.  If Plaintiff properly signs the complaint, Defendants must file a response to the properly signed complaint within 21 days of service.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: April 9, 2026

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 9, 2026, by electronic means and/or ordinary mail.

s/Sara Krause
Case Manager
(810) 341-7850